UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| Lewis Vincent Hughes, *sui juris* )<br><br>Dean Arlo Arp, *sui juris* )<br><br>Appellants )<br><br>v. )<br><br>WILLIAM RAYMOND )<br><br>HINESLY, )<br><br>William Raymond Hinesly, )<br><br>individual & severally; )<br><br>WEI YANG, Wei Yang, )<br><br>individually and severally; )<br><br>DARIN SILVA, Darin Silva, )<br><br>individually and severally; )<br><br>BETTER PROPERTIES NW; )<br><br>JOHN SCHLANBUSCH, )<br><br>John Schlanbusch, )<br> | **9th Cir. Case No. 16-35193**<br><br>**district court of the United States for the western district of Washington**<br>**Case No.: 2:16-cv-00005**<br><br>**APPELLANTS' INFORMAL BRIEF** |

| | |
|---|---|
| individually and severally; | ) |
| JOHN S REALTY, | ) |
| FIDELITY NATIONAL TITLE | ) |
| COMPANY, | ) |
| BANK OF AMERICA, N.A., | ) |
| MTC FINANACIAL INC. | ) |
| dba TRUSTEE CORPS, | ) |
| WELLS FARGO BANK, N.A., | ) |
| John and Jane Doe 1-100, | ) |
| Appellees | ) |
| | ) |

## APPELLANTS' INFORMAL BRIEF

**1.    Jurisdiction**

  a.  Timeliness of Appeal:

   i.    Date of entry of judgment or order of originating court:

      February 11, 2016.

   ii.   Date of service of any motion made after judgment (other than for fees and costs:    None

   iii.  Date of entry of order deciding motion:      Not applicable

iv.   Date of notice of appeal filed:   March 8, 2016

## 2.    Facts of the Case

Appellants filed a Complaint for (1) Libel of Review, (2) Injunctive Relief, (3) Declaratory Judgment, (4) Quiet Title, and (5) Tort, in the *district court of the United States for the western district of Washingon* on January 4, 2016, said filing being made at the U.S. Courthouse in Tacoma, Washington.  The receiving deputy clerk was made aware of the fact that the Complaint was to be filed into the district court of the United States for the western district of Washingon and was NOT to be filed into the UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON.  The deputy clerk noted that fact, accepted the filing, and then the deputy clerk called the Seattle courthouse and obtained a case number.  A filing fee was tendered to said deputy clerk.  Appellants were very specific about what court this case was to be filed into and to be heard in.  The court deputy clerk did not object to said filing and no one said that the filing could not be made into the specified court.

On January 22, 2016, a UNITED STATES DISTRICT COURT, Judge Ricardo S. Martinez, issued an alleged "Order to Show Cause" from the UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE, a different court than the specified at time of filing.  The alleged order is a trespass on the Appellants' case and additionally the alleged order bears no seal of the court on the order, which is required for any order to be valid and enforceable, as required by Act of Congress in Public Law 773, 62 Stat 945.  The trespass on the Appellants' case is allowing the civil rights of the Appellants to be violated.  Appellants returned the alleged "Order to Show Cause" to the clerk marked "Refused for Cause, see Praecipe to Clerk".  A

copy of said praecipe is annexed hereto as ANNEX A and is incorporated herein. The praecipe demanded that the clerk show by what rule, order, or authority the Complaint had apparently been removed from the chosen forum and placed into the court originating the order. The clerk never complied with the praecipe, and subsequently Judge Martinez issued an "Order of Dismissal" on February 11, 2016, and ordered the case closed. Again, there is no seal of the court on his order. Appellants subsequently filed a Notice of Appeal and tendered the fee for instant appeal.

In 1905, Congress divided the judicial district of Washington, the state, into two districts and thereby created the district court of the United States for the western district of Washingon. This act of Congress is 33 Stat 824, which came into law effective March 2, 1905, also known as Public Law 58-125, a copy of which is annexed hereto as ANNEX B and is fully incorporated herein. Appellants can find no act of Congress which abolished the district court of the United States for the western district of Washingon and are with the belief that none exists.

Then in 1911, Congress revised the Judiciary Act regarding the courts of this nation, but did not make any change to the district court of the United States for the western district of Washingon other than to add an additional judge. This act of Congress is 36 Stat 1087, which came into law effective March 3, 1911, also known as Public Law 61-475, a copy of which is annexed hereto as ANNEX C and is fully incorporated herein.

Then in 1916, Congress accepted the cession of the lands of Mount Rainier National Park from the State of Washington. This act of Congress is 39 Stat 243, Chp. 197 which came into law effective June 30, 1916, also known as Public Law 64-124, a copy of which is annexed hereto as ANNEX D and is fully incorporated

herein.  The reason this is significant to this case is, in Sec. 2, Congress names the district court of the United States for the western district of Washingon but in addition, the same Act in Sec. 6 it names the United States District Court for the Western District of Washington.  Appellants have reviewed the acts of Congress relating to district courts beginning with the year 1889 to present, and have found no Act of Congress that abolished the district court of the United States for the western district of Washingon.  Further, Appellants have found that Congress has been very inconsistent with the way that it refers to the district courts in various acts.  In some places it is the district court of the United States and in other places the same court is referred to as the United States district court or in other places the United States District Court.  Appellants allege that which ever way Congress chose to express the name of a district court, that the district court of the United States for the western district of Washingon is an Article III court with full judicial power.  Appellants allege that their complaint was filed into the Article III district court which was created by Act of Congress March 2, 1905 under Public Law 58-125.

At some point in time, the UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON came into being.  So far, Appellants have found no act of Congress creating this court, and are with the belief that none exists.  Further, Appellants have records from the Internal Revenue Service, Dunn & Bradstreet, and from the Secretary of State for the State of Delaware, all of which declare that the UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON is a private, for profit business corporation operating under FEIN 91-6211575.  Federal Law requires every for profit business operation to have a Federal Employer's Identification Number, "FEIN".  Appellants further allege that Congress has no power or

authority to confer judicial capacity upon a private, for profit business corporation and has never done so.  And, at this time the UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON operates by consent and force of arms in usurpation of legitimate judicial powers.  Appellants declare that the Appellants have not consented and are not consenting and will not consent to any action before the UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON.

Appellants declare that the Appellants are NOT insolvent.
Appellants declare that the Appellants do NOT consent to be administered under the bankruptcy of the United States.
Appellants declare that the Appellants have declared in publicly recorded documents and records that the Appellants are NOT 14th Amendment United States citizens but instead are in fact State Citizens, as members of the body politic, of the State of Washington which was created by the People in 1878, with full standing and capacity to demand that their rights be upheld by the Article III court created by Act of Congress.
Appellants declare that the Appellants hold all of the unalienable rights set forth in the founding documents of this Nation.

## 3.    What did you ask the originating court to do?

Appellants filed a Complaint for (1) Libel of Review, (2) Injunctive Relief, (3) Declaratory Judgment, (4) Quiet Title, and (5) Tort.  What Appellants asked for the originating court to decide is moot, as the only issue on appeal is the wrongful dismissal of the case by a trespassing court.

## 4.    State the claim or claims you raised at the originating court.

The claims raised by the Appellants are not the issue here. The issue is the wrongful dismissal of the case by a trespassing court.

**5.** **What issues are you raising on appeal? What do you think the originating court did wrong?**

The only issue being raised on appeal is the wrongful dismissal of the case. The originating court did nothing wrong. The wrong was done by a court which is trespassing on the case, namely the UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE.

**6.** **Did you present all issues listed in #5 to the originating court.**

No. Not applicable.

**7.** **What law supports these issues on appeal?**

The laws supporting the issues on appeal are part of section #2, the facts of the case.

**8.** **Do you have any other cases pending in this court?**

No.

**9.** **Do you have any previous cases which have been decided by this court?**

None.

**10.** **For prisoners .....**

Not applicable.

# __Conclusion__

Wherefore, for the reasons, causes, and facts set out in Section 2, "Facts of the Case", Appellants motion this honorable court to re-open the case and to declare that it is open in the United States for the western district of Washingon created by Act of Congress on March 2, 1905, under Public Law 58-125.

Appellants, further, motion this honorable court to declare on the record all the facts showing when the UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON was created, who created it, what authority was bestowed upon it and from where that authority originated; and to show an act of Congress that allows a private, for profit business corporation to hold judicial power of any kind. Should this honorable court refuse to declare the facts demanded under this motion, then this court shall admit that said court holds no judicial power and operates only by consent, contract, any by force of arms and has usurped the lawful authority of the court created for the People of this Nation to obtain justice under the law.

Entered this 8th day of June, 2016.

Respectfully submitted by:

 /s/ Lewis Vincent Hughes

 /s/ Dean Arlo Arp

Mailing address for Appellants:

P.O. Box 906

Preston, WA  98050-9801

# ANNEX A

# In the district court of the United States
## for the western district of Washington

| | |
|---|---|
| Lewis Vincent Hughes, | **In Law** |
| *in propria persona* | |
| 15923 SE 369th Street | **Case No. 2:16-CV-00005-JCC** |
| Auburn, Washington [98092], | |
| Tax Parcel ID 665250-0040 and | **Praecipe to Clerk of Court** |
| 665250-0030 | |
| Dean A. Arp, | Re: Unalienable rights in the original estate- |
| *in propria persona* | Article III; Constitution for the United States of America |
| Plaintiff | |
| v. | **Trial by Jury Demanded** |
| WILLIAM RAYMOND HINESLY, | |
| William Raymond Hinesly, individual & severally; | |
| WEI YANG, Wei Yang, individually and severally; DARIN SILVA, Darin Silva, individually and severally; BETTER PROPERTIES NW; | |
| JOHN SCHLANBUSCH, | |
| John Schlanbusch, individually and severally; | |
| JOHN S REALTY, | |
| FIDELITY NATIONAL TITLE COMPANY, | |
| BANK OF AMERICA, N.A., | |

| MTC FINANACIAL INC. dba TRUSTEE | ) | |
| CORPS, | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| John and Jane Doe 1-100, | ) | |
|     Defendants | ) | |

# **Writ of Praecipe**
## to the Clerk of Court

    **COMES NOW,** Lewis Vincent Hughes, and directs this Writ of Praecipe to the Clerk of this honorable Court.  On or about January15, 2016, I received a communication from the Clerk of Court of the UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE, hereinafter U.S.D.C., which says that a case under Case No. **2:16-cv-00005-RSM** has been "*reassigned from Judge John C. Coughenour to Judge Ricardo S. Martinez.*"

    Please be advised that the above mentioned case was not filed in the U.S.D.C., the case is filed in the district court of the United States for the western district of Washington and accordingly the filing fee was tendered for the case filed in the district court of the United States for the western district of Washington.  Upon acceptance of the filing the Clerk appeared to note the Court which I have chosen as the forum to hear my Complaint.  A demand hereby being made upon the Clerk of Court, show rule, order, or authority the above mentioned case has been apparently removed from the forum chosen, of the district court of the United States for the western district of Washington into the UNITED STATES DISTRICT COURT FOR THE WESTERN DISTICT OF WASHINGTON AT SEATTLE.  Please also be advised that no filing fee was tendered for the filing of any complaint in the UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE.

Therefor, you are hereby directed to remand my original filing under Case No. **2:16-cv-00005-RSM** to the district court of the United States for the western district of Washington and assign the case to an Article III Judge.

Pursuant to 18 U.S.C. § 2076- Clerk of the United State district court:

> "*whoever, being a clerk of a district court of the United States, willfully refuses or neglects to make or forward any report, certificate, statement, or document as required by law, shall be fined under this title or imprisoned not more than one year, or both.*"

Also pursuant to 18 U.S.C. § 2071-Concealment, Removal, or mutilation generally:

> (a) *Whoever willfully and unlawfully conceals, removes, mutilates, obliterates, or destroys, or attempts to do so, or, with intent to do so takes and carries away any record, proceeding, map, book, paper, document, or other thing, filed or deposited with any clerk or officer of any court of the United States, or in any public office, or with any judicial or public officer of the United States, shall be fined under this title or imprisoned not more than three years, or both.*

> (b) *Whoever, having the custody of any such record, proceeding, map, book, document, paper, or other thing, willfully and unlawfully conceals, removes, mutilates, obliterates, falsifies, or destroys the same, shall be fined under this title or imprisoned not more than three years, or both; and shall forfeit his office and be disqualified from holding any office under the United States. As used in this subsection, the term "office" does not include the office held by any person as a retired officer of the Armed Forces of the United States.*

In addition, I am in receipt of an alleged "ORDER TO SHOW CAUSE" issued by Judge Ricardo S. Martinez of the U.S.D.C., depicts a non-existent case number. The case number on the face of the alleged ORDER does not show up on PACER. Furthermore, I do not currently have a case filed in the U.S.D.C. As previously mentioned, I filed a case into the district court of the United States for the western district of Washington, which is the only court in western washington which has been granted Article III judicial power by an Act of Congress., requiring of your office to assign the said case to an Article III Judge. Congress never abolished the the

district court of the United States for the western district of Washington.  While Congress did in fact create the U.S.D.C. for the WESTERN DISTRICT OF WASHINGTON, there is no place in the Congressional Record where Congress ever conferred Article III judicial power on this court. A certificate of search issued by the National Archivist has verified this fact.

Additionaly, the "ORDER TO SHOW CAUSE" issued by Judge Ricardo S. Martinez does not have a seal of the court on it to validate its validity.

Wherefore, for the above reasons, I am returning the alleged "ORDER TO SHOW CAUSE" issued by Judge Ricardo S. Martinez in the U.S.D.C. marked "Refused for Cause, See Praecipe to Clerk of Court.

Thank you for your prompt attention to this matter.


Respectfully submitted this _____ day of February, 2016.


L.S. _/s/ Lewis Vincent Hughes_


L.S. _/s/ Dean Arlo Arp_

*Refused for Cause*

*See Praecipe to Clerk*

*Vincent Hughes P.P.*

*by Dean A/o Arp*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEWIS VINCENT HUGHES and DEAN A. ARP, | CASE NO. C16-00005RSM |
| Plaintiffs, | |
| v. | ORDER TO SHOW CAUSE |
| WILLIAM RAYMOND HINESLY, *et al.*, | |
| Defendants. | |

*Pro Se* Plaintiff, Lewis Vincent Hughes filed a Complaint in this matter on January 4, 2016. Dkt. #1. On January 15, 2016, Mr. Hughes and Dean A. Arp, Plaintiffs, filed an Amended Complaint. Dkt. #3. Summons has not yet been issued.

Plaintiffs appear to raise allegations of harm related to a dispute over ownership of real property. *See id.;* Dkt. #1-1 (Civil Cover Sheet with "All Other Real Property" box checked under "Nature of Suit"). However, Plaintiffs' Amended Complaint is difficult or impossible to follow due to repeated citations to far-fetched or historical but nonetheless inapplicable facts and law. For example, Plaintiffs argue that this action is in admiralty because "according to international law... [it] is beyond dispute and extends into antiquity: 'Meanwhile those who seized wreck ashore without a grant from the Crown did so at their peril,'" citing to "Select

ORDER TO SHOW CAUSE - 1

# ANNEX B

824    FIFTY-EIGHTH CONGRESS. Sess. III. Ch. 1305.  1905.

March 2, 1905.
[H. R. 2531.]

[Public, No. 125.]

United States courts.
Washington eastern
judicial district estab-
lished.
Vol. 25, p. 682,
amended.

**CHAP. 1305.**—An Act To divide Washington into two judicial districts.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That all that portion of the State of Washington which includes the counties of Stevens, Ferry, Okanogan, Chelan, Spokane, Lincoln, Douglas, Adams, Franklin, Wallawalla, Garfield, Columbia, Asotin, Whitman, Yakima, Klickitat, Kittitas, and any and all Indian reservations in one or more of said counties, and such other counties as may be created in that portion of the State of Washington lying east of the Cascade Mountains, with the waters thereof, is hereby detached from the judicial district of Washington and made a separate judicial district, and shall be called "the eastern district of Washington," and the residue of said State of Washington, with the waters thereof, shall hereafter be the western district of Washington.

Judge for western
district.

Clerk.

Attorney, etc.

Sec. 2. That the district judge of the judicial district of Washington as heretofore constituted, and in office at the time this Act takes effect, shall be the district judge for the western judicial district of Washington as constituted by this Act.    That the clerk of the circuit court and the clerk of the district court in said judicial district of Washington as heretofore constituted, and in office at the time this Act takes effect, shall be the clerks of the circuit and district courts of the western judicial district of Washington, respectively, as hereby constituted, until their successors, respectively, shall be appointed and qualified. The district attorney, assistant district attorneys, marshal, deputy marshals, deputy clerks, and referees in bankruptcy resident in said western judicial district of Washington as constituted by this Act shall continue in office and continue to be such officers in such western district until the expiration of their respective terms of office as heretofore fixed by law, or until their successors shall be duly appointed and qualified.

Appointment of
judge for eastern dis-
trict.
Duties.

Sec. 3. That the President of the United States, by and with the advice and consent of the Senate, shall appoint a district judge for the eastern judicial district of Washington, who shall possess and exercise all the powers conferred by existing law upon the judges of the district courts of the United States, and who shall, as to all business and proceedings arising in said eastern judicial district as hereby constituted or transferred thereto, succeed to and possess the same powers and perform the same duties within the said eastern judicial district as are now possessed by and performed by the district judge for the district of Washington.

Marshal, etc.

Sec. 4. That the President of the United States, by and with the advice and consent of the Senate, shall appoint a marshal and district attorney for the said eastern judicial district of Washington as hereby constituted, who shall, within their respective jurisdictions, possess and exercise all the powers conferred by existing law upon the marshals and district attorneys of the United States, respectively.

Present officers.

Sec. 5. That all other officers residing within the eastern judicial district of the State of Washington as hereby constituted shall cease to be such officers when their successors are appointed and qualified.

Vacancies.

Sec. 6. That the office of marshal and district attorney in each of said districts, deputy marshals and assistant district attorneys, and all other offices authorized by law and made necessary by the creation of said two districts and the provisions of this Act, and all vacancies created thereby in either of said districts as constituted by this Act, shall be filled in the manner provided by law.    The salaries, pay, fees, and allowances of the judges, district attorneys, marshals, and other officers in said districts, except clerks, until changed by law, shall be the same, respectively, as now fixed by law for such officers in the judicial district of Washington as heretofore constituted, and the clerks for said

Salaries, etc.

FIFTY-EIGHTH CONGRESS. Sess. III. Ch. 1305. 1905.

825

districts shall receive the same fees and emoluments as are now prescribed by law for the clerks of the circuit and district courts of the northern district of California.

SEC. 7. That all causes and proceedings of every name and nature, except criminal, now pending in the courts of the judicial district of Washington as heretofore constituted, whereof the courts of the eastern judicial district of Washington as hereby constituted would have had jurisdiction if said district and the courts thereof had been constituted when said causes or proceedings were instituted, shall be, and are hereby, transferred to and the same shall be proceeded with in the eastern judicial district of Washington as hereby constituted, and to that end jurisdiction over the same is hereby vested in the courts of said eastern judicial district, and the records and proceedings therein and relating to said proceedings and causes shall be certified and transferred thereto; and all causes and proceedings of every name and nature, except criminal, now pending in the courts of the judicial district of Washington as heretofore constituted, whereof the courts of the western judicial district of Washington as hereby constituted would have had jurisdiction if said district and the courts thereof had been constituted when said causes or proceedings were instituted, shall be, and are hereby, transferred to and the same shall be proceeded with in the western judicial district of Washington as hereby constituted, and jurisdiction over the same is hereby vested in the courts of said western judicial district, and the records and proceedings therein and relating to said proceedings and causes shall be certified and transferred thereto: *Provided,* That all motions and causes submitted, and all causes and proceedings, except criminal, including proceedings in bankruptcy, now pending in said judicial district of Washington as heretofore constituted, in which the evidence has been taken in whole or in part before the present district judge of the judicial district of Washington as heretofore constituted, or taken in whole or in part and submitted and passed upon by the said district judge, shall be proceeded with and disposed of in said western judicial district of Washington as constituted by this Act.

*Jurisdiction of eastern district.*

*Western district.*

*Proviso.*
*Pending causes, etc., except criminal.*

SEC. 8. That the regular terms of the circuit and district courts of the United States for the western district of Washington shall be held at the following times and places, namely: At Seattle, beginning on the first Tuesday in November and May of each year, and at the city of Tacoma, beginning on the first Tuesday in February and July of each year.

*Terms, western district.*
*Seattle and Tacoma.*
*Vol. 25, p. 682.*

That the regular terms of the circuit and district courts of the United States for the eastern district of Washington shall be held at the following times and places, namely: At the city of Spokane, beginning on the first Tuesday in September and April of each year; at the city of Walla Walla, beginning on the first Tuesday of December and June of each year; and at the city of North Yakima, beginning on the first Tuesday in May and October of each year; and at such other times and places as may hereafter be provided by law.

*Terms of eastern district.*
*Spokane, Walla Walla, and North Yakima.*

*Vol. 25, p. 682.*

SEC. 9. That the terms of said courts shall not be limited to any particular number of days, nor shall it be necessary to adjourn by reason of the intervention of a term elsewhere; but the court intervening may be adjourned until the business of the court in session is concluded.

*Terms not limited.*

SEC. 10. That the State of Washington shall continue as heretofore to constitute one judicial district, and the United States circuit court and the United States district court for said district are continued in existence with all the jurisdiction and powers of each, respectively, for the purpose of holding and taking cognizance of criminal causes pending, or which may be hereafter commenced and prosecuted for

*Trial of present criminal cases.*

criminal offenses against the laws of the United States, committed in any part of said State previous to the time when this Act takes effect, and when necessary to obtain indictments, or for the trial of any such case or cases, jurors, grand and petit, shall be selected, drawn, and summoned from the entire State, and such causes shall be commenced and prosecuted in the same manner as if this Act had never been passed.

*Jurors.*

Sec. 11. That all laws and parts of laws so far as inconsistent with the provisions of this Act are hereby repealed.

*Repeal*

Sec. 12. That this Act shall take effect from and after its approval by the President.

*Effect.*

Approved, March 2, 1905.

---

March 2, 1905.
[H. R. 16646.]

[Public, No. 126.]

**CHAP. 1306.**—An Act To amend section twenty-seven hundred and eighty-seven of the Revised Statutes of the United States.

*Customs.*
*Bond of agent.*
*R.S., sec. 2787, p. 540, amended.*

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That section twenty-seven hundred and eighty-seven of the Revised Statutes of the United States be, and is hereby, amended so as to read as follows:

*Penal bond double the estimated duties.*

"Sec. 2787. Whenever any entry is made with the collector of any district of merchandise imported into the United States subject to duty by any agent, factor, or person, other than the person to whom it belongs or to whom it is ultimately consigned, the collector shall take a bond with surety from such agent, factor, or person in the penal sum of an amount equal to double the estimated duties, with condition that the actual owner or consignee of such merchandise shall deliver to the collector a full and correct account of the merchandise imported by him, or for him on his own account, or consigned to his care, in the same manner and form as required in respect to any entry previous to the landing of merchandise; which account shall be verified by a like oath, as in the case of an entry, to be taken and subscribed before any judge of the United States, or the judge of any court of record of a State, or before any collector of the customs, or before any properly qualified notary whose seal shall be attested by the clerk of the county in which he is resident, or before any notary public designated by the Secretary of the Treasury. In case of the payment of the duties at the time of entry by any factor or agent on the merchandise entered by him, the condition of the bond shall be to produce the account of the proper owner or consignee, verified in manner as before directed, within ninety days from the date of such bond.

*Submission of certified account.*

"The bond in no case shall be for less than one hundred dollars, and may not be required when the entered value of the merchandise does not exceed one hundred dollars. In the event of failure to produce the declaration of the owner or ultimate consignee within the time herein prescribed the bond may be cancelled, at the discretion of the Secretary of the Treasury, upon due proof that the factor or agent who entered the merchandise exercised proper diligence in the effort to fulfill the requirements of this Act."

*Minimum bond.*

*Cancellation of bond.*

*Proviso.*
*General penal bond.*

*Provided,* That with the approval of the Secretary of the Treasury any agent, factor, or common carrier engaged in the entry of merchandise at the port of first arrival may give a general penal bond at said port for the production of the oaths of owners or ultimate consignees. Said bond shall be fixed by the Secretary of the Treasury at an amount sufficient in his opinion to cover all obligations to the United States that may accrue, and the record and cancellation of liabilities under said general bond shall be in accordance with such rules as he may prescribe.

Approved, March 2, 1905.

## <u>ANNEX C</u>

**CHAP. 231.**—An Act To codify, revise, and amend the laws relating to the judiciary.

March 3, 1911.
[S. 7031.]

[Public, No. 475.]

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the laws relating to the judiciary be, and they hereby are, codified, revised, and amended, with title, chapters, head-notes, and sections, entitled, numbered, and to read as follows:

Judicial Code.

## TITLE.

### THE JUDICIARY.

Title.

The Judiciary.

### CHAPTER ONE.

Chapter I.

#### DISTRICT COURTS—ORGANIZATION.

District courts, organization.

Sec.
1. District courts established; appointment and residence of judges.
2. Salaries of district judges.
3. Clerks.
4. Deputy clerks.
5. Criers and bailiffs.
6. Records; where kept.
7. Effect of altering terms.
8. Trials not discontinued by new term.
9. Court always open as courts of admiralty and equity.
10. Monthly adjournments for trial of criminal causes.
11. Special terms.
12. Adjournment in case of nonattendance of judge.
13. Designation of another judge in case of disability of judge.
14. Designation of another judge in case of an accumulation of business.

Sec.
15. When designation to be made by Chief Justice.
16. New appointment and revocation.
17. Designation of district judge in aid of another judge.
18. When circuit judge may be designated to hold district court.
19. Duty of district and circuit judge in such cases.
20. When district judge is interested or related to parties.
21. When affidavit of personal bias or prejudice of judge is filed.
22. Continuance in case of vacancy in office.
23. Districts having more than one judge; division of business.

**SEC. 1.** In each of the districts described in chapter five, there shall be a court called a district court, for which there shall be appointed one judge, to be called a district judge; except that in the northern district of California, the northern district of Illinois, the district of Maryland, the district of Minnesota, the district of Nebraska, the district of New Jersey, the eastern district of New York, the northern and southern districts of Ohio, the district of Oregon, the eastern and western districts of Pennsylvania, and the western district of Washington, there shall be an additional district judge in each, and in the southern district of New York, three additional district judges: *Provided,* That whenever a vacancy shall occur in the office of the district judge for the district of Maryland, senior in commission, such vacancy shall not be filled, and thereafter there shall be but one district judge in said district: *Provided further,* That there shall be one judge for the eastern and western districts of South Carolina, one judge for the eastern and middle districts of Tennessee, and one judge for the northern and southern districts of Mississippi: *Provided further,* That the district judge for the middle district of Alabama shall continue as heretofore to be a district judge for the northern district thereof. Every district judge shall reside in the district or one of the districts for which he is appointed, and for offending against this provision shall be deemed guilty of a high misdemeanor.

District courts.
R. S., sec. 551, p. 93.
Judge for each district.
Additional for designated States.
Vol. 34, p. 1253; Vol. 33, p. 995; *Ante,* p. 201.
Vol. 32, p. 795; Vol. 34, p. 597; Vol. 33, p. 987; Vol. 31, p. 726; Vol. 34, p. 928; *Ante,* p. 202; Vol. 35, p. 686; Vol. 33, p. 155; Vol. 35, p. 656; Vol. 35, p. 686; Vol. 32, p. 805; Vol. 31, p. 202; Vol. 35, p. 685.
*Provisos.*
Maryland senior judge.
*Ante,* p. 201.
Service in two districts.
R. S., sec. 552, p. 93.

Alabama.
Vol. 24, p. 213.

Residence required.

**SEC. 2.** Each of the district judges shall receive a salary of six thousand dollars a year, to be paid in monthly installments.

Pay of judges.
Vol. 32, p. 825.

**SEC. 3.** A clerk shall be appointed for each district court by the judge thereof, except in cases otherwise provided for by law.

Clerks.
R. S., sec. 555, p. 93.

**SEC. 4.** Except as otherwise specially provided by law, the clerk of the district court for each district may, with the approval of the district judge thereof, appoint such number of deputy clerks as may be

Deputy clerks.
Appointment and tenure.
R. S., sec. 558, p. 94.

Case: 16-35193, 06/09/2016, ID: 10008215, DktEntry: 3, Page 22 of 110

1088                SIXTY-FIRST CONGRESS.  Sess. III.  Ch. 231.  1911.

deemed necessary by such judge, who may be designated to reside and maintain offices at such places of holding court as the judge may determine. Such deputies may be removed at the pleasure of the clerk appointing them, with the concurrence of the district judge. In case of the death of the clerk, his deputy or deputies shall, unless removed, continue in office and perform the duties of the clerk, in his name, until a clerk is appointed and qualified; and for the default or misfeasances in office of any such deputy, whether in the lifetime of the clerk or after his death, the clerk and his estate and the sureties on his official bond shall be liable; and his executor or administrator shall have such remedy for any such default or misfeasances committed after his death as the clerk would be entitled to if the same had occurred in his lifetime.

Criers and bailiffs.
R. S., sec. 715, p. 136.

SEC. 5. The district court for each district may appoint a crier for the court; and the marshal may appoint such number of persons, not exceeding five, as the judge may determine, to wait upon the grand and other juries, and for other necessary purposes.

Preservation of records.
R. S., sec. 562, p. 94.

SEC. 6. The records of a district court shall be kept at the place where the court is held. When it is held at more than one place in any district and the place of keeping the records is not specially provided by law, they shall be kept at either of the places of holding the court which may be designated by the district judge.

Change of terms not to affect pending cases.
R. S., sec. 573, p. 101.

SEC. 7. No action, suit, proceeding, or process in any district court shall abate or be rendered invalid by reason of any act changing the time of holding such court, but the same shall be deemed to be returnable to, pending, and triable in the terms established next after the return day thereof.

Continuance of cases beyond regular terms.
R. S., sec. 746, p. 141.

SEC. 8. When the trial or hearing of any cause, civil or criminal, in a district court has been commenced and is in progress before a jury or the court, it shall not be stayed or discontinued by the arrival of the time fixed by law for another session of said court; but the court may proceed therein and bring it to a conclusion in the same manner and with the same effect as if another stated term of the court had not intervened.

Always open for equity and admiralty business.
R. S., sec. 574, p. 101.

SEC. 9. The district courts, as courts of admiralty and as courts of equity, shall be deemed always open for the purpose of filing any pleading, of issuing and returning mesne and final process, and of making and directing all interlocutory motions, orders, rules, and other proceedings preparatory to the hearing, upon their merits, of

Orders in chambers, etc.

all causes pending therein. Any district judge may, upon reasonable notice to the parties, make, direct, and award, at chambers or in the clerk's office, and in vacation as well as in term, all such process, commissions, orders, rules, and other proceedings, whenever the same are not grantable of course, according to the rules and practice of the court.

Adjournments for criminal trials.
R. S., sec. 578, p. 102.

SEC. 10. District courts shall hold monthly adjournments of their regular terms, for the trial of criminal causes, when their business requires it to be done, in order to prevent undue expenses and delays in such cases.

Special terms.
R. S., sec. 581, p. 102.

SEC. 11. A special term of any district court may be held at the same place where any regular term is held, or at such other place in the district as the nature of the business may require, and at such time and upon such notice as may be ordered by the district judge. Any business may be transacted at such special term which might be transacted at a regular term.

Adjournment in absence of judge.
R. S., sec. 583, p. 102.

SEC. 12. If the judge of any district court is unable to attend at the commencement of any regular, adjourned, or special term, or any time during such term, the court may be adjourned by the marshal, or clerk, by virtue of a written order directed to him by the judge, to the next regular term, or to any earlier day, as the order may direct.

SEC. 13. When any district judge is prevented, by any disability, from holding any stated or appointed term of his district court, and that fact is made to appear by the certificate of the clerk, under the seal of the court, to any circuit judge of the circuit in which the district lies, or, in the absence of all the circuit judges, to the circuit justice of the circuit in which the district lies, any such circuit judge or justice may, if in his judgment the public interests so require, designate and appoint the judge of any other district in the same circuit to hold said court, and to discharge all the judicial duties of the judge so disabled, during such disability. Whenever it shall be certified by any such circuit judge or, in his absence, by the circuit justice of the circuit in which the district lies, that for any sufficient reason it is impracticable to designate and appoint a judge of another district within the circuit to perform the duties of such disabled judge, the chief justice may, if in his judgment the public interests so require, designate and appoint the judge of any district in another circuit to hold said court and to discharge all the judicial duties of the judge so disabled, during such disability. Such appointment shall be filed in the clerk's office, and entered on the minutes of the said district court, and a certified copy thereof, under the seal of the court, shall be transmitted by the clerk to the judge so designated and appointed.

SEC. 14. When, from the accumulation or urgency of business in any district court, the public interests require the designation and appointment hereinafter provided, and the fact is made to appear, by the certificate of the clerk, under the seal of the court, to any circuit judge of the circuit in which the district lies, or, in the absence of all the circuit judges, to the circuit justice of the circuit in which the district lies, such circuit judge or justice may designate and appoint the judge of any other district in the same circuit to have and exercise within the district first named the same powers that are vested in the judge thereof. Each of the said district judges may, in case of such appointment, hold separately at the same time a district court in such district, and discharge all the judicial duties of the district judge therein.

SEC. 15. If all the circuit judges and the circuit justice are absent from the circuit, or are unable to execute the provisions of either of the two preceding sections, or if the district judge so designated is disabled or neglects to hold the court and transact the business for which he is designated, the clerk of the district court shall certify the fact to the Chief Justice of the United States, who may thereupon designate and appoint in the manner aforesaid the judge of any district within such circuit or within any other circuit; and said appointment shall be transmitted to the clerk and be acted upon by him as directed in the preceding section.

SEC. 16. Any such circuit judge, or circuit justice, or the Chief Justice, as the case may be, may, from time to time, if in his judgment the public interests so require, make a new designation and appointment of any other district judge, in the manner, for the duties, and with the powers mentioned in the three preceding sections, and revoke any previous designation and appointment.

SEC. 17. It shall be the duty of the senior circuit judge then present in the circuit, whenever in his judgment the public interest so requires, to designate and appoint, in the manner and with the powers provided in section fourteen, the district judge of any judicial district within his circuit to hold a district court in the place or in aid of any other district judge within the same circuit.

SEC. 18. Whenever, in the judgment of the senior circuit judge of the circuit in which the district lies, or of the circuit justice assigned to such circuit, or of the Chief Justice, the public interest shall

Designation of another judge during a temporary absence.
From same circuit.
R. S., sec. 591, p. 104.

From another circuit.
Vol. 34, p. 1417.

Record of designation.

Designation to dispose of accumulated or urgent business.
R. S., sec. 592, p. 104.

Separate courts authorized.

Designation of temporary judge by Chief Justice.
R. S., sec. 593, p. 104.

New designations if required.
R. S., sec. 594, p. 104.

Senior circuit judge to designate from any district in circuit.
R. S., sec. 596, p. 105.
Vol. 21, p. 464.

Circuit judge to hold district court.

require, the said judge, or associate justice, or Chief Justice, shall designate and appoint any circuit judge of the circuit to hold said district court.

*Authority, etc., of designated judge. R. S., sec. 595, p. 104.* Sec. 19. It shall be the duty of the district or circuit judge who is designated and appointed under either of the six preceding sections, to discharge all the judicial duties for which he is so appointed, during the time for which he is so appointed; and all the acts and proceedings in the courts held by him, or by or before him, in pursuance of said provisions, shall have the same effect and validity as if done by or before the district judge of the said district.

*Action when judge disqualified to serve. R. S., sec. 601, p. 105.* Sec. 20. Whenever it appears that the judge of any district court is in any way concerned in interest in any suit pending therein, or has been of counsel or is a material witness for either party, or is so related to or connected with either party as to render it improper, in his opinion, for him to sit on the trial, it shall be his duty, on application by either party, to cause the fact to be entered on the records of the court; and also an order that an authenticated copy thereof shall be forthwith certified to the senior circuit judge for said circuit then present in the circuit; and thereupon such proceedings shall be had as are provided in section fourteen.

*Action when personal bias or prejudice of judge is charged.* Sec. 21. Whenever a party to any action or proceeding, civil or criminal, shall make and file an affidavit that the judge before whom the action or proceeding is to be tried or heard has a personal bias or prejudice either against him or in favor of any opposite party to the suit, such judge shall proceed no further therein, but another judge shall be designated in the manner prescribed in the section last preceding, or chosen in the manner prescribed in section twenty-three, to hear such matter. *Affidavit required.* Every such affidavit shall state the facts and the reasons for the belief that such bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term of the court, or good cause shall be shown for the failure to file it within such time. No party shall be entitled in any case to file more than one such affidavit; and no such affidavit shall be filed unless accompanied by a certificate of counsel of record that such affidavit and *When judge admits partiality.* application are made in good faith. The same proceedings shall be had when the presiding judge shall file with the clerk of the court a certificate that he deems himself unable for any reason to preside with absolute impartiality in the pending suit or action.

*Continuance if office becomes vacant. R. S., secs. 602, 603, p. 105.* Sec. 22. When the office of judge of any district court becomes vacant, all process, pleadings, and proceedings pending before such court shall, if necessary, be continued by the clerk thereof until such times as a judge shall be appointed, or designated to hold such court; and the judge so designated, while holding such court, shall possess the powers conferred by, and be subject to the provisions contained in, section nineteen.

*Division of business in districts with additional judge.* Sec. 23. In districts having more than one district judge, the judges may agree upon the division of business and assignment of cases for trial in said district; but in case they do not so agree, the senior circuit judge of the circuit in which the district lies, shall make all necessary orders for the division of business and the assignment of cases for trial in said district.

## CHAPTER TWO.

### DISTRICT COURTS—JURISDICTION.

Sec.
24. Original jurisdiction.
   Par. 1. Where the United States are plaintiffs; and of civil suits at common law or in equity.
   2. Of crimes and offenses.
   3. Of admiralty causes, seizures, and prizes.
   4. Of suits under any law relating to the slave trade.
   5. Of cases under internal revenue, customs, and tonnage laws.
   6. Of suits under postal laws.
   7. Of suits under the patent, the copyright, and the trade-mark laws.
   8. Of suits for violation of interstate commerce laws.
   9. Of penalties and forfeitures.
   10. Of suits on debentures.
   11. Of suits for injuries on account of acts done under laws of the United States.
   12. Of suits concerning civil rights.
   13. Of suits against persons having knowledge of conspiracy, etc.
   14. Of suits to redress the deprivation, under color of law, of civil rights.

Sec.
24. Original jurisdiction—Continued.
   Par. 15. Of suits to recover certain offices.
   16. Of suits against national-banking associations.
   17. Of suits by aliens for torts.
   18. Of suits against consuls and vice-consuls.
   19. Of suits and proceedings in bankruptcy.
   20. Of suits against the United States.
   21. Of suits for the unlawful inclosure of public lands.
   22. Of suits under immigration and contract-labor laws.
   23. Of suits against trusts, monopolies, and unlawful combinations.
   24. Of suits concerning allotments of land to Indians.
   25. Of partition suits where United States is joint tenant.
25. Appellate jurisdiction under Chinese-exclusion laws.
26. Appellate jurisdiction over Yellowstone National Park.
27. Jurisdiction of crimes on Indian reservations in South Dakota.

SEC. 24. The district courts shall have original jurisdiction as follows:

First. Of all suits of a civil nature, at common law or in equity, brought by the United States, or by any officer thereof authorized by law to sue, or between citizens of the same State claiming lands under grants from different States; or, where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of three thousand dollars, and (a) arises under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or (b) is between citizens of different States, or (c) is between citizens of a State and foreign States, citizens, or subjects. No district court shall have cognizance of any suit (except upon foreign bills of exchange) to recover upon any promissory note or other chose in action in favor of any assignee, or of any subsequent holder if such instrument be payable to bearer and be not made by any corporation, unless such suit might have been prosecuted in such court to recover upon said note or other chose in action if no assignment had been made: *Provided, however,* That the foregoing provision as to the sum or value of the matter in controversy shall not be construed to apply to any of the cases mentioned in the succeeding paragraphs of this section.

Second. Of all crimes and offenses cognizable under the authority of the United States.

Third. Of all civil causes of admiralty and maritime jurisdiction, saving to suitors in all cases the right of a common-law remedy where the common law is competent to give it; of all seizures on land or waters not within admiralty and maritime jurisdiction; of all prizes brought into the United States; and of all proceedings for the condemnation of property taken as prize.

*Margin notes:*

Chapter 2.

District courts, jurisdiction.

Original jurisdiction. R. S., secs. 563, 629, pp. 94, 110.
Suits brought by United States.

Under grants from different States.

Under United States laws.

Citizens of different States.
With foreign States, etc.

Restriction on promissory notes.

Proviso. Exceptions.

Crimes and offenses.

Admiralty and maritime cases.

Case: 16-35193, 06/09/2016, ID: 10008215, DktEntry: 3, Page 26 of 110

1092        SIXTY-FIRST CONGRESS. Sess. III. Ch. 231. 1911.

<div style="float:left; width:20%">

Slave trade.

Revenue cases.
Customs appeals excepted.
*Ante,* p. 106.

Postal suits.

Patents, copyrights, and trademarks.
Commerce suits.
Cases in Commerce Court excepted.
*Ante,* p. 539.

Penalties and forfeitures.

Suits on debentures.

Suits for damages under United States laws.

Civil rights suits.

Knowledge of conspiracy, etc.

R. S., sec. 1980, p. 347.

Redress for deprivation of civil rights.

Recovery of office.

*Proviso.*
Limited to determination of civil rights.

National bank cases.

</div>

Fourth. Of all suits arising under any law relating to the slave trade.

Fifth. Of all cases arising under any law providing for internal revenue, or from revenue from imports or tonnage, except those cases arising under any law providing revenue from imports, jurisdiction of which has been conferred upon the Court of Customs Appeals.

Sixth. Of all cases arising under the postal laws.

Seventh. Of all suits at law or in equity arising under the patent, the copyright, and the trade-mark laws.

Eighth. Of all suits and proceedings arising under any law regulating commerce, except those suits and proceedings exclusive jurisdiction of which has been conferred upon the Commerce Court.

Ninth. Of all suits and proceedings for the enforcement of penalties and forfeitures incurred under any law of the United States.

Tenth. Of all suits by the assignee of any debenture for drawback of duties, issued under any law for the collection of duties, against the person to whom such debenture was originally granted, or against any indorser thereof, to recover the amount of such debenture.

Eleventh. Of all suits brought by any person to recover damages for any injury to his person or property on account of any act done by him, under any law of the United States, for the protection or collection of any of the revenues thereof, or to enforce the right of citizens of the United States to vote in the several States.

Twelfth. Of all suits authorized by law to be brought by any person for the recovery of damages on account of any injury to his person or property, or of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section nineteen hundred and eighty, Revised Statutes.

Thirteenth. Of all suits authorized by law to be brought against any person who, having knowledge that any of the wrongs mentioned in section nineteen hundred and eighty, Revised Statutes, are about to be done, and, having power to prevent or aid in preventing the same, neglects or refuses so to do, to recover damages for any such wrongful act.

Fourteenth. Of all suits at law or in equity authorized by law to be brought by any person to redress the deprivation, under color of any law, statute, ordinance, regulation, custom, or usage of any State, of any right, privilege, or immunity, secured by the Constitution of the United States, or of any right secured by any law of the United States providing for equal rights of citizens of the United States, or of all persons within the jurisdiction of the United States.

Fifteenth. Of all suits to recover possession of any office, except that of elector of President or Vice President, Representative in or Delegate to Congress, or member of a State legislature, authorized by law to be brought, wherein it appears that the sole question touching the title to such office arises out of the denial of the right to vote to any citizen offering to vote, on account of race, color, or previous condition of servitude: *Provided,* That such jurisdiction shall extend only so far as to determine the rights of the parties to such office by reason of the denial of the right guaranteed by the Constitution of the United States, and secured by any law, to enforce the right of citizens of the United States to vote in all the States.

Sixteenth. Of all cases commenced by the United States, or by direction of any officer thereof, against any national banking association, and cases for winding up the affairs of any such bank; and of all suits brought by any banking association established in the district for which the court is held, under the provisions of title "National Banks," Revised Statutes, to enjoin the Comptroller of

Case: 16-35193, 06/09/2016, ID: 10008215, DktEntry: 3, Page 27 of 110

SIXTY-FIRST CONGRESS. Sess. III. Ch. 231. 1911.     1093

the Currency, or any receiver acting under his direction, as provided by said title. And all national banking associations established under the laws of the United States shall, for the purposes of all other actions by or against them, real, personal, or mixed, and all suits in equity, be deemed citizens of the States in which they are respectively located.

Seventeenth. Of all suits brought by any alien for a tort only, in violation of the laws of nations or of a treaty of the United States. *By aliens for tort only.*

Eighteenth. Of all suits against consuls and vice consuls. *Consular cases.*

Nineteenth. Of all matters and proceedings in bankruptcy. *Bankruptcy.*

Twentieth. Concurrent with the Court of Claims, of all claims not exceeding ten thousand dollars founded upon the Constitution of the United States or any law of Congress, or upon any regulation of an Executive Department, or upon any contract, express or implied, with the Government of the United States, or for damages, liquidated or unliquidated, in cases not sounding in tort, in respect to which claims the party would be entitled to redress against the United States, either in a court of law, equity, or admiralty, if the United States were suable, and of all set-offs, counterclaims, claims for damages, whether liquidated or unliquidated, or other demands whatsoever on the part of the Government of the United States against any claimant against the Government in said court: *Provided, however,* That nothing in this paragraph shall be construed as giving to either the district courts or the Court of Claims jurisdiction to hear and determine claims growing out of the late Civil War, and commonly known as "war claims," or to hear and determine other claims which had been rejected or reported on adversely prior to the third day of March, eighteen hundred and eighty-seven, by any court, department, or commission authorized to hear and determine the same, or to hear and determine claims for pensions; or as giving to the district courts jurisdiction of cases brought to recover fees, salary, or compensation for official services of officers of the United States or brought for such purpose by persons claiming as such officers or as assignees or legal representatives thereof; but no suit pending on the twenty-seventh day of June, eighteen hundred and ninety-eight, shall abate or be affected by this provision: *And provided further,* That no suit against the Government of the United States shall be allowed under this paragraph unless the same shall have been brought within six years after the right accrued for which the claim is made: *Provided,* That the claims of married women, first accrued during marriage, of persons under the age of twenty-one years, first accrued during minority, and of idiots, lunatics, insane persons, and persons beyond the seas at the time the claim accrued, entitled to the claim, shall not be barred if the suit be brought within three years after the disability has ceased; but no other disability than those enumerated shall prevent any claim from being barred, nor shall any of the said disabilities operate cumulatively. All suits brought and tried under the provisions of this paragraph shall be tried by the court without a jury. *Without jury.*

*Claims against the United States.*
*Vol. 24, p. 505.*

*Provisos.*
*Claims excepted.*
*War claims.*

*Rejected claims.*

*Pensions.*
*Official services.*
*Vol. 30, p. 495.*

*Vol. 31, p. 33.*
*To be brought in six years.*

*Rights of married women, minors, etc.*

Twenty-first. Of proceedings in equity, by writ of injunction, to restrain violations of the provisions of laws of the United States to prevent the unlawful inclosure of public lands; and it shall be sufficient to give the court jurisdiction if service of original process be had in any civil proceeding on any agent or employee having charge or control of the inclosure. *Unlawful inclosures of public lands.*

Twenty-second. Of all suits and proceedings arising under any law regulating the immigration of aliens, or under the contract labor laws. *Immigration and contract labor cases.*

Twenty-third. Of all suits and proceedings arising under any law to protect trade and commerce against restraints and monopolies. *Antitrust cases.*

Indian allotments.

Twenty-fourth. Of all actions, suits, or proceedings involving the right of any person, in whole or in part of Indian blood or descent, to any allotment of land under any law or treaty.

Partition suits where United States a tenant in common.

Twenty-fifth. Of suits in equity brought by any tenant in common or joint tenant for the partition of lands in cases where the United States is one of such tenants in common or joint tenants, such suits to be brought in the district in which such land is situate.

Chinese exclusion appeals.

Sec. 25. The district courts shall have appellate jurisdiction of the judgments and orders of United States commissioners in cases arising under the Chinese exclusion laws.

Yellowstone Park offenses in Wyoming district court.

Vol. 28, p. 74.

Sec. 26. The district court for the district of Wyoming shall have jurisdiction of all felonies committed within the Yellowstone National Park and appellate jurisdiction of judgments in cases of conviction before the commissioner authorized to be appointed under section five of an Act entitled "An Act to protect the birds and animals in Yellowstone National Park, and to punish crimes in said Park, and for other purposes," approved May seventh, eighteen hundred and ninety-four.

Indian reservations, South Dakota.
Criminal jurisdiction in district court.

Sec. 27. The district court of the United States for the district of South Dakota shall have jurisdiction to hear, try, and determine all actions and proceedings in which any person shall be charged with the crime of murder, manslaughter, rape, assault with intent to kill, arson, burglary, larceny, or assault with a dangerous weapon, committed within the limits of any Indian reservation in the State of South Dakota.

Chapter 3.

## CHAPTER THREE.

### DISTRICT COURTS—REMOVAL OF CAUSES.

District courts, removal of causes.

| Sec. | | Sec. | |
|---|---|---|---|
| 28. | Removal of suits from State to United States district courts. | 34. | Removal of suits by aliens. |
| 29. | Procedure for removal. | 35. | When copies of records are refused by clerk of State court. |
| 30. | Suits under grants of land from different States. | 36. | Previous attachment bonds, orders, etc., remain valid. |
| 31. | Removal of causes against persons denied any civil rights, etc. | 37. | Suits improperly in district court may be dismissed or remanded. |
| 32. | When petitioner is in actual custody of State court. | 38. | Proceedings in suits removed. |
| 33. | Suits and prosecutions against revenue officers, etc. | 39. | Time for filing record; return of record, how enforced. |

Removal of suits from State to district courts.
Vol. 25, p. 433.
Cases under Constitution, laws, or treaties.

Sec. 28. Any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the district courts of the United States are given original jurisdiction by this title, which may now be pending or which may hereafter be brought, in any State court, may be removed by the defendant or defendants therein to the

By nonresident defendants.

district court of the United States for the proper district. Any other suit of a civil nature, at law or in equity, of which the district courts of the United States are given jurisdiction by this title, and which are now pending or which may hereafter be brought, in any State court, may be removed into the district court of the United States for the proper district by the defendant or defendants therein, being non-

Between citizens of different States.

residents of that State. And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United

On account of local prejudice.

States for the proper district. And where a suit is now pending, or may hereafter be brought, in any State court, in which there is a controversy between a citizen of the State in which the suit is brought and a citizen of another State, any defendant, being such citizen of another

State, may remove such suit into the district court of the United States for the proper district, at any time before the trial thereof, when it shall be made to appear to said district court that from prejudice or local influence he will not be able to obtain justice in such State court, or in any other State court to which the said defendant may, under the laws of the State, have the right, on account of such prejudice or local influence, to remove said cause: *Provided*, That if it further appear that said suit can be fully and justly determined as to the other defendants in the State court, without being affected by such prejudice or local influence, and that no party to the suit will be prejudiced by a separation of the parties, said district court may direct the suit to be remanded, so far as relates to such other defendants, to the State court, to be proceeded with therein. At any time before the trial of any suit which is now pending in any district court, or may hereafter be entered therein, and which has been removed to said court from a State court on the affidavit of any party plaintiff that he had reason to believe and did believe that, from prejudice or local influence, he was unable to obtain justice in said State court, the district court shall, on application of the other party, examine into the truth of said affidavit and the grounds thereof, and, unless it shall appear to the satisfaction of said court that said party will not be able to obtain justice in said State court, it shall cause the same to be remanded thereto. Whenever any cause shall be removed from any State court into any district court of the United States, and the district court shall decide that the cause was improperly removed, and order the same to be remanded to the State court from whence it came, such remand shall be immediately carried into execution, and no appeal or writ of error from the decision of the district court so remanding such cause shall be allowed: *Provided*, That no case arising under an Act entitled "An Act relating to the liability of common carriers by railroad to their employees in certain cases," approved April twenty-second, nineteen hundred and eight, or any amendment thereto, and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

*Provisos.* Remanding as to parties not affected by prejudice, etc.

Where justice not denied.

No appeal from order remanding.

Damage suits against common carriers not removable. Vol. 35, p. 65.

Sec. 29. Whenever any party entitled to remove any suit mentioned in the last preceding section, except suits removable on the ground of prejudice or local influence, may desire to remove such suit from a State court to the district court of the United States, he may make and file a petition, duly verified, in such suit in such State court at the time, or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the district court to be held in the district where such suit is pending, and shall make and file therewith a bond, with good and sufficient surety, for his or their entering in such district court, within thirty days from the date of filing said petition, a certified copy of the record in such suit, and for paying all costs that may be awarded by the said district court if said district court shall hold that such suit was wrongfully or improperly removed thereto, and also for their appearing and entering special bail in such suit if special bail was originally requisite therein. It shall then be the duty of the State court to accept said petition and bond and proceed no further in such suit. Written notice of said petition and bond for removal shall be given the adverse party or parties prior to filing the same. The said copy being entered within said thirty days as aforesaid in said district court of the United States, the parties so removing the said cause shall, within thirty days thereafter, plead, answer, or demur to the declaration or complaint in said cause, and the cause shall then proceed in the same manner as if it had been originally commenced in the said district court.

Procedure for removal. Vol. 25, p. 434.

Filing petition, etc.

Bond required.

State court to proceed no further.

Suits under grants of land from different States.
R. S., sec. 647, p. 117.
Vol. 25, p. 435.

SEC. 30. If in any action commenced in a State court the title of land be concerned, and the parties are citizens of the same State and the matter in dispute exceeds the sum or value of three thousand dollars, exclusive of interest and costs, the sum or value being made to appear, one or more of the plaintiffs or defendants, before the trial, may state to the court, and make affidavit if the court require it, that he or they claim, and shall rely upon, a right or title to the land under a grant from a State, and produce the original grant, or an exemplification of it, except where the loss of public records shall put it out of his or their power, and shall move that any one or more of the adverse party inform the court whether he or they claim a right or title to the land under a grant from some other State, the party or parties so required shall give such information, or otherwise not be allowed to plead such grant or give it in evidence upon the trial. If he or they inform the court that he or they do claim under such grant, any one or more of the party moving for such information may then, on petition and bond, as hereinbefore mentioned in this chapter, remove the cause for trial to the district court of the United States next to be holden in such district; and any one of either party removing the cause shall not be allowed to plead or give evidence of any other title than that by him or them stated as aforesaid as the ground of his or their claim.

Suits involving civil rights.
R. S., sec. 641, p. 115.
Petition, etc.

SEC. 31. When any civil suit or criminal prosecution is commenced in any State court, for any cause whatsoever, against any person who is denied or can not enforce in the judicial tribunals of the State, or in the part of the State where such suit or prosecution is pending, any right secured to him by any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction of the United States, or against any officer, civil or military, or other person, for any arrest or imprisonment or other trespasses or wrongs made or committed by virtue of or under color of authority derived from any law providing for equal rights as aforesaid, or for refusing to do any act on the ground that it would be inconsistent with such law, such suit or prosecution may, upon the petition of such defendant, filed in said State court at any time before the trial or final hearing of the cause, stating the facts and verified by oath, be removed for trial into the next district court to be held in the district where it is pending.

Stay of proceedings.

Upon the filing of such petition all further proceedings in the State courts shall cease, and shall not be resumed except as hereinafter provided.

Bail, etc., continued.

But all bail and other security given in such suit or prosecution shall continue in like force and effect as if the same had proceeded to final judgment and execution in the State court.

Copy of proceedings.

It shall be the duty of the clerk of the State court to furnish such defendant, petitioning for a removal, copies of said process against him, and of all pleadings, depositions, testimony, and other proceedings in the case.

Procedure.

If such copies are filed by said petitioner in the district court on the first day of its session, the cause shall proceed therein in the same manner as if it had been brought there by original process; and if the said clerk refuses or neglects to furnish such copies,

If clerk refuses to furnish copies.

the petitioner may thereupon docket the case in the district court, and the said court shall then have jurisdiction therein, and may, upon proof of such refusal or neglect of said clerk, and upon reasonable notice to the plaintiff, require the plaintiff to file a declaration, petition, or complaint in the cause; and, in case of his default, may order

Dismissal if petitioner fails to file copies, etc.

a nonsuit and dismiss the case at the costs of the plaintiff, and such dismissal shall be a bar to any further suit touching the matter in controversy. But if, without such refusal or neglect of said clerk to furnish such copies and proof thereof, the petitioner for removal fails to file copies in the district court, as herein provided, a certificate, under the seal of the district court, stating such failure, shall be given,

and upon the production thereof in said State court the cause shall proceed therein as if no petition for removal had been filed.

Sec. 32. When all the acts necessary for the removal of any suit or prosecution, as provided in the preceding section, have been performed, and the defendant petitioning for such removal is in actual custody on process issued by said State court, it shall be the duty of the clerk of said district court to issue a writ of habeas corpus cum causa, and of the marshal, by virtue of said writ, to take the body of the defendant into his custody, to be dealt with in said district court according to law and the orders of said court, or, in vacation, of any judge thereof; and the marshal shall file with or deliver to the clerk of said State court a duplicate copy of said writ.

<div style="float:right;text-align:right;font-size:small">Removal from custody of State court.<br>R.S., sec. 642, p. 116.</div>

Sec. 33. When any civil suit or criminal prosecution is commenced in any court of a State against any officer appointed under or acting by authority of any revenue law of the United States now or hereafter enacted, or against any person acting under or by authority of any such officer, on account of any act done under color of his office or of any such law, or on account of any right, title, or authority claimed by such officer or other person under any such law; or is commenced against any person holding property or estate by title derived from any such officer, and affects the validity of any such revenue law; or when any suit is commenced against any person for on account of anything done by him while an officer of either House of Congress in the discharge of his official duty, in executing any order of such House, the said suit or prosecution may, at any time before the trial or final hearing thereof, be removed for trial into the district court next to be holden in the district where the same is pending, upon the petition of such defendant to said district court, and in the following manner: Said petition shall set forth the nature of the suit or prosecution and be verified by affidavit, and, together with a certificate signed by an attorney or counselor at law of some court of record of the State where such suit or prosecution is commenced, or of the United States, stating that, as counsel for the petitioner, he has examined the proceedings against him and carefully inquired into all the matters set forth in the petition, and that he believes them to be true, shall be presented to the said district court, if in session, or if it be not, to the clerk thereof at his office, and shall be filed in said office. The cause shall thereupon be entered on the docket of the district court, and shall proceed as a cause originally commenced in that court; but all bail and other security given upon such suit or prosecution shall continue in like force and effect as if the same had proceeded to final judgment and execution in the State court. When the suit is commenced in the State court by summons, subpœna, petition, or other process except capias, the clerk of the district court shall issue a writ of certiorari to the State court, requiring it to send to the district court the record and proceedings in the cause. When it is commenced by capias or by any other similar form or proceeding by which a personal arrest is ordered, he shall issue a writ of habeas corpus cum causa, a duplicate of which shall be delivered to the clerk of the State court, or left at his office, by the marshal of the district or his deputy, or by some person duly authorized thereto; and thereupon it shall be the duty of the State court to stay all further proceedings in the cause, and the suit or prosecution, upon delivery of such process, or leaving the same as aforesaid, shall be held to be removed to the district court, and any further proceedings, trial, or judgment therein in the State court shall be void. If the defendant in the suit or prosecution be in actual custody on mesne process therein, it shall be the duty of the marshal, by virtue of the writ of habeas corpus cum causa, to take the body of the defendant into his custody, to be dealt with in the cause according to law and the order of the district

<div style="float:right;text-align:right;font-size:small">Actions involving United States revenue laws.<br>R.S. 643, p. 116.</div>

<div style="float:right;text-align:right;font-size:small">Official duties for Congress.<br>Vol. 18, p. 401.</div>

<div style="float:right;text-align:right;font-size:small">Petition, etc.</div>

<div style="float:right;text-align:right;font-size:small">Certiorari to State court for record, etc.</div>

<div style="float:right;text-align:right;font-size:small">Capias proceedings.</div>

<div style="float:right;text-align:right;font-size:small">Duty of marshal.</div>

1098          SIXTY-FIRST CONGRESS.  Sess. III.  Ch. 231.  1911.

Duty of plaintiff.
court, or, in vacation, of any judge thereof; and if, upon the removal of such suit or prosecution, it is made to appear to the district court that no copy of the record and proceedings therein in the State court can be obtained, the district court may allow and require the plaintiff to proceed de novo and to file a declaration of his cause of action, and the parties may thereupon proceed as in actions originally brought in said district court. On failure of the plaintiff so to proceed, judgment of non prosequitur may be rendered against him, with costs for the defendant.

Removal of suits by aliens.
R. S., sec. 644, p. 117.
SEC. 34. Whenever a personal action has been or shall be brought in any State court by an alien against any citizen of a State who is, or at the time the alleged action accrued was, a civil officer of the United States, being a non-resident of that State wherein jurisdiction is obtained by the State court, by personal service of process, such action may be removed into the district court of the United States in and for the district in which the defendant shall have been served with the process, in the same manner as now provided for the removal of an action brought in a State court by the provisions of the preceding section.

Proceedings on affidavit of record when copy refused by clerk.
R. S., sec. 645, p. 117.
SEC. 35. In any case where a party is entitled to copies of the records and proceedings in any suit or prosecution in a State court, to be used in any court of the United States, if the clerk of said State court, upon demand, and the payment or tender of the legal fees, refuses or neglects to deliver to him certified copies of such records and proceedings, the court of the United States in which such records and proceedings are needed may, on proof by affidavit that the clerk of said State court has refused or neglected to deliver copies thereof, on demand as aforesaid, direct such record to be supplied by affidavit or otherwise, as the circumstances of the case may require and allow; and thereupon such proceeding, trial, and judgment may be had in the said court of the United States, and all such processes awarded, as if certified copies of such records and proceedings had been regularly before the said court.

Attachments, etc., continued to await trial.
R. S., sec. 646, p. 117.
Vol. 18, p. 471.
SEC. 36. When any suit shall be removed from a State court to a district court of the United States, any attachment or sequestration of the goods or estate of the defendant had in such suit in the State court shall hold the goods or estate so attached or sequestered to answer the final judgment or decree in the same manner as by law they would have been held to answer final judgment or decree had it been rendered by the court in which said suit was commenced. All bonds, undertakings, or security given by either party in such suit prior to its removal shall remain valid and effectual notwithstanding said removal; and all injunctions, orders, and other proceedings had in such suit prior to its removal shall remain in full force and effect until dissolved or modified by the court to which such suit shall be removed.

Dismissal or remanding of suits not properly brought.
Vol. 18, p. 472.
SEC. 37. If in any suit commenced in a district court, or removed from a State court to a district court of the United States, it shall appear to the satisfaction of the said district court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said district court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this chapter, the said district court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require, and shall make such order as to costs as shall be just.

Proceedings in suits removed.
Vol. 18, p. 472.
SEC. 38. The district court of the United States shall, in all suits removed under the provisions of this chapter, proceed therein as if the suit had been originally commenced in said district court, and

the same proceedings had been taken in such suit in said district court as shall have been had therein in said State court prior to its removal.

SEC. 39. In all causes removable under this chapter, if the clerk of the State court in which any such cause shall be pending shall refuse to any one or more of the parties or persons applying to remove the same, a copy of the record therein, after tender of legal fees for such copy, said clerk so offending shall, on conviction thereof in the district court of the United States to which said action or proceeding was removed, be fined not more than one thousand dollars, or imprisoned not more than one year, or both. The district court to which any cause shall be removable under this chapter shall have power to issue a writ of certiorari to said State court commanding said State court to make return of the record in any such cause removed as aforesaid, or in which any one or more of the plaintiffs or defendants have complied with the provisions of this chapter for the removal of the same, and enforce said writ according to law. If it shall be impossible for the parties or persons removing any cause under this chapter, or complying with the provisions for the removal thereof, to obtain such copy, for the reason that the clerk of said State court refuses to furnish a copy, on payment of legal fees, or for any other reason, the district court shall make an order requiring the prosecutor in any such action or proceeding to enforce forfeiture or recover penalty, as aforesaid, to file a copy of the paper or proceeding by which the same was commenced, within such time as the court may determine; and in default thereof the court shall dismiss the said action or proceeding; but if said order shall be complied with, then said district court shall require the other party to plead, and said action or proceeding shall proceed to final judgment. The said district court may make an order requiring the parties thereto to plead de novo; and the bond given, conditioned as aforesaid, shall be discharged so far as it requires copy of the record to be filed as aforesaid.

*Marginal notes:*
- Punishment to clerk failing to furnish copy of record, etc. Vol. 18, p. 472.
- Certiorari to State court to return record.
- Order to prosecutor.
- Proceedings.

## CHAPTER FOUR.

### DISTRICT COURTS—MISCELLANEOUS PROVISIONS.

*Marginal notes:* Chapter 4. District courts, miscellaneous provisions.

Sec.
40. Capital cases; where triable.
41. Offenses on the high seas, etc., where triable.
42. Offenses begun in one district and completed in another.
43. Suits for penalties and forfeitures, where brought.
44. Suits for internal-revenue taxes, where brought.
45. Seizures, where cognizable.
46. Capture of insurrectionary property, where cognizable.
47. Certain seizures cognizable in any district into which the property is taken.
48. Jurisdiction in patent cases.
49. Proceedings to enjoin Comptroller of the Currency.
50. When a part of several defendants can not be served.
51. Civil suits; where to be brought.
52. Suits in States containing more than one district.
53. Districts containing more than one division; where suit to be brought; transfer of criminal cases.
54. Suits of a local nature, where to be brought.
55. When property lies in different districts in same State.

Sec.
56. When property lies in different States in same circuit; jurisdiction of receiver.
57. Absent defendants in suits to enforce liens, remove clouds on titles, etc.
58. Civil causes may be transferred to another division of district by agreement.
59. Upon creation of new district or division, where prosecution to be instituted or action brought.
60. Creation of new district, or transfer of territory not to divest lien; how lien to be enforced.
61. Commissioners to administer oaths to appraisers.
62. Transfer of records to district court when a Territory becomes a State.
63. District judge shall demand and compel delivery of records of territorial court.
64. Jurisdiction of district courts in cases transferred from territorial courts.
65. Receivers to manage property according to State laws.
66. Suits against receiver.
67. Certain persons not to be appointed or employed as officers of courts.
68. Certain persons not to be masters or receivers.

**1100**      SIXTY-FIRST CONGRESS. Sess. III. Ch. 231. 1911.

Venue of capital offenses.
R. S., sec, 729, p. 138.
SEC. 40. The trial of offenses punishable with death shall be had in the county where the offense was committed, where that can be done without great inconvenience.

Offenses on high seas, etc.
R. S., sec. 730, p. 138.
SEC. 41. The trial of all offenses committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district where the offender is found, or into which he is first brought.

Offenses begun in one district and completed in another.
R. S., sec. 731, p. 139.
SEC. 42. When any offense against the United States is begun in one judicial district and completed in another, it shall be deemed to have been committed in either, and may be dealt with, inquired of, tried, determined, and punished in either district, in the same manner as if it had been actually and wholly committed therein.

Suits for recoveries.
R. S., sec. 732, p. 139.
SEC. 43. All pecuniary penalties and forfeitures may be sued for and recovered either in the district where they accrue or in the district where the offender is found.

Internal revenue-tax suits.
R. S., sec. 733, p. 139.
SEC. 44. Taxes accruing under any law providing internal revenue may be sued for and recovered either in the district where the liability for such tax occurs or in the district where the delinquent resides.

Seizures on high seas.
R. S., sec. 734, p. 139.
SEC. 45. Proceedings on seizures made on the high seas, for forfeiture under any law of the United States, may be prosecuted in any district into which the property so seized is brought and proceedings instituted. Proceedings on such seizures made within any district shall be prosecuted in the district where the seizure is made, except in cases where it is otherwise provided.

Condemnation of insurrectionary property.
R. S., sec. 735, p. 139.
SEC. 46. Proceedings for the condemnation of any property captured, whether on the high seas or elsewhere out of the limits of any judicial district, or within any district, on account of its being purchased or acquired, sold or given, with intent to use or employ the same, or to suffer it to be used or employed, in aiding, abetting, or promoting any insurrection against the Government of the United States, or knowingly so used or employed by the owner thereof, or with his consent, may be prosecuted in any district where the same may be seized, or into which it may be taken and proceedings first instituted.

Forfeiture of property from section in insurrection, etc.
R. S., sec. 564, p. 96.
SEC. 47. Proceedings on seizures for forfeiture of any vessel or cargo entering any port of entry which has been closed by the President in pursuance of law, or of goods and chattels coming from a State or section declared by proclamation of the President to be in insurrection into other parts of the United States, or of any vessel or vehicle conveying such property, or conveying persons to or from such State or section, or of any vessel belonging, in whole or in part, to any inhabitant of such State or section, may be prosecuted in any district into which the property so seized may be taken and proceedings instituted; and the district court thereof shall have as full jurisdiction over such proceedings as if the seizure was made in that district.

Patent suits.
Vol. 29, p. 695.
SEC. 48. In suits brought for the infringement of letters patent the district courts of the United States shall have jurisdiction, in law or in equity, in the district of which the defendant is an inhabitant, or in any district in which the defendant, whether a person, partnership, or corporation, shall have committed acts of infringement and have a regular and established place of business. If such suit is brought in a district of which the defendant is not an inhabitant, but in which such defendant has a regular and established place of business, service of process, summons, or subpœna upon the defendant may be made by service upon the agent or agents engaged in conducting such business in the district in which suit is brought.

Proceedings to enjoin Comptroller of Currency.
R. S. sec. 736, p. 139.
SEC. 49. All proceedings by any national banking association to enjoin the Comptroller of the Currency, under the provisions of any law relating to national banking associations, shall be had in the district where such association is located.

Sec. 50. When there are several defendants in any suit at law or in equity, and one or more of them are neither inhabitants of nor found within the district in which the suit is brought, and do not voluntarily appear, the court may entertain jurisdiction, and proceed to the trial and adjudication of the suit between the parties who are properly before it; but the judgment or decree rendered therein shall not conclude or prejudice other parties not regularly served with process nor voluntarily appearing to answer; and non-joinder of parties who are not inhabitants of nor found within the district, as aforesaid, shall not constitute matter of abatement or objection to the suit.

*Proceedings against several defendants. R. S., sec. 737, p. 139.*

Sec. 51. Except as provided in the five succeeding sections, no person shall be arrested in one district for trial in another, in any civil action before a district court; and, except as provided in the six succeeding sections, no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant.

*Venue of civil suits. R. S., sec. 739, p. 140. Vol. 25, p. 434.*

Sec. 52. When a State contains more than one district, every suit not of a local nature, in the district court thereof, against a single defendant, inhabitant of such State, must be brought in the district where he resides; but if there are two or more defendants, residing in different districts of the State, it may be brought in either district, and a duplicate writ may be issued against the defendants, directed to the marshal of any other district in which any defendant resides. The clerk issuing the duplicate writ shall indorse thereon that it is a true copy of a writ sued out of the court of the proper district; and such original and duplicate writs, when executed and returned into the office from which they issue, shall constitute and be proceeded on as one suit; and upon any judgment or decree rendered therein, execution may be issued, directed to the marshal of any district in the same State.

*Venue in States having more than one district. R. S., sec. 740, p. 140.*

Sec. 53. When a district contains more than one division, every suit not of a local nature against a single defendant must be brought in the division where he resides; but if there are two or more defendants residing in different divisions of the district it may be brought in either division. All mesne and final process subject to the provisions of this section may be served and executed in any or all of the divisions of the district, or if the State contains more than one district, then in any of such districts, as provided in the preceding section. All prosecutions for crimes or offenses shall be had within the division of such districts where the same were committed, unless the court, or the judge thereof, upon the application of the defendant, shall order the cause to be transferred for prosecution to another division of the district. When a transfer is ordered by the court or judge, all the papers in the case, or certified copies thereof, shall be transmitted by the clerk, under the seal of the court, to the division to which the cause is so ordered transferred; and thereupon the cause shall be proceeded with in said division in the same manner as if the offense had been committed therein. In all cases of the removal of suits from the courts of a State to the district court of the United States such removal shall be to the United States district court in the division in which the county is situated from which the removal is made; and the time within which the removal shall be perfected, in so far as it refers to or is regulated by the terms of United States courts, shall be deemed to refer to the terms of the United States district court in such division.

*Districts containing more than one division.*

*Criminal prosecutions.*

*Transfer of record.*

*Removals from State courts.*

Suits of a local nature.
R. S., sec. 741, p. 140.

Sec. 54. In suits of a local nature, where the defendant resides in a different district, in the same State, from that in which the suit is brought, the plaintiff may have original and final process against him, directed to the marshal of the district in which he resides.

Jurisdiction where property lies partly in different districts.

Sec. 55. Any suit of a local nature, at law or in equity, where the land or other subject-matter of a fixed character lies partly in one district and partly in another, within the same State, may be brought in the district court of either district; and the court in which it is brought shall have jurisdiction to hear and decide it, and to cause mesne or final process to be issued and executed, as fully as if the said subject-matter were wholly within the district for which such court is constituted.

Authority of receiver of property lying in different States.

Sec. 56. Where in any suit in which a receiver shall be appointed the land or other property of a fixed character, the subject of the suit, lies within different States in the same judicial circuit, the receiver so appointed shall, upon giving bond as required by the court, immediately be vested with full jurisdiction and control over all the property, the subject of the suit, lying or being within such circuit;

Approval by circuit judge.

subject, however, to the disapproval of such order, within thirty days thereafter, by the circuit court of appeals for such circuit, or by a circuit judge thereof, after reasonable notice to adverse parties and an opportunity to be heard upon the motion for such disapproval; and subject, also, to the filing and entering in the district court for each district of the circuit in which any portion of the property may lie or be, within ten days thereafter, of a duly certified copy of the bill and of the order of appointment.

Effect of disapproval.

The disapproval of such appointment within such thirty days, or the failure to file such certified copy of the bill and order of appointment within ten days, as herein required, shall divest such receiver of jurisdiction over all such property except that portion thereof lying or being within the State in which the suit is brought.

Issue of process within circuit.

In any case coming within the provisions of this section, in which a receiver shall be appointed, process may issue and be executed within any district of the circuit in the same manner and to the same extent as if the property were wholly within the same district; but orders affecting such property shall be entered of record in each district in which the property affected may lie or be.

Absent defendants in suits to enforce liens, clear titles, etc.
R. S., secs. 738, 742, p. 140.

Sec. 57. When in any suit commenced in any district court of the United States to enforce any legal or equitable lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to real or personal property within the district where such suit is brought, one or more of the defendants therein shall not be an inhabitant of or found within the said district, or shall not voluntarily appear thereto, it shall be lawful for the court to make an order directing such absent defendant or defendants to appear, plead, answer, or demur by a day certain to be designated, which order shall be served on such absent defendant or defendants, if practicable, wherever found, and also upon the person or persons in possession or charge of said property, if any there be; or where such personal service upon such absent defendant or defendants is not practicable, such order shall be published in such manner as the court may direct, not less than once a week for six con-

Proceedings on failure to appear.

secutive weeks. In case such absent defendant shall not appear, plead, answer, or demur within the time so limited, or within some further time, to be allowed by the court, in its discretion, and upon proof of the service or publication of said order and of the performance of the directions contained in the same, it shall be lawful for the court to entertain jurisdiction, and proceed to the hearing and adjudication of such suit in the same manner as if such absent defendant had been served with process within the said district; but said adjudication shall, as regards said absent defendant or defendants without

appearance, affect only the property which shall have been the subject of the suit and under the jurisdiction of the court therein, within such district; and when a part of the said real or personal property against which such proceedings shall be taken shall be within another district, but within the same State, such suit may be brought in either district in said State: *Provided, however,* That any defendant or defendants not actually personally notified as above provided may, at any time within one year after final judgment in any suit mentioned in this section, enter his appearance in said suit in said district court, and thereupon the said court shall make an order setting aside the judgment therein and permitting said defendant or defendants to plead therein on payment by him or them of such costs as the court shall deem just; and thereupon said suit shall be proceeded with to final judgment according to law.

*Proviso.*
*Time for appearance if not personally notified.*

Sec. 58. Any civil cause, at law or in equity, may, on written stipulation of the parties or of their attorneys of record signed and filed with the papers in the case, in vacation or in term, and on the written order of the judge signed and filed in the case in vacation or on the order of the court duly entered of record in term, be transferred to the court of any other division of the same district, without regard to the residence of the defendants, for trial. When a cause shall be ordered to be transferred to a court in any other division, it shall be the duty of the clerk of the court from which the transfer is made to carefully transmit to the clerk of the court to which the transfer is made the entire file of papers in the cause and all documents and deposits in his court pertaining thereto, together with a certified transcript of the records of all orders, interlocutory decrees, or other entries in the cause; and he shall certify, under the seal of the court, that the papers sent are all which are on file in said court belonging to the cause; for the performance of which duties said clerk so transmitting and certifying shall receive the same fees as are now allowed by law for similar services, to be taxed in the bill of costs, and regularly collected with the other costs in the cause; and such transcript, when so certified and received, shall henceforth constitute a part of the record of the cause in the court to which the transfer shall be made. The clerk receiving such transcript and original papers shall file the same and the case shall then proceed to final disposition as other cases of a like nature.

Transfers by agreement.
Vol. 34, p. 206.

Papers to be transmitted.

Transcript of record.

Fees taxed as costs.

Sec. 59. Whenever any new district or division has been or shall be established, or any county or territory has been or shall be transferred from one district or division to another district or division, prosecutions for crimes and offenses committed within such district, division, county, or territory prior to such transfer, shall be commenced and proceeded with the same as if such new district or division had not been created, or such county or territory had not been transferred, unless the court, upon the application of the defendant, shall order the cause to be removed to the new district or division for trial. Civil actions pending at the time of the creation of any such district or division, or the transfer of any such county or territory, and arising within the district or division so created or the county or territory so transferred, shall be tried in the district or division as it existed at the time of the institution of the action, or in the district or division so created, or to which the county or territory is or shall be so transferred, as may be agreed upon by the parties, or as the court shall direct. The transfer of such prosecutions and actions shall be made in the manner provided in the section last preceding.

Procedure on creation of new districts, etc.

Sec. 60. The creation of a new district or division, or the transfer of any county or territory from one district or division to another district or division, shall not affect or divest any lien theretofore acquired in the circuit or district court by virtue of a decree, judgment, execu-

Liens, etc., not affected by new districts, etc.

tion, attachment, seizure, or otherwise, upon property situated or being within the district or division so created, or the county or territory so transferred. To enforce any such lien, the clerk of the court in which the same is acquired, upon the request and at the cost of the party desiring the same, shall make a true and certified copy of the record thereof, which, when so made and certified, and filed in the proper court of the district or division in which such property is situated or shall be, after such transfer, shall constitute the record of such lien in such court, and shall be evidence in all courts and places equally with the original thereof; and thereafter like proceedings shall be had thereon, and with the same effect, as though the cause or proceeding had been originally instituted in such court. The provisions of this section shall apply not only in all cases where a district or division is created, or a county or any territory is transferred by this or any future Act, but also in all cases where a district or division has been created, or a county or any territory has been transferred by any law heretofore enacted.

**Sec. 61.** Any district judge may appoint commissioners, before whom appraisers of vessels or goods and merchandise seized for breaches of any law of the United States, may be sworn; and such oaths, so taken, shall be as effectual as if taken before the judge in open court.

<span style="float:left">Commissioners to administer oaths to appraisers. R. S., sec. 570, p. 97.</span>

**Sec. 62.** When any Territory is admitted as a State, and a district court is established therein, all the records of the proceedings in the several cases pending in the highest court of said Territory at the time of such admission, and all records of the proceedings in the several cases in which judgments or decrees had been rendered in said territorial court before that time, and from which writs of error could have been sued out or appeals could have been taken, or from which writs of error had been sued out or appeals had been taken and prosecuted to the Supreme Court or to the circuit court of appeals, shall be transferred to and deposited in the district court for the said State.

<span style="float:left">Transfer of Territorial court's records on admission as a State. R. S., sec. 567, p. 97.</span>

**Sec. 63.** It shall be the duty of the district judge, in the case provided in the preceding section, to demand of the clerk, or other person having possession or custody of the records therein mentioned, the delivery thereof, to be deposited in said district court; and in case of the refusal of such clerk or person to comply with such demand, the said district judge shall compel the delivery of such records by attachment or otherwise, according to law.

<span style="float:left">Enforcing transfer. R. S., sec. 568, p. 97.</span>

**Sec. 64.** When any Territory is admitted as a State, and a district court is established therein, the said district court shall take cognizance of all cases which were pending and undetermined in the trial courts of such Territory, from the judgments or decrees to be rendered in which writs of error could have been sued out or appeals taken to the Supreme Court or to the circuit court of appeals, and shall proceed to hear and determine the same.

<span style="float:left">Cognizance of pending cases. R. S., sec. 569, p. 97.</span>

**Sec. 65.** Whenever in any cause pending in any court of the United States there shall be a receiver or manager in possession of any property, such receiver or manager shall manage and operate such property according to the requirements of the valid laws of the State in which such property shall be situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof. Any receiver or manager who shall willfully violate any provision of this section shall be fined not more than three thousand dollars, or imprisoned not more than one year, or both.

<span style="float:left">Receivers to manage property according to State laws. Vol. 25, p. 436.</span>

**Sec. 66.** Every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed; but such suit shall be subject to the general equity jurisdiction of the court in which such manager

<span style="float:left">Suits against receivers. Vol. 25, p. 436.</span>

or receiver was appointed so far as the same may be necessary to the ends of justice.

Sec. 67. No person shall be appointed to or employed in any office or duty in any court who is related by affinity or consanguinity within the degree of first cousin to the judge of such court.

*Relationship disqualifying officials.*
*Vol. 25, p. 437.*

Sec. 68. No clerk of a district court of the United States or his deputy shall be appointed a receiver or master in any case, except where the judge of said court shall determine that special reasons exist therefor, to be assigned in the order of appointment.

*Restriction on appointing receivers, etc.*

## CHAPTER FIVE.

*Chapter 5.*

## DISTRICT COURTS—DISTRICTS, AND PROVISIONS APPLICABLE TO PARTICULAR STATES.

*Judicial districts.*

| Sec. | | Sec. | |
|---|---|---|---|
| 69. | Judicial districts. | 93. | Nebraska. |
| 70. | Alabama. | 94. | Nevada. |
| 71. | Arkansas. | 95. | New Hampshire. |
| 72. | California. | 96. | New Jersey. |
| 73. | Colorado. | 97. | New York. |
| 74. | Connecticut. | 98. | North Carolina. |
| 75. | Delaware. | 99. | North Dakota. |
| 76. | Florida. | 100. | Ohio. |
| 77. | Georgia. | 101. | Oklahoma. |
| 78. | Idaho. | 102. | Oregon. |
| 79. | Illinois. | 103. | Pennsylvania. |
| 80. | Indiana. | 104. | Rhode Island. |
| 81. | Iowa. | 105. | South Carolina. |
| 82. | Kansas. | 106. | South Dakota. |
| 83. | Kentucky. | 107. | Tennessee. |
| 84. | Louisiana. | 108. | Texas. |
| 85. | Maine. | 109. | Utah. |
| 86. | Maryland. | 110. | Vermont. |
| 87. | Massachusetts. | 111. | Virginia. |
| 88. | Michigan. | 112. | Washington. |
| 89. | Minnesota. | 113. | West Virginia. |
| 90. | Mississippi. | 114. | Wisconsin. |
| 91. | Missouri. | 115. | Wyoming. |
| 92. | Montana. | | |

Sec. 69. The United States are divided into judicial districts as follows:

*Division of States.*
*R. S., sec. 530, p. 89.*

Sec. 70. The State of Alabama is divided into three judicial districts, to be known as the northern, middle, and southern districts of Alabama. The northern district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Cullman, Jackson, Lawrence, Limestone, Madison, and Morgan, which shall constitute the northeastern division of said district; also the territory embraced on the date last mentioned in the counties of Colbert, Franklin, and Lauderdale, which shall constitute the northwestern division of said district; also the territory embraced on the date last mentioned in the counties of Cherokee, De Kalb, Etowah, Marshall, and Saint Clair, which shall constitute the middle division of said district; also the territory embraced on the date last mentioned in the counties of Blount, Jefferson, and Shelby, which shall constitute the southern division of said district; also the territory embraced on the date last mentioned in the counties of Walker, Winston, Marion, Fayette, and Lamar, which shall constitute the Jasper division of said district; also the territory embraced on the date last mentioned in the counties of Calhoun, Clay, Cleburne, and Talladega, which shall constitute the eastern division of said district; also the territory embraced on the date last mentioned in the counties of Bibb, Greene, Pickens, Sumter, and Tuscaloosa, which shall constitute the western division

*Alabama.*
*R. S., sec. 533, p. 89.*

*Northern district.*
*Divisions.*

Case: 16-35193, 06/09/2016, ID: 10008215, DktEntry: 3, Page 40 of 110

1106　　　SIXTY-FIRST CONGRESS. Sess. III. Ch. 231. 1911.

Terms.
of said district. Terms of the district court for the northeastern division shall be held at Huntsville on the first Tuesday in April and the second Tuesday in October; for the northwestern division, at Florence on the second Tuesday in February and the third Tuesday in October: *Provided*, That suitable rooms and accommodations for holding court at Florence shall be furnished free of expense to the Government; for the middle division, at Gadsden on the first Tuesdays in February and August: *Provided*, That suitable rooms and accommodations for the holding court at Gadsden shall be furnished free of expense to the Government; for the southern division, at Birmingham on the first Mondays in March and September, which courts shall remain in session for the transaction of business at least six months in each calendar year; for the Jasper division, at Jasper on the second Tuesdays in January and June: *Provided*, That suitable rooms and accommodations for holding court at Jasper shall be furnished free of expense to the Government; for the eastern division, at Anniston on the first Mondays in May and November; and for the western division, at Tuscaloosa on the first Tuesdays in January and June. The clerk of the court for the northern district shall maintain an office in charge of himself or a deputy at Anniston, at Florence, at Jasper, and at Gadsden, which shall be kept open at all times for the transaction of the business of said court. The district judge for the northern district shall reside at Birmingham. The middle district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Autauga, Barbour, Bullock, Butler, Chilton, Chambers, Coosa, Covington, Crenshaw, Elmore, Lee, Lowndes, Macon, Montgomery, Pike, Randolph, Russell, and Tallapoosa, which shall constitute the northern division of said district; also the territory embraced on the date last mentioned in the counties of Coffee, Dale, Geneva, Henry, and Houston, which shall constitute the southern division of said district. Terms of the district court for the northern division shall be held at Montgomery on the first Tuesdays in May and December; and for the southern division, at Dothan on the first Mondays in June and December. The clerk for the middle district shall maintain an office, in charge of himself or a deputy, at Dothan, which shall be open at all times for the transaction of the business of said division. The southern district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Baldwin, Choctaw, Clarke, Conecuh, Escambia, Mobile, Monroe, and Washington, which shall constitute the southern division of said district; also the territory embraced on the date last mentioned in the counties of Dallas, Hale, Marengo, Perry, and Wilcox, which shall constitute the northern division of said district. Terms of the district court for the southern division shall be held at Mobile on the fourth Mondays in May and November; and for the northern division, at Selma on the first Mondays in May and November.

Provisos.
Rooms at Florence.

Rooms at Gadsden.

Rooms at Jasper.

Offices.

Middle district.
Divisions.

Terms.

Offices.

Southern district.
Divisions.

Terms.

Sec. 71. The State of Arkansas is divided into two districts, to be known as the eastern and western districts of Arkansas. The western district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Sevier, Howard, Little River, Pike, Hempstead, Miller, Lafayette, Columbia, Nevada, Ouachita, Union, and Calhoun, which shall constitute the Texarkana division of said district; also the territory embraced on the date last mentioned in the counties of Polk, Scott, Yell, Logan, Sebastian, Franklin, Crawford, Washington, Benton, and Johnson, which shall constitute the Fort Smith division of said district; also the territory embraced on the date last mentioned in the counties of Baxter, Boone, Carroll, Madison, Marion, Newton, and Searcy, which shall constitute the Harrison division of said district. Terms of the

Arkansas.
R. S., sec. 533, p. 89.
Western district.
Divisions.

Terms.

Case: 16-35193, 06/09/2016, ID: 10008215, DktEntry: 3, Page 41 of 110

SIXTY-FIRST CONGRESS. Sess. III.- Ch. 231. 1911. 1107

district-court for the Texarkana division shall be held at Texarkana on the second Mondays in May and November; for the Fort Smith division, at Fort Smith on the second Mondays in January and June; and for the Harrison division, at Harrison on the second Mondays in April and October. The eastern district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Lee, Phillips, Saint Francis, Cross, Monroe, and Woodruff, which shall constitute the eastern division of said district; also the territory embraced on the date last mentioned in the counties of Independence, Cleburne, Stone, Izard, Sharp, and Jackson, which shall constitute the northern division of said district; also the territory embraced on the date last mentioned in the counties of Crittenden, Clay, Craighead, Greene, Mississippi, Poinsett, Fulton, Randolph, and Lawrence, which shall constitute the Jonesboro division of said district; and also the territory embraced on the date last mentioned in the counties of Arkansas, Ashley, Bradley, Chicot, Clark, Cleveland, Conway, Dallas, Desha, Drew, Faulkner, Garland, Grant, Hot Spring, Jefferson, Lincoln, Lonoke, Montgomery, Perry, Pope, Prairie, Pulaski, Saline, Van Buren, and White, which shall constitute the western division of said district. Terms of the district court for the eastern division shall be held at Helena on the second Monday in March and the first Monday in October; for the northern division, at Batesville on the fourth Monday in May and the second Monday in December; for the Jonesboro division, at Jonesboro on the second Mondays in May and November; and for the western division, at Little Rock on the first Monday in April and the third Monday in October. The clerk of the court for the eastern district shall maintain an office in charge of himself or a deputy at Little Rock, at Helena, at Jonesboro, and at Batesville, which shall be kept open at all times for the transaction of the business of the court. And the clerk of the court for the western district shall maintain an office in charge of himself or a deputy at Fort Smith, at Harrison, and at Texarkana, which shall be kept open at all times for the transaction of the business of the court.

*Eastern district. Divisions.*

*Terms.*

*Offices.*

SEC. 72. The State of California is divided into two districts, to be known as the northern and southern districts of California. The southern district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Fresno, Inyo, Kern, Kings, Madera, Mariposa, Merced, and Tulare, which shall constitute the northern division of said district; also the territory embraced on the date last mentioned in the counties of Imperial, Los Angeles, Orange, Riverside, San Bernardino, San Diego, San Luis Obispo, Santa Barbara, and Ventura, which shall constitute the southern division of said district. Terms of the district court for the northern division shall be held at Fresno on the first Monday in May and the second Monday in November; and for the southern division, at Los Angeles, on the second Monday in January and the second Monday in July, and at San Diego on the second Mondays in March and September. The northern district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Alameda, Alpine, Amador, Butte, Calaveras, Colusa, Contra Costa, Del Norte, El Dorado, Glenn, Humboldt, Lake, Lassen, Marin, Mendocino, Modoc, Mono, Monterey, Napa, Nevada, Placer, Plumas, Sacramento, San Benito, San Francisco, San Joaquin, San Mateo, Santa Clara, Santa Cruz, Shasta, Sierra, Siskiyou, Solano, Sonoma, Stanislaus, Sutter, Tehama, Trinity, Tuolumne, Yolo, and Yuba. Terms of the district court for the northern district shall be held at San Francisco on the first Monday in March, the second Monday in July, and the first Monday in November; at Sacramento on the second Monday in April; and at Eureka on the third Monday in July.

*California. Vol. 24, p. 308. Southern district. Divisions.*

*Terms.*

*Northern district. Divisions.*

*Terms.*

Sec. 73. The State of Colorado shall constitute one judicial district, to be known as the district of Colorado. Terms of the district court shall be held at Denver on the first Tuesdays in May and November; at Pueblo on the first Tuesday in April; and at Montrose on the second Tuesday in September.

Sec. 74. The State of Connecticut shall constitute one judicial district, to be known as the district of Connecticut. Terms of the district court shall be held at New Haven on the fourth Tuesdays in February and September, and at Hartford on the fourth Tuesday in May and the first Tuesday in December.

Sec. 75. The State of Delaware shall constitute one judicial district, to be known as the district of Delaware. Terms of the district court shall be held at Wilmington on the second Tuesdays in March, June, September, and December.

Sec. 76. The State of Florida is divided into two districts, to be known as the northern and southern districts of Florida. The southern district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Baker, Bradford, Brevard, Citrus, Clay, Columbia, Dade, De Soto, Duval, Hamilton, Hernando, Hillsboro, Lake, Lee, Madison, Manatee, Marion, Monroe, Nassau, Orange, Osceola, Palm Beach, Pasco, Polk, Putnam, Saint John, Sumter, Suwanee, Saint Lucie, and Volusia.

Terms of the district court for the southern district shall be held at Ocala on the third Monday in January; at Tampa on the second Monday in February; at Key West on the first Mondays in May and November; at Jacksonville on the first Monday in December; at Fernandina on the first Monday in April; and at Miami on the fourth Monday in April. The district court for the southern district shall be open at all times for the purpose of hearing and deciding causes of admiralty and maritime jurisdiction.

The northern district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Alachua, Calhoun, Escambia, Franklin, Gadsden, Holmes, Jackson, Jefferson, Lafayette, Leon, Levy, Liberty, Santa Rosa, Taylor, Wakulla, Walton, and Washington.

Terms of the district court for the northern district shall be held at Tallahassee on the second Monday in January; at Pensacola on the first Mondays in May and November; at Marianna on the first Monday in April; and at Gainesville on the second Mondays in June and December.

Sec. 77. The State of Georgia is divided into two districts, to be known as the northern and southern districts of Georgia. The northern district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Campbell, Carroll, Clayton, Cobb, Coweta, Cherokee, Dekalb, Douglas, Dawson, Fannin, Fayette, Fulton, Forsyth, Gilmer, Gwinnett, Hall, Henry, Lumpkin, Milton, Newton, Pickens, Rockdale, Spalding, Towns, and Union, which shall constitute the northern division of said district; also the territory embraced on the date last mentioned in the counties of Banks, Clarke, Elbert, Franklin, Greene, Habersham, Hart, Jackson, Morgan, Madison, Oglethorpe, Oconee, Rabun, Stephens, Walton, and White, which shall constitute the eastern division of said district; also the territory embraced on the date last mentioned in the counties of Chattahoochee, Clay, Early, Harris, Heard, Meriwether, Marion, Muscogee, Quitman, Randolph, Schley, Stewart, Talbot, Taylor, Terrell, Troup, and Webster, which shall constitute the western division of said district; also the territory embraced on the date last mentioned in the counties of Bartow, Chattooga, Catoosa, Dade, Floyd, Gordon, Haralson, Murray, Paulding, Polk, Walker, and Whitfield, which shall constitute the northwestern division of said district.

Terms of the district court for northern division of said district shall be held at Atlanta on the second Monday in March and the first Monday in October; for the eastern division,

at Athens on the second Monday in April and the first Monday in November; for the western division, at Columbus on the first Mondays in May and December; and for the northwestern division, at Rome on the third Mondays in May and November. The clerk of the court for the northern district shall maintain an office in charge of himself or a deputy at Athens, at Columbus, and at Rome, which shall be kept open at all times for the transaction of the business of the court. The southern district shall include the territory embraced on the said first day of July, nineteen hundred and ten, in the counties of Appling, Bulloch, Bryan, Camden, Chatham, Emanuel, Effingham, Glynn, Jeff Davis, Liberty, Montgomery, McIntosh, Screven, Tatnall, Toombs, and Wayne, which shall constitute the eastern division of said district; also the territory embraced on the date last mentioned in the counties of Baldwin, Bibb, Butts, Crawford, Dodge, Dooly, Hancock, Houston, Jasper, Jones, Laurens, Macon, Monroe, Pike, Pulaski, Putnam, Sumter, Telfair, Twiggs, Upson, Wilcox, and Wilkinson, which shall constitute the western division; also the territory embraced on the date last mentioned in the counties of Burke, Columbia, Glascock, Jefferson, Jenkins, Johnson, Lincoln, McDuffie, Richmond, Taliaferro, Washington, Wilkes, and Warren, which shall constitute the northeastern division; also the territory embraced on the date last mentioned in the counties of Berrien, Brooks, Charlton, Clinch, Coffee, Decatur, Echols, Grady, Irwin, Lowndes, Pierce, and Ware, which shall constitute the southwestern division; and also the territory embraced on the date last mentioned in the counties of Baker, Ben Hill, Calhoun, Crisp, Colquitt, Dougherty, Lee, Miller, Mitchell, Thomas, Tift, Turner, and Worth, which shall constitute the Albany division. Terms of the district court for the western division shall be held at Macon on the first Mondays in May and October; for the eastern division, at Savannah on the second Tuesdays in February, May, August, and November; for the northeastern division, at Augusta on the first Monday in April and the third Monday in November; for the southwestern division, at Valdosta on the second Mondays in June and December; and for the Albany division, at Albany on the third Mondays in June and December.

Sec. 78. The State of Idaho shall constitute one judicial district, to be known as the district of Idaho. It is divided into four divisions, to be known as the northern, central, southern, and eastern divisions. The territory embraced on the first day of July, nineteen hundred and ten, in the counties of Bonner, Kootenai, and Shoshone, shall constitute the northern division of said district; and the territory embraced on the date last mentioned in the counties of Idaho, Latah, and Nez Perce, shall constitute the central division of said district; and the territory embraced on the date last mentioned in the counties of Ada, Boise, Blaine, Cassia, Twin Falls, Canyon, Elmore, Lincoln, Owyhee, and Washington, shall constitute the southern division of said district; and the territory embraced on the date last mentioned in the counties of Bannock, Bear Lake, Bingham, Custer, Fremont, Lemhi, and Oneida, shall constitute the eastern division of said district. Terms of the district court for the northern division of said district shall be held at Coeur d'Alene City on the fourth Monday in May and the third Monday in November; for the central division, at Moscow on the second Monday in May and the first Monday in November; for the southern division, at Boise City on the second Mondays in February and September; and for the eastern division, at Pocatello on the second Mondays in March and October. The clerk of the court shall maintain an office in charge of himself or a deputy at Coeur d'Alene City, at Moscow, at Boise City, and at Pacatello, which shall be open at all times for the transaction of the business of the court.

88740°—vol 36, pt 1—11——72

*Marginal notes:* Offices. Southern district. Divisions. Terms. Idaho. Vol. 26, p. 217. Divisions. Terms. Offices.

Illinois.
R. S., sec. 536, p. 90.
Northern district.
Divisions.

SEC. 79. The State of Illinois is divided into three districts, to be known as the northern, southern, and eastern districts of Illinois. The northern district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Cook, Dekalb, Dupage, Grundy, Kane, Kendall, Lake, Lasalle, McHenry, and Will, which shall constitute the eastern division; also the territory embraced on the date last mentioned in the counties of Boone, Carroll, Jo Daviess, Lee, Ogle, Stephenson, Whiteside, and Winnebago, which shall constitute the western division.

Terms.

Terms of the district court for the eastern division shall be held at Chicago on the first Mondays in February, March, April, May, June, July, September, October, and November, and the third Monday in December; and for the western division, at Freeport on the third Mondays in April and October.

Offices.

The clerk of the court for the northern district shall maintain an office in charge of himself or a deputy at Chicago and at Freeport, which shall be kept open at all times for the transaction of the business of the court. The marshal for the northern district shall maintain an office in the division in which he himself does not reside and shall appoint at least one deputy who shall reside therein.

Southern district.
Divisions.

The southern district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Bureau, Fulton, Henderson, Henry, Knox, Livingston, McDonough, Marshall, Mercer, Putnam, Peoria, Rock Island, Stark, Tazewell, Warren, and Woodford, which shall constitute the northern division; also the territory embraced on the date last mentioned in the counties of Adams, Bond, Brown, Calhoun, Cass, Christian, Dewitt, Greene, Hancock, Jersey, Logan, McLean, Macon, Macoupin, Madison, Mason, Menard, Montgomery, Morgan, Pike, Sangamon, Schuyler, and Scott, which shall constitute the southern division.

Terms.

Terms of the district court for the northern division shall be held at Peoria on the third Mondays in April and October; for the southern division, at Springfield on the first Mondays in January and June, and at Quincy on the first Mondays in March and September.

Offices.

The clerk of the court for the southern district shall maintain an office in charge of himself or a deputy at Peoria, at Springfield, and at Quincy, which shall be kept open at all times for the transaction of the business of the court. The marshal for said southern district shall appoint at least one deputy residing in the said northern division, who shall maintain an office at Peoria.

Eastern district.

The eastern district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Alexander, Champaign, Clark, Clay, Clinton, Coles, Crawford, Cumberland, Douglas, Edgar, Edwards, Effingham, Fayette, Ford, Franklin, Gallatin, Hamilton, Hardin, Iroquois, Jackson, Jasper, Jefferson, Johnson, Kankakee, Lawrence, Marion, Massac, Monroe, Moultrie, Perry, Piatt, Pope, Pulaski, Randolph, Richland, Saint Clair, Saline, Shelby, Union, Vermilion, Wabash, Washington, Wayne, White, and Williamson.

Terms.

Terms of the district court for the eastern district shall be held at Danville on the first Mondays in March and September; at Cairo on the first Mondays in April and October; and at East Saint Louis on the first Mondays in May and November.

Offices.

The clerk of the court for the eastern district shall maintain an office in charge of himself or a deputy at Danville, at Cairo, and at East Saint Louis, which shall be kept open at all times for the transaction of the business of the court, and shall there keep the records, files, and documents pertaining to the court at that place.

Indiana.
R. S., sec. 531, p. 89.
Terms.

SEC. 80. The State of Indiana shall constitute one judicial district, to be known as the district of Indiana. Terms of the district court shall be held at Indianapolis on the first Tuesdays in May and November; at New Albany on the first Mondays in January and July; at Evansville on the first Mondays in April and October; at Fort Wayne

on the second Tuesdays in June and December; and at Hammond on the third Tuesdays in April and October. The clerk of the court shall appoint four deputy clerks, one of whom shall reside and keep his office at New Albany, one at Evansville, one at Fort Wayne, and one at Hammond. Each deputy shall keep in his office full records of all actions and proceedings of the district court held at that place.

Offices.

Sec. 81. The State of Iowa is divided into two judicial districts, to be known as the northern and southern districts of Iowa. The northern district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Allamakee, Dubuque, Buchanan, Clayton, Delaware, Fayette, Winneshiek, Howard, Chickasaw, Bremer, Blackhawk, Floyd, Mitchell, and Jackson, which shall constitute the eastern division of said district; also the territory embraced on the date last mentioned in the counties of Jones, Cedar, Linn, Johnson, Iowa, Benton, Tama, Grundy, and Hardin, which shall constitute the Cedar Rapids division; also the territory embraced on the date last mentioned in the counties of Emmet, Palo Alto, Pocahontas, Calhoun, Kossuth, Humboldt, Webster, Winnebago, Hancock, Wright, Hamilton, Worth, Cerro Gordo, Franklin, and Butler, which shall constitute the central division; also the territory embraced on the date last mentioned in the counties of Dickinson, Clay, Buena Vista, Sac, Osceola, O'Brien, Cherokee, Ida, Lyon, Sioux, Plymouth, Woodbury, and Monona, which shall constitute the western division. Terms of the district court for the eastern division shall be held at Dubuque on the first Tuesday in April and the first Tuesday in December, and at Waterloo on the second Tuesdays in May and September; for the Cedar Rapids division, at Cedar Rapids on the first Tuesday in April and the fourth Tuesday in September; for the central division, at Fort Dodge on the second Tuesdays in June and November; and for the western division, at Sioux City on the fourth Tuesday in May and the third Tuesday in October. The southern district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Louisa, Henry, Des Moines, Lee, and Van Buren, which shall constitute the eastern division of said district; also the territory embraced on the date last mentioned in the counties of Marshall, Story, Boone, Greene, Guthrie, Dallas, Polk, Jasper, Poweshiek, Marion, Warren, and Madison, which shall constitute the central division of said district; also the territory embraced on the date last mentioned in the counties of Carroll, Crawford, Harrison, Shelby, Audubon, Cass, Pottawattamie, Mills, and Montgomery, which shall constitute the western division of said district; also the territory embraced on the date last mentioned in the counties of Adair, Adams, Clarke, Decatur, Fremont, Lucas, Page, Ringgold, Taylor, Union, and Wayne, which shall constitute the southern division of said district; also the territory embraced on the date last mentioned in the counties of Scott, Muscatine, Washington, and Clinton, which shall constitute the Davenport division of said district; also the territory embraced on the date last mentioned in the counties of Davis, Appanoose, Mahaska, Keokuk, Jefferson, Monroe, and Wapello, which shall constitute the Ottumwa division of said district. Terms of the district court for the eastern division shall be held at Keokuk on the second Tuesday in April and the third Tuesday in October; for the central division, at Des Moines on the second Tuesday in May and the third Tuesday in November; for the western division, at Council Bluffs on the second Tuesday in March and the third Tuesday in September; for the southern division, at Creston on the fourth Tuesday in March and the first Tuesday in November; for the Davenport division, at Davenport on the fourth Tuesday in

Iowa.
R. S., sec. 537, p. 90.
Northern district.
Divisions.

Terms.

Southern district
Divisions.

Terms.

Offices.

April and the first Tuesday in October; and for the Ottumwa division, at Ottumwa on the first Monday after the fourth Tuesday in March, and the first Monday after the third Tuesday in October. The clerk of the court for said district shall maintain an office in charge of himself or a deputy at Davenport and at Ottumwa, for the transaction of the business of said divisions.

Kansas.
R. S., sec. 531, p. 89.
Divisions.

SEC. 82. The State of Kansas shall constitute one judicial district, to be known as the district of Kansas. It is divided into three divisions, to be known as the first, second, and third divisions of the district of Kansas. The first division shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Atchison, Brown, Chase, Cheyenne, Clay, Cloud, Decatur, Dickinson, Doniphan, Douglas, Ellis, Franklin, Geary, Gove, Graham, Jackson, Jefferson, Jewell, Johnson, Leavenworth, Lincoln, Logan, Lyon, Marion, Marshall, Mitchell, Morris, Nemaha, Norton, Osage, Osborne, Ottawa, Phillips, Pottawatomie, Rawlins, Republic, Riley, Rooks, Russell, Saline, Shawnee, Sheridan, Sherman, Smith, Thomas, Trego, Wabaunsee, Wallace, Washington, and Wyandotte. The second division shall include the territory embraced on the date last mentioned in the counties of Barber, Barton, Butler, Clark, Comanche, Cowley, Edwards, Ellsworth, Finney, Ford, Grant, Gray, Greeley, Hamilton, Harper, Harvey, Hodgeman, Haskell, Kingman, Kiowa, Kearny, Lane, McPherson, Morton, Meade, Ness, Pratt, Pawnee, Reno, Rice, Rush, Scott, Sedgwick, Stafford, Stevens, Seward, Sumner, Stanton, and Wichita. The third division shall include the territory embraced on the said date last mentioned in the counties of Allen, Anderson, Bourbon, Cherokee, Coffey, Chautauqua, Crawford, Elk, Greenwood, Labette, Linn, Miami, Montgomery, Neosho, Wilson, and Woodson.

Terms.

Terms of the district court for the first division shall be held at Leavenworth on the second Monday in October; at Topeka on the second Monday in April; at Kansas City on the second Monday in January and the first Monday in October; and at Salina on the second Monday in May; but no cause, action, or proceeding shall be tried or considered at any term held at Salina unless by consent of all the parties thereto, or by order of the court for cause. Terms of the district court for the second division shall be held at Wichita on the second Mondays in March and September; and for the third division, at Fort Scott on the first Monday in May and the second Monday in November.

Offices.

The clerk of the district court shall appoint two deputies, one of whom shall reside and keep his office at Fort Scott, and the other at Wichita; and the marshal shall appoint a deputy who shall reside and keep his office at Fort Scott.

Kentucky.
Vol. 31, p. 781.
Eastern district.

SEC. 83. The State of Kentucky is divided into two districts, to be known as the eastern and western districts of Kentucky. The eastern district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Carroll, Trimble, Henry, Shelby, Anderson, Mercer, Boyle, Gallatin, Boone, Kenton, Campbell, Pendleton, Grant, Owen, Franklin, Bourbon, Scott, Woodford, Fayette, Jessamine, Garrard, Madison, Lincoln, Rockcastle, Pulaski, Wayne, Whitley, Bell, Knox, Harlan, Laurel, Clay, Leslie, Letcher, Perry, Owsley, Jackson, Estill, Lee, Breathitt, Knott, Pike, Floyd, Magoffin, Martin, Johnson, Lawrence, Boyd, Greenup, Carter, Elliott, Morgan, Wolfe, Powell, Menifee, Clark, Montgomery, Bath, Rowan, Lewis, Fleming, Mason, Bracken, Robertson, Nicholas, and Harrison, with the waters thereof.

Terms.

Terms of the district court for the eastern district shall be held at Frankfort on the second Monday in March and the fourth Monday in September; at Covington on the first Monday in April and the third Monday in October; at Richmond on the fourth Monday in April and the second Monday in November; at London on the second Monday in May and the fourth Monday in November; at Catlettsburg on the fourth Monday in May

and the second Monday in December; and at Jackson on the first Monday in March and the third Monday in September: *Provided*, That suitable rooms and accommodations are furnished for holding court at Jackson free of expense to the Government until such time as a public building shall be erected there.    The western district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Oldham, Jefferson, Spencer, Bullitt, Nelson, Washington, Marion, Larue, Taylor, Casey, Green, Adair, Russell, Clinton, Cumberland, Monroe, Metcalfe, Allen, Barren, Simpson, Logan, Warren, Butler, Hart, Edmonson, Grayson, Hardin, Meade, Breckinridge, Hancock, Daviess, Ohio, McLean, Muhlenberg, Todd, Christian, Trigg, Lyon, Caldwell, Livingston, Crittenden, Hopkins, Webster, Henderson, Union, Marshall, Calloway, McCracken, Graves, Ballard, Carlisle, Hickman, and Fulton, with the waters thereof.    Terms of the district court for the western district shall be held at Louisville on the second Mondays in March and October; at Owensboro on the first Monday in May and the fourth Monday in November; at Paducah on the third Mondays in April and November; and at Bowling Green on the third Monday in May and the second Monday in December.    The clerk of the court for the eastern district shall maintain an office in charge of himself or a deputy at Frankfort, at Covington, at Richmond, at London, at Catlettsburg, and at Jackson; and the clerk for the western district shall maintain an office in charge of himself or a deputy at Louisville, at Owensboro, at Paducah, and at Bowling Green, each of which offices shall be kept open at all times for the transaction of the business of said court.    The clerks of the courts for the eastern and western districts, upon issuing original process in a civil action, shall make it returnable to the court nearest to the county of the residence of the defendant, or of that defendant whose county is nearest to a court, and shall, immediately upon payment by the plaintiff of his fees accrued, send the papers filed to the clerk of the court to which the process is made returnable; and whenever the process is not thus made returnable, any defendant may, upon motion, on or before the calling of the cause, have it transferred to the court to which it should have been sent had the clerk known the residence of the defendant when the action was brought.

Sec. 84. The State of Louisiana is divided into two judicial districts, to be known as the eastern and western districts of Louisiana. The eastern district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the parishes of Assumption, Iberia, Jefferson, Lafourche, Orleans, Plaquemines, Saint Bernard, Saint Charles, Saint James, Saint John the Baptist, Saint Mary, Saint Tammany, Tangipahoa, Terrebonne, and Washington, which shall constitute the New Orleans division; also the territory embraced on the date last mentioned in the parishes of Ascension, East Baton Rouge, East Feliciana, Livingston, Pointe Coupee, Saint Helena, West Baton Rouge, Iberville, and West Feliciana, which shall constitute the Baton Rouge division of said district.    Terms of the district court for the New Orleans division shall be held at New Orleans on the third Mondays in February, May, and November; and for the Baton Rouge division, at Baton Rouge on the second Mondays in April and November.    The clerk of the court for the eastern district shall maintain an office in charge of himself or a deputy at New Orleans and at Baton Rouge which shall be kept open at all times for the transaction of the business of the court.    The western district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the parishes of Saint Landry, Evangeline, Saint Martin, Lafayette, and Vermilion, which shall constitute the Opelousas division of said district; also the territory embraced on the date last mentioned in the parishes of Rapides, Avoyelles, Catahoula, La Salle, Grant, and Winn,

*Marginal notes:*
*Proviso.*
Rooms at Jackson.

Western district.

Terms.

Offices.

Return of process in civil actions.
R. S., sec. 745, p. 141.

Louisiana.
Vol. 21, p. 507.

Eastern district.
Divisions.

Terms.

Offices.

Western district.
Divisions.

**1114**     SIXTY-FIRST CONGRESS. Sess. III. Ch. 231. 1911.

which shall constitute the Alexandria division of said district; also the territory embraced on the said date last mentioned in the parishes of Caddo, De Soto, Bossier, Webster, Claiborne, Bienville, Natchitoches, Sabine, and Red River, which shall constitute the Shreveport division of said district; also the territory embraced on the date last mentioned in the parishes of Ouachita, Franklin, Richland, Morehouse, East Carroll, West Carroll, Madison, Tensas, Concordia, Union, Caldwell, Jackson, and Lincoln, which shall constitute the Monroe division of said district; also the territory embraced on the date last mentioned in the parishes of Acadia, Calcasieu, Cameron, and Vernon, which shall constitute the Lake Charles division of said district.

<span style="float:left">Terms.</span>

Terms of the district court for the Opelousas division shall be held at Opelousas on the first Mondays in January and June; for the Alexandria division, at Alexandria on the fourth Mondays in January and June; for the Shreveport division, at Shreveport on the third Mondays in February and October; for the Monroe division, at Monroe on the first Mondays in April and October; and for the Lake Charles division, at Lake Charles on the third Mondays in May and December.

<span style="float:left">Offices.</span>

The clerk of the court for the western district shall maintain an office in charge of himself or a deputy at Opelousas, at Alexandria, at Shreveport, at Monroe, and at Lake Charles, which shall be kept open at all times for the transaction of the business of the court.

<span style="float:left">Maine.<br>R. S., sec. 531, p. 89.<br>Terms.</span>

Sec. 85. The State of Maine shall constitute one judicial district, to be known as the district of Maine. Terms of the district court shall be held at Portland on the first Tuesdays in February and December; at Bangor on the first Tuesday in June; and at Bath on the first Tuesday in September.

<span style="float:left">Maryland.<br>R. S., sec. 531, p. 89.<br>Terms.</span>

Sec. 86. The State of Maryland shall constitute one judicial district, to be known as the district of Maryland. Terms of the district court shall be held at Baltimore on the first Tuesdays in March, June, September, and December; and at Cumberland on the second Monday in May and the last Monday in September.

<span style="float:left">Offices.</span>

The clerk of the court shall appoint a deputy who shall reside and maintain an office at Cumberland, unless the clerk shall himself reside there; and the marshal shall also appoint a deputy, who shall reside and maintain an office at Cumberland, unless he shall himself reside there.

<span style="float:left">Massachusetts.<br>R. S., sec. 531, p. 89.<br>Terms.</span>

Sec. 87. The State of Massachusetts shall constitute one judicial district, to be known as the district of Massachusetts. Terms of the district court shall be held at Boston on the third Tuesday in March, the fourth Tuesday in June, the second Tuesday in September, and the first Tuesday in December; and at Springfield, on the second Tuesdays in May and December: *Provided,* That suitable rooms and

<span style="float:left">*Proviso.*<br>Rooms, etc., at<br>Springfield.</span>

accommodations for holding court at Springfield shall be furnished free of expense to the Government until such time as a Federal building shall be erected there for that purpose. The marshal and the clerk for said district shall each appoint at least one deputy, to reside in Springfield and to maintain an office at that place.

<span style="float:left">Michigan.<br>R. S., sec. 538, p. 90.<br>Eastern district.<br>Divisions.</span>

Sec. 88. The State of Michigan is divided into two judicial districts, to be known as the eastern and western districts of Michigan. The eastern district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Alcona, Alpena, Arenac, Bay, Cheboygan, Clare, Crawford, Genesee, Gladwin, Gratiot, Huron, Iosco, Isabella, Midland, Montmorency, Ogemaw, Oscoda, Otsego, Presque Isle, Roscommon, Saginaw, Shiawassee, and Tuscola, which shall constitute the northern division; also the territory embraced on the date last mentioned in the counties of Branch, Calhoun, Clinton, Hillsdale, Ingham, Jackson, Lapeer, Lenawee, Livingston, Macomb, Monroe, Oakland, St. Clair, Sanilac, Washtenaw, and Wayne, which shall constitute the southern division of said district.

<span style="float:left">Terms.</span>

Terms of the district court for the southern division shall

be held at Detroit on the first Tuesdays in March, June, and November; for the northern division, at Bay City on the first Tuesdays in May and October, and at Port Huron in the discretion of the judge of said court and at such times as he shall appoint therefor. There shall also be held a special or adjourned term of the district court at Bay City for the hearing of admiralty causes, beginning in the month of February in each year. The western district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Alger, Baraga, Chippewa, Delta, Dickinson, Gogebic, Houghton, Iron, Keweenaw, Luce, Mackinac, Marquette, Menominee, Ontonagon, and Schoolcraft, which shall constitute the northern division; also the territory embraced on the said date last mentioned in the counties of Allegan, Antrim, Barry, Benzie, Berrien, Cass, Charlevoix, Eaton, Emmet, Grand Traverse, Ionia, Kalamazoo, Kalkaska, Kent, Lake, Leelanau, Manistee, Mason, Mecosta, Missaukee, Montcalm, Muskegon, Newaygo, Oceana, Osceola, Ottawa, St. Joseph, Van Buren, and Wexford, which shall constitute the southern division of said district. Terms of the district court for the southern division shall be held at Grand Rapids on the first Tuesdays in March and October; and for the northern division, at Marquette on the first Tuesdays in May and September. All issues of fact shall be tried at the terms held in the division where such suit shall be commenced. Actions in rem and admiralty may be brought in whichever division of the eastern district service can be had upon the res. Nothing herein contained shall prevent the district court of the western division from regulating, by general rule, the venue of transitory actions either at law or in equity, or from changing the same for cause. The clerk of the court for the western district shall reside and keep his office at Grand Rapids, and shall also appoint a deputy clerk for said court held at Marquette, who shall reside and keep his office at that place. The marshal for said western district shall keep an office and a deputy marshal at Marquette. The clerk of the court for the eastern district shall keep his office at the city of Detroit, and shall appoint a deputy for the court held at Bay City, who shall reside and keep his office at that place. The marshal for said district shall keep an office and a deputy marshal at Bay City, and mileage on service of process in said northern division shall be computed from Bay City.

SEC. 89. The State of Minnesota shall constitute one judicial district, to be known as the district of Minnesota. It is divided into six divisions, to be known as the first, second, third, fourth, fifth, and sixth divisions. The first division shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Winona, Wabasha, Olmsted, Dodge, Steele, Mower, Fillmore, and Houston. The second division shall include the territory embraced on the date last mentioned in the counties of Freeborn, Faribault, Martin, Jackson, Nobles, Rock, Pipestone, Murray, Cottonwood, Watonwan, Blue Earth, Waseca, Lesueur, Nicollet, Brown, Redwood, Lyon, Lincoln, Yellow Medicine, Sibley, and Lac qui Parle. The third division shall include the territory embraced on the date last mentioned in the counties of Chisago, Washington, Ramsey, Dakota, Goodhue, Rice, and Scott. The fourth division shall include the territory embraced on the date last mentioned in the counties of Hennepin, Wright, Meeker, Kandiyohi, Swift, Chippewa, Renville, McLeod, Carver, Anoka, Sherburne, and Isanti. The fifth division shall include the territory embraced on the date last mentioned in the counties of Cook, Lake, Saint Louis, Itasca, Koochiching, Cass, Crow Wing, Aitkin, Carlton, Pine, Kanabec, Mille Lacs, Morrison, and Benton. The sixth division shall include the territory embraced on the date last mentioned in the counties of Stearns, Pope, Stevens, Bigstone, Traverse, Grant, Douglas, Todd, Ottertail, Roseau, Wilkin,

*[margin notes: Western district. Divisions. Terms. Offices. Minnesota. R. S., sec. 531, p. 89. Divisions.]*

Terms.

Clay, Becker, Wadena, Norman, Polk, Red Lake, Marshall, Kittson, Beltrami, Clearwater, Mahnomen, and Hubbard. Terms of the district court for the first division shall be held at Winona on the third Tuesdays in May and November; for the second division, at Mankato on the fourth Tuesdays in April and October; for the third division, at Saint Paul on the first Tuesdays in June and December; for the fourth division, at Minneapolis on the first Tuesdays in April and October; for the fifth division, at Duluth on the second Tuesdays in January and July; and for the sixth division, at Fergus Falls on the first Tuesday in May and second Tuesday in November. The clerk

Offices.

of the court shall appoint a deputy clerk at each place where the court is now required to be held at which the clerk shall not himself reside, who shall keep his office and reside at the place appointed for the holding of said court.

Mississippi.
R. S., sec. 539, p. 91.
Northern district.
Divisions.

SEC. 90. The State of Mississippi is divided into two judicial districts, to be known as the northern and southern districts of Mississippi. The northern district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Alcorn, Attala, Chickasaw, Choctaw, Clay, Itawamba, Lee, Lowndes, Monroe, Oktibbeha, Pontotoc, Prentiss, Tishomingo, and Winston, which shall constitute the eastern division of said district; also the territory embraced on the date last mentioned in the counties of Benton, Coahoma, Calhoun, Carroll, De Soto, Grenada, Lafayette, Marshall, Montgomery, Panola, Quitman, Tallahatchie, Tate, Tippah, Tunica, Union, Webster, and Yalobusha, which shall con-

Terms.

stitute the western division of said district. Terms of the district court for the eastern division shall be held at Aberdeen on the first Mondays in April and October; and for the western division, at Oxford on the first Mondays in June and December, and at Clarks-

Proviso.
Rooms at Clarksdale.
Southern district.
Divisions.

dale on the third Mondays in June and December: *Provided,* That suitable rooms and accommodations for holding court at Clarksdale are furnished free of expense to the United States. The southern district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Adams, Amite, Copiah, Covington, Franklin, Hinds, Holmes, Jefferson, Jefferson Davis, Lawrence, Lincoln, Leflore, Madison, Pike, Rankin, Simpson, Smith, Scott, Wilkinson, and Yazoo, which shall constitute the Jackson division; also the territory embraced on the date last mentioned in the counties of Bolivar, Claiborne, Issaquena, Sharkey, Sunflower, Warren, and Washington, which shall constitute the western division; also the territory embraced on the date last mentioned in the counties of Clarke, Jones, Jasper, Kemper, Lauderdale, Leake, Neshoba, Newton, Noxubee, and Wayne, which shall constitute the eastern division; also the territory embraced on the date last mentioned in the counties of Forrest, Greene, Hancock, Harrison, Jackson, Lamar, Marion, Perry, and Pearl River, which constitutes the

Terms.

southern division of said district. Terms of the district court for the Jackson division shall be held at Jackson on the first Mondays in May and November; for the western division, at Vicksburg on the first Mondays in January and July; for the eastern division, at Meridian on the second Mondays in March and September; and for the southern division, at Biloxi on the third Mondays in February and August. The clerk of the court for each district shall maintain

Offices.

an office in charge of himself or a deputy at each place in his district at which court is now required to be held, at which he shall not himself reside, which shall be kept open at all times for the transaction of the business of the court. The marshal for each of said districts shall maintain an office in charge of himself or a deputy at each place of holding court in his district.

Sec. 91. The State of Missouri is divided into two judicial districts, to be known as the eastern and western districts of Missouri. The eastern district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the city of Saint Louis and the counties of Audrain, Crawford, Dent, Franklin, Gasconade, Iron, Jefferson, Lincoln, Maries, Montgomery, Phelps, Saint Charles, Saint Francois, Sainte Genevieve, Saint Louis, Warren, and Washington, which shall constitute the eastern division of said district; also the territory embraced on the date last mentioned in the counties of Adair, Chariton, Clark, Knox, Lewis, Linn, Macon, Marion, Monroe, Pike, Ralls, Randolph, Schuyler, Scotland, and Shelby, which shall constitute the northern division of said district; also the territory embraced on the date last mentioned in the counties of Bollinger, Butler, Cape Girardeau, Carter, Dunklin, Madison, Mississippi, New Madrid, Pemiscot, Perry, Reynolds, Ripley, Scott, Shannon, Stoddard, and Wayne, which shall constitute the southeastern division of said district. Terms of the district court for the eastern division shall be held at Saint Louis on the first Mondays in May and November, and at Rolla on the second Mondays in January and June: *Provided,* That suitable rooms and accommodations for holding court at Rolla are furnished free of expense to the United States; for the northern division, at Hannibal on the fourth Monday in May and the first Monday in December; and for the southeastern division, at Cape Girardeau on the second Mondays in April and October. The western district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Bates, Caldwell, Carroll, Cass, Clay, Grundy, Henry, Jackson, Johnson, Lafayette, Livingston, Mercer, Putnam, Ray, Saint Clair, Saline, and Sullivan, which shall constitute the western division; also the territory embraced on the date last mentioned in the counties of Barton, Barry, Jasper, Lawrence, McDonald, Newton, Stone, and Vernon, which shall constitute the southwestern division; also the territory embraced on the date last mentioned in the counties of Andrew, Atchison, Buchanan, Clinton, Daviess, Dekalb, Gentry, Holt, Harrison, Nodaway, Platte, and Worth, which shall constitute the Saint Joseph division; also the territory embraced on the date last mentioned in the counties of Benton, Boone, Callaway, Cooper, Camden, Cole, Hickory, Howard, Miller, Moniteau, Morgan, Osage, and Pettis, which shall constitute the central division; also the territory embraced on the date last mentioned in the counties of Christian, Cedar, Dade, Dallas, Douglas, Greene, Howell, Laclede, Oregon, Ozark, Polk, Pulaski, Taney, Texas, Webster, and Wright, which constitutes the southern division. Terms of the district court for the western division shall be held at Kansas City on the fourth Monday in April and first Monday in November, and at Chillicothe on the fourth Monday in May and the first Monday in December: *Provided,* That suitable rooms and accommodations for holding court at Chillicothe are furnished free of expense to the United States; for the southwestern division, at Joplin on the second Mondays in June and January; for the Saint Joseph division, at Saint Joseph on the first Monday in March and third Monday in September; for the central division, at Jefferson City on the third Mondays in March and October; and for the southern division, at Springfield on the first Mondays in April and October. The clerk of the court for the western district shall maintain an office in charge of himself or a deputy at Kansas City, at Jefferson City, at Saint Joseph, at Chillicothe, at Joplin, and at Springfield, which shall be kept open at all times for the transaction of the business of the court. The marshal for each district shall also maintain an office in charge of himself or a deputy at each place at which court is now held in his district.

*Marginal notes:*
Missouri.
R. S., sec. 540, p. 91.
Eastern district.
Divisions.

Terms.

*Proviso.*
Rooms at Rolla.

Western district.
Divisions.

Terms.

*Proviso.*
Rooms at Chillicothe.

Offices.

**1118**     SIXTY-FIRST CONGRESS. Sess. III. Ch. 231. 1911.

Montana.
Vol. 25, p. 682.
Terms.

SEC. 92. The State of Montana shall constitute one judicial district, to be known as the district of Montana. Terms of the district court shall be held at Helena on the first Mondays in April and November; at Butte on the first Tuesdays in February and September; at Great Falls on the first Mondays in May and October; at Missoula on the first Mondays in January and June; and at Billings on the first Mondays in March and August. Causes, civil and criminal, may be transferred by the court or judge thereof from Helena to Butte or from Butte to Helena, or from Helena or Butte to Great Falls, or from Great Falls to Helena or Butte, in said district, when the convenience of the parties or the ends of justice would be promoted by the transfer; and any interlocutory order may be made by the court or judge thereof in either place.

Transfer of causes.

Nebraska.
R. S., sec. 531, p. 89.
Divisions.

SEC. 93. The State of Nebraska shall constitute one judicial district to be known as the district of Nebraska. Said district is divided into eight divisions. The territory embraced on the first day of July, nineteen hundred and ten, in the counties of Douglas, Sarpy, Washington, Dodge, Colfax, Platte, Nance, Boone, Wheeler, Burt, Thurston, Dakota, Cuming, Cedar, and Dixon, shall constitute the Omaha division; the territory embraced on the date last mentioned in the counties of Madison, Antelope, Knox, Pierce, Stanton, Wayne, Holt, Boyd, Rock, Brown, and Keya Paha, shall constitute the Norfolk division; the territory embraced on the date last mentioned in the counties of Cherry, Sheridan, Dawes, Box Butte, and Sioux, shall constitute the Chadron division; the territory embraced on the date last mentioned in the counties of Hall, Merrick, Howard, Greeley, Garfield, Valley, Sherman, Buffalo, Custer, Loup, Blaine, Thomas, Hooker, and Grant, shall constitute the Grand Island division; the territory embraced on the date last mentioned in the counties of Lincoln, Dawson, Logan, McPherson, Keith, Deuel, Garden, Morrill, Cheyenne, Kimball, Banner, and Scott's Bluff, shall constitute the North Platte division; the territory embraced on the date last mentioned in the counties of Cass, Otoe, Johnson, Nemaha, Pawnee, Richardson, Gage, Lancaster, Saunders, Butler, Seward, Saline, Jefferson, Thayer, Fillmore, York, Polk, and Hamilton, shall constitute the Lincoln division; the territory embraced on the date last mentioned in the counties of Clay, Nuckolls, Webster, Adams, Kearney, Franklin, Harlan, and Phelps, shall constitute the Hastings division; and the territory embraced on the date last mentioned in the counties of Gosper, Furnas, Red Willow, Frontier, Hayes, Hitchcock, Dundy, Chase, and Perkins, shall constitute the McCook division. Terms of the district court for the Omaha division shall be held at Omaha on the first Monday in April and the fourth Monday in September; for the Norfolk division, at Norfolk on the third Monday in September; for the Chadron division, at Chadron on the second Monday in September; for the Grand Island division, at Grand Island on the second Monday in January; for the North Platte division, at North Platte on the second Monday in June; for the Lincoln division, at Lincoln on the second Monday in May and the first Monday in October; for the Hastings division, at Hastings on the second Monday in March; and for the McCook division, at McCook on the first Monday in March: *Provided*, That where provision is made herein for holding court at places where there are no Federal buildings, a suitable room in which to hold court, together with light and heat, shall be provided by the city or county where such court is held, without any expense to the United States. The clerk of the court shall appoint a deputy for each division of the district in which he does not himself reside, who shall keep his office and reside at the place of holding court in the division for which he is appointed.

Terms.

Proviso.
Rooms.

Offices.

Nevada.
R. S., sec. 531, p. 89.
Terms.

SEC. 94. The State of Nevada shall constitute one judicial district, to be known as the district of Nevada. Terms of the district court

shall be held at Carson City on the first Mondays in February, May, and October.

Sec. 95. The State of New Hampshire shall constitute one judicial district, to be known as the district of New Hampshire. Terms of the district court shall be held at Portsmouth on the third Tuesdays in March and September; at Concord on the third Tuesdays in June and December; and at Littleton on the last Tuesday in August.

New Hampshire. R. S., sec. 531, p. 89. Terms.

Sec. 96. The State of New Jersey shall constitute one judicial district, to be known as the district of New Jersey. Terms of the district court shall be held at Trenton on the third Tuesdays in January, April, June, and September. At each term of the district court it shall be lawful for the judge holding such term, on consent of both parties, or on application therefor and good cause shown by either party to any civil cause set for trial or hearing at said term, to order such cause to be held or tried at the city of Newark, in said district, upon the day set for that purpose by said judge: *Provided,* That such application shall be made to said judge, either in vacation or term time, at least one week before the date set for trial of said cause, and on at least five days' notice to the opposite party or his or her attorney; and writs of subpœna to compel the attendance of witnesses at said city of Newark may issue, and jurors summoned to attend said term may be ordered by said judge to be in attendance upon said court in the city of Newark.

New Jersey. R. S., sec. 531, p. 89. Terms.

Civil causes at Newark.

*Proviso.* Applications.

Sec. 97. The State of New York is divided into four judicial districts, to be known as the northern, eastern, southern, and western districts of New York. The northern district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Albany, Broome, Cayuga, Chenango, Clinton, Cortland, Delaware, Essex, Franklin, Fulton, Hamilton, Herkimer, Jefferson, Lewis, Madison, Montgomery, Oneida, Onondaga, Oswego, Otsego, Rensselaer, Saint Lawrence, Saratoga, Schenectady, Schoharie, Tioga, Tompkins, Warren, and Washington, with the waters thereof. Terms of the district court for said district shall be held at Albany on the second Tuesday in February; at Utica on the first Tuesday in December; at Binghamton on the second Tuesday in June; at Auburn on the first Tuesday in October; at Syracuse on the first Tuesday in April; and, in the discretion of the judge of the court, one term annually at such time and place within the counties of Saratoga, Onondaga, Saint Lawrence, Clinton, Jefferson, Oswego, and Franklin, as he may from time to time appoint. Such appointment shall be made by notice of at least twenty days published in a newspaper published at the place where said court is to be held. The eastern district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Richmond, Kings, Queens, Nassau, and Suffolk, with the waters thereof. Terms of the district court for said district shall be held at Brooklyn on the first Wednesday in every month. The southern district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Columbia, Dutchess, Greene, New York, Orange, Putnam, Rockland, Sullivan, Ulster, and Westchester, with the waters thereof. Terms of the district court for said district shall be held at New York City on the first Tuesday in each month. The district courts of the southern and eastern districts shall have concurrent jurisdiction over the waters within the counties of New York, Kings, Queens, Nassau, Richmond, and Suffolk, and over all seizures made and all matters done in such waters; all processes or orders issued within either of said courts or by any judge thereof shall run and be executed in any part of said waters. The western district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Allegany, Cattaraugus,

New York. Vol. 31, p. 175.

Northern district.

Terms.

Eastern district.

Terms.

Southern district.

Terms.

Concurrent jurisdiction of eastern and southern districts. R. S. sec. 542, p. 91.

Western district.

Chautauqua, Chemung, Erie, Genesee, Livingston, Monroe, Niagara, Ontario, Orleans, Schuyler, Seneca, Steuben, Wayne, Wyoming, and Yates, with the waters thereof. Terms of the district court for said district shall be held at Elmira on the second Tuesday in January; at Buffalo on the second Tuesdays in March and November; at Rochester on the second Tuesday in May; at Jamestown on the second Tuesday in July; at Lockport on the second Tuesday in October; and at Canandaigua on the second Tuesday in September. The regular sessions of the district court for the western district for the hearing of motions and for proceedings in bankruptcy and the trial of causes in admiralty, shall be held at Buffalo at least two weeks in each month of the year, except August, unless the business is sooner disposed of. The times for holding the same and such other special sessions as the court shall deem necessary shall be fixed by rules of the court. All process in admiralty causes and proceedings shall be made returnable at Buffalo. The judge of any district in the State of New York may perform the duties of the judge of any other district in such State upon the request of any resident judge entered in the minutes of his court; and in such cases such judge shall have the same powers as are vested in the resident judge.

Sec. 98. The State of North Carolina is divided into two districts, to be known as the eastern and western districts of North Carolina. The eastern district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Beaufort, Bertie, Bladen, Brunswick, Camden, Chatham, Cumberland, Currituck, Craven, Columbus, Chowan, Carteret, Dare, Duplin, Durham, Edgecombe, Franklin, Gates, Granville, Greene, Halifax, Harnett, Hertford, Hyde, Johnston, Jones, Lenoir, Lee, Martin, Moore, Nash, New Hanover, Northampton, Onslow, Pamlico, Pasquotank, Pender, Perquimans, Person, Pitt, Robeson, Richmond, Sampson, Scotland, Tyrrell, Vance, Wake, Warren, Washington, Wayne, and Wilson. Terms of the district court for the eastern district shall be held at Elizabeth City on the second Mondays in April and October; at Washington on the third Mondays in April and October; at Newbern on the fourth Mondays in April and October; at Wilmington on the second Monday after the fourth Mondays in April and October; and at Raleigh on the fourth Monday after the fourth Mondays in April and October: *Provided*, That the city of Washington shall provide and furnish at its own expense a suitable and convenient place for holding the district court at Washington until a courthouse shall be constructed by the United States. The clerk of the court for the eastern district shall maintain an office in charge of himself or a deputy at Raleigh, at Wilmington, at Newbern, at Elizabeth City, and at Washington, which shall be kept open at all times for the transaction of the business of the court. The western district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Alamance, Alexander, Ashe, Alleghany, Anson, Buncombe, Burke, Caswell, Cabarrus, Catawba, Cleveland, Caldwell, Clay, Cherokee, Davidson, Davie, Forsyth, Guilford, Gaston, Graham, Henderson, Haywood, Iredell, Jackson, Lincoln, Montgomery, Mecklenburg, Mitchell, McDowell, Madison, Macon, Orange, Polk, Randolph, Rockingham, Rowan, Rutherford, Stanly, Stokes, Surry, Swain, Transylvania, Union, Wilkes, Watauga, Yadkin, and Yancey. Terms of the district court for the western district shall be held at Greensboro on the first Mondays in June and December; at Statesville on the third Mondays in April and October; at Salisbury on the fourth Mondays in April and October; at Asheville on the first Mondays in May and November; at Charlotte on the first Mondays in April and October; and at Wilkesboro on the fourth Mondays in May and November. The clerk of the court for the

Terms.

Bankruptcy and admiralty proceedings at Buffalo.

Interchange of judges.

North Carolina.
R. S., sec. 543, p. 91.

Eastern district.

Terms.

Proviso.
Rooms at Washington.

Offices.

Western district.

Terms.

Case: 16-35193, 06/09/2016, ID: 10008215, DktEntry: 3, Page 55 of 110

SIXTY-FIRST CONGRESS. Sess. III. Ch. 231. 2911. 1121

western district shall maintain an office in charge of himself or a deputy at Greensboro, at Asheville, at Statesville, and at Wilkesboro, which shall be kept open at all times for the transaction of the business of the court.

**Offices.**

SEC. 99. The State of North Dakota shall constitute one judicial district, to be known as the district of North Dakota. The territory embraced on the first day of July, nineteen hundred and ten, in the counties of Burleigh, Stutsman, Logan, McIntosh, Emmons, Kidder, Foster, Wells, McLean, and Sheridan, and all the territory in said State lying west of the Missouri River and south of the twelfth standard parallel, shall constitute the southwestern division of said district; and the territory embraced on the date last mentioned in the counties of Cass, Richland, Barnes, Dickey, Sargent, Lamoure, Ransom, Griggs, and Steele, shall constitute the southeastern division; and the territory embraced on the date last mentioned in the counties of Grand Forks, Traill, Walsh, Pembina, Cavalier, and Nelson, shall constitute the northeastern division; and the territory embraced on the date last mentioned in the counties of Ramsey, Eddy, Benson, Towner, Rolette, Bottineau, Pierce, and McHenry, shall constitute the northwestern division; and the territory embraced on the date last mentioned in the counties of Ward, Williams, and Montraille, and all the territory in said State lying west of the Missouri River and north of the twelfth standard parallel, shall constitute the western division. The several Indian reservations and parts thereof within said State shall constitute a part of the several divisions within which they are respectively situated. Terms of the district court for the southwestern division shall be held at Bismarck on the first Tuesday in March; for the southeastern division, at Fargo on the third Tuesday in May; for the northeastern division, at Grand Forks on the second Tuesday in November; for the northwestern division, at Devils Lake on the first Tuesday in July; and for the western division, at Minot on the second Tuesday in October. The clerk of the court shall maintain an office in charge of himself or a deputy at each place at which court is now held in his district.

**North Dakota.**
**Vol. 26, p. 67.**
**Divisions.**

**Indian reservations.**

**Terms.**

**Offices.**

SEC. 100. The State of Ohio is divided into two judicial districts, to be known as the northern and southern districts of Ohio. The northern district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Ashland, Ashtabula, Cuyahoga, Carroll, Columbiana, Crawford, Geauga, Holmes, Lake, Lorain, Medina, Mahoning, Portage, Richland, Summit, Stark, Tuscarawas, Trumbull, and Wayne, which shall constitute the eastern division; also the territory embraced on the date last mentioned in the counties of Auglaize, Allen, Defiance, Erie, Fulton, Henry, Hancock, Hardin, Huron, Lucas, Mercer, Marion, Ottawa, Paulding, Putnam, Seneca, Sandusky, Van Wert, Williams, Wood, and Wyandotte, which shall constitute the western division of said district. Terms of the district court for the eastern division shall be held at Cleveland on the first Tuesdays in February, April, and October, and at Youngstown on the first Tuesday after the first Monday in March; and for the western division, at Toledo on the last Tuesdays in April and October. Grand and petit jurors summoned for service at a term of court to be held at Cleveland may, if in the opinion of the court the public convenience so requires, be directed to serve also at the term then being held or authorized to be held at Youngstown. Crimes and offenses committed in the eastern division shall be cognizable at the terms held at Cleveland, or at Youngstown, as the court may direct. Any suit brought in the eastern division may, in the discretion of the court, be tried at the term held at Youngstown. The southern district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the

**Ohio.**
**R. S., sec. 544, p. 91.**
**Northern district.**
**Divisions.**

**Terms.**

**Juries, etc., at either Cleveland or Youngstown.**

**Southern district.**
**Divisions.**

counties of Adams, Brown, Butler, Champaign, Clark, Clermont, Clinton, Darke, Greene, Hamilton, Highland, Lawrence, Miami, Montgomery, Preble, Scioto, Shelby, and Warren, which shall constitute the western division; also the territory embraced on the date last mentioned in the counties of Athens, Belmont, Coshocton, Delaware, Fairfield, Fayette, Franklin, Gallia, Guernsey, Harrison, Hocking, Jackson, Jefferson, Knox, Licking, Logan, Madison, Meigs, Monroe, Morgan, Morrow, Muskingum, Noble, Perry, Pickaway, Pike, Ross, Union, Vinton, and Washington, which shall constitute the eastern division of said district.

<span class="margin">Terms.</span> Terms of the district court for the western division shall be held at Cincinnati on the first Tuesdays in February, April, and October; and for the eastern division, at Columbus on the first Tuesdays in June and December:

<span class="margin">*Proviso.*<br>Terms, etc., at Dayton.</span> *Provided,* That terms of the district court for the southern district shall be held at Dayton on the first Mondays in May and November. Prosecutions for crimes and offenses committed in any part of said district shall also be cognizable at the terms held at Dayton. All suits which may be brought within the southern district, or either division thereof, may be instituted, tried, and determined at the terms held at Dayton.

<span class="margin">Oklahoma.<br>Vol. 34, p. 275.<br>Eastern district.</span> Sec. 101. The State of Oklahoma is divided into two judicial districts, to be known as the eastern and the western districts of Oklahoma. The eastern district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Adair, Atoka, Bryan, Craig, Cherokee, Creek, Choctaw, Coal, Carter, Delaware, Garvin, Grady, Haskell, Hughes, Johnston, Jefferson, Latimer, Le Flore, Love, McClain, Mayes, Muskogee, McIntosh, McCurtain, Murray, Marshall, Nowata, Ottawa, Okmulgee, Ofuskee, Pittsburg, Pushmataha, Pontotoc, Rogers, Stephens, Sequoyah, Seminole, Tulsa, Washington, and Wagoner.

<span class="margin">Terms.</span> Terms of the district court for the eastern district shall be held at Muskogee on the first Monday in January; at Vinita on the first Monday in March; at Tulsa on the first Monday in April; at South McAlester on the first Monday in June; at Ardmore on the first Monday in October; and at Chickasha on the first Monday in November in each year.

<span class="margin">Western district.</span> The western district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Alfalfa, Beaver, Beckham, Blaine, Caddo, Canadian, Cimarron, Cleveland, Comanche, Custer, Dewey, Ellis, Garfield, Grant, Greer, Harmon, Harper, Jackson, Kay, Kingfisher, Kiowa, Lincoln, Logan, Majors, Noble, Oklahoma, Osage, Pawnee, Payne, Pottawatomie, Roger Mills, Texas, Tillman, Washita, Woods, and Woodward.

<span class="margin">Terms.</span> Terms of the district court for the western district shall be held at Guthrie on the first Monday in January; at Oklahoma City on the first Monday in March; at Enid on the first Monday in June; at Lawton on the first Monday in September; and at Woodward on the first Monday in November:

<span class="margin">*Proviso.*<br>Rooms at Woodward.<br>*Offices.*</span> *Provided,* That suitable rooms and accommodations for holding court at Woodward are furnished free of expense to the United States. The clerk of the district court for the eastern district shall keep his office at Muskogee, and the clerk for the western district at Guthrie, and shall maintain an office in charge of himself or a deputy at Oklahoma City.

<span class="margin">Oregon.<br>R. S., sec. 531, p. 89.<br>Terms.</span> Sec. 102. The State of Oregon shall constitute one judicial district, to be known as the district of Oregon. Terms of the district court shall be held at Portland on the first Mondays in March, July, and November; at Pendleton on the first Tuesday in April; and at Medford on the first Tuesday in October.

<span class="margin">Offices.</span> The marshal and the clerk for said district shall each appoint, in the manner provided by law, at least one deputy at Pendleton and one at Medford, who shall reside and maintain an office at each of said places.

Case: 16-35193, 06/09/2016, ID: 10008215, DktEntry: 3, Page 57 of 110

SIXTY-FIRST CONGRESS. Sess. III. Ch. 231. 1911. 1123

SEC. 103. The State of Pennsylvania is divided into three judicial districts, to be known as the eastern, middle, and western districts of Pennsylvania. The eastern district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Berks, Bucks, Chester, Delaware, Lancaster, Lehigh, Montgomery, Northampton, Philadelphia, and Schuylkill. Terms of the district court shall be held at Philadelphia on the second Mondays in March and June, the third Monday in September, and the second Monday in December, each term to continue until the succeeding term begins. The middle district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Adams, Bradford, Cameron, Carbon, Center, Clinton, Columbia, Cumberland, Dauphin, Franklin, Fulton, Huntingdon, Juniata, Lackawanna, Lebanon, Luzerne, Lycoming, Mifflin, Monroe, Montour, Northumberland, Perry, Pike, Potter, Snyder, Sullivan, Susquehanna, Tioga, Union, Wayne, Wyoming, and York. Terms of the district court shall be held at Scranton on the fourth Monday in February and the third Monday in October; at Harrisburg on the first Mondays in May and December; and at Williamsport on the second Mondays in January and June. The clerk of the court for the middle district shall maintain an office in charge of himself or a deputy at Harrisburg; and civil suits instituted at that place shall be tried there, if either party resides nearest that place of holding court, unless by consent of parties they are removed to another place for trial. The western district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Allegheny, Armstrong, Beaver, Bedford, Blair, Butler, Cambria, Clarion, Clearfield, Crawford, Elk, Erie, Fayette, Forest, Greene, Indiana, Jefferson, Lawrence, McKean, Mercer, Somerset, Venango, Warren, Washington, and Westmoreland. Terms of the district court shall be held at Pittsburg on the first Monday in May and the third Monday in October; and at Erie on the third Monday in July and the second Monday in January.

SEC. 104. The State of Rhode Island shall constitute one judicial district, to be known as the district of Rhode Island. Terms of the district court shall be held at Providence on the fourth Tuesday in May and the third Tuesday in November; and at Newport on the second Tuesday in May and the third Tuesday in October.

SEC. 105. The State of South Carolina is divided into two districts, to be known as the eastern and western districts of South Carolina. The western district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Abbeville, Anderson, Cherokee, Chester, Edgefield, Fairfield, Greenville, Greenwood, Lancaster, Laurens, Newberry, Oconee, Pickens, Saluda, Spartanburg, Union, and York. Terms of the district court for the western district shall be held at Greenville on the third Tuesdays in April and October. The eastern district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Aiken, Bamberg, Barnwell, Beaufort, Berkeley, Calhoun, Charleston, Chesterfield, Clarendon, Colleton, Darlington, Dorchester, Florence, Georgetown, Hampton, Horry, Kershaw, Lee, Lexington, Marion, Marlboro, Orangeburg, Richland, Sumter, and Williamsburg. Terms of the district court for the eastern district shall be held at Charleston on the first Tuesdays in June and December; at Columbia on the third Tuesday in January and the first Tuesday in November, the latter term to be solely for the trial of civil cases; and at Florence on the first Tuesday in March. The offices of the clerk of the district court shall be at Greenville, and at Charleston; and the clerk shall reside in one of said cities and have a deputy in the other.

SEC. 106. The State of South Dakota shall constitute one judicial district, to be known as the district of South Dakota. The territory

Pennsylvania.
R. S., sec. 545, p. 91.
Eastern district.

Terms.

Middle district.
Vol. 31, p. 880.

Terms.

Office, etc., at Harrisburg.

Western district.

Terms.

Rhode Island.
R. S., sec. 531, p. 89.
Terms.

South Carolina.
R. S., sec. 546, p. 92.
Western district.

Terms.

Eastern district.

Terms.

Offices.

South Dakota.
Vol. 26, p. 14.
Divisions.

embraced on the first day of July, nineteen hundred and ten, in the counties of Aurora, Beadle, Bon Homme, Brookings, Brule, Charles Mix, Clay, Davison, Douglas, Gregory, Hanson, Hutchinson, Kingsbury, Lake, Lincoln, McCook, Miner, Minnehaha, Moody, Sanborn, Turner, Union, and Yankton, and in the Yankton Indian reservation, shall constitute the southern division of said district; the territory embraced on the date last mentioned in the counties of Brown, Campbell, Clark, Codington, Corson, Day, Deuel, Edmunds, Grant, Hamlin, McPherson, Marshall, Roberts, Schnasse, Spink, and Walworth, and in the Sisseton and Wahpeton Indian reservation, and in that portion of the Standing Rock Indian reservation lying in South Dakota, shall constitute the northern division; the territory embraced on the date last mentioned in the counties of Armstrong, Buffalo, Dewey, Faulk, Hand, Hughes, Hyde, Jerauld, Lyman, Potter, Stanley, and Sully, and in the Cheyenne River, Lower Brule, and Crow Creek Indian reservations, shall constitute the central division; and the territory embraced on the date last mentioned in the counties of Bennett, Butte, Custer, Fall River, Harding, Lawrence, Meade, Mellette, Pennington, Perkins, Shannon, Todd, Tripp, Washabaugh, and Washington, and in the Rosebud and Pine Ridge Indian reservations, shall constitute the western division.  Terms of the district court for the southern division shall be held at Sioux Falls on the first Tuesday in April and the third Tuesday in October; for the northern division, at Aberdeen on the first Tuesday in May and the second Tuesday in November; for the central division, at Pierre on the second Tuesday in June and the first Tuesday in October; and for the western division, at Deadwood on the third Tuesday in May and the first Tuesday in September.  The clerk of the district court shall maintain an office in charge of himself or a deputy at Sioux Falls, at Pierre, at Aberdeen, and at Deadwood, which shall be kept open for the transaction of the business of the court.

*Terms.*

*Offices.*

*Tennessee.*
*R. S., sec. 547, p. 92.*
*Eastern district.*
*Divisions.*

SEC. 107. The State of Tennessee is divided into three districts, to be known as the eastern, middle, and western districts of Tennessee.  The eastern district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Bledsoe, Bradley, Hamilton, James, McMinn, Marion, Meigs, Polk, Rhea, and Sequatchie, which shall constitute the southern division of said district; also the territory embraced on the date last mentioned in the counties of Anderson, Blount, Campbell, Claiborne, Grainger, Jefferson, Knox, Loudon, Monroe, Morgan, Roane, Sevier, Scott, and Union, which shall constitute the northern division of said district; also the territory embraced on the date last mentioned in the counties of Carter, Cocke, Greene, Hamblen, Hancock, Hawkins, Johnson, Sullivan, Unicoi, and Washington, which shall constitute the northeastern division of said district.  Terms of the district court for the southern division of said district shall be held at Chattanooga on the fourth Mondays in May and November; for the northern division, at Knoxville on the first Mondays in January and July; and for the northeastern division, at Greeneville on the last Mondays in March and September.  The middle district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Bedford, Cannon, Cheatham, Coffee, Davidson, Dickson, Franklin, Giles, Grundy, Hickman, Humphreys, Houston, Lawrence, Lewis, Lincoln, Marshall, Maury, Montgomery, Moore, Robertson, Rutherford, Stewart, Sumner, Trousdale, Warren, Wayne, Williamson, and Wilson, which shall constitute the Nashville division of said district; also the territory embraced on the date last mentioned in the counties of Clay, Cumberland, DeKalb, Fentress, Jackson, Macon, Overton, Pickett, Putnam, Smith, Van Buren, and White, which shall constitute the northeastern division of said dis-

*Terms.*

*Middle district.*

SIXTY-FIRST CONGRESS. Sess. III. Ch. 231. 1911. 1125

trict. Terms of the district court for the Nashville division of said district shall be held at Nashville on the second Mondays in April and October; and for the northeastern division, at Cookeville on the second Mondays in May and November: *Provided,* That suitable accommodations for holding court at Cookeville shall be provided by the county or municipal authorities without expense to the United States. The western district shall include the territory embraced on the first. day of July, nineteen hundred and ten, in the counties of Dyer, Fayette, Haywood, Lauderdale, Shelby, and Tipton, which shall constitute the western division of said district; also the territory embraced on the date last mentioned in the counties of Benton, Carroll, Chester, Crockett, Decatur, Gibson, Hardeman, Hardin, Henderson, Henry, Lake, McNairy, Madison, Obion, Perry, and Weakley, including the waters of the Tennessee River to low water mark on the eastern shore thereof wherever such river forms the boundary line between the western and middle districts of Tennessee, from the north line of the State of Alabama north to the point in Henry County, Tennessee, where the south boundary line of the State of Kentucky strikes the west bank of the river, which shall constitute the eastern division of said district. Terms of the district court for the western division of said district shall be held at Memphis on the fourth Mondays in May and November; and for the eastern division, at Jackson on the fourth Mondays in April and October. The clerk of the court for the western district shall appoint a deputy who shall reside at Jackson. The marshal for the western district shall appoint a deputy who shall reside at Jackson. The marshal for the eastern district shall appoint a deputy who shall reside at Chattanooga. The clerk of the court for the eastern district shall maintain an office in charge of himself or a deputy at Knoxville, at Chattanooga, and at Greeneville, which shall be kept open at all times for the transaction of the business of the court.

SEC. 108. The State of Texas is divided into four districts, to be known as the northern, eastern, western, and southern districts of Texas. The northern district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Dallas, Ellis, Hunt, Johnson, Kaufman, Navarro, and Rockwall, which shall constitute the Dallas division; also the territory embraced on the date last mentioned in the counties of Archer, Baylor, Clay, Comanche, Erath, Foard, Hardeman, Hood, Jack, Palo Pinto, Parker, Tarrant, Wichita, Wilbarger, Wise, and Young, which shall constitute the Fort Worth division; also the territory embraced on the date last mentioned in the counties of Armstrong, Bailey, Briscoe, Carson, Castro, Childress, Cochran, Collingsworth, Cottle, Crosby, Dallam, Deaf Smith, Dickens, Donley, Floyd, Gray, Hale, Hall, Hansford, Hartley, Hemphill, Hockley, Hutchinson, King, Lamb, Lipscomb, Lubbock, Moore, Motley, Ochiltree, Oldham, Parmer, Potter, Randall, Roberts, Sherman, Swisher, and Wheeler, which shall constitute the Amarillo division; also the territory embraced on the date last mentioned in the counties of Andrews, Borden, Callahan, Dawson, Eastland, Fisher, Gaines, Garza, Haskell, Howard, Jones, Kent, Knox, Lynn, Martin, Midland, Mitchell, Nolan, Scurry, Shackelford, Stephens, Stonewall, Taylor, Terry, Throckmorton, and Yoakum, which shall constitute the Abilene division; also the territory embraced on the date last mentioned in the counties of Brown, Coke, Coleman, Concho. Crockett, Glasscock, Irion, Menard, Mills, Runnels, Schleicher, Sterling, Sutton, Tom Green, and Upton, which shall constitute the San Angelo division of said district. Terms of the district court for the Dallas division shall be held at Dallas on the second Monday in January and the first Monday in May; for the Fort Worth division, at Fort Worth on the first Monday in November

*Terms.*

*Proviso.*
Rooms at Cookeville.

Western district.

Terms.

Offices.

Texas.
Vol. 32, p. 84.

Northern district. Divisions.

Terms.

Case: 16-35193, 06/09/2016, ID: 10008215, DktEntry: 3, Page 60 of 110

1126            SIXTY-FIRST CONGRESS. Sess. III. Ch. 231. 1911.

and the second Monday in March; for the Amarillo division, at Amarillo on the third Monday in April and the fourth Monday in September; for the Abilene division, at Abilene on the first Monday in October and the second Monday in April; and for the San Angelo division, at San Angelo on the third Monday in October and the fourth Monday in April. The clerk of the court for the northern district

Offices.

shall maintain an office in charge of himself or a deputy at Dallas, at Fort Worth, at Amarillo, at Abilene, and at San Angelo, which shall be kept open at all times for the transaction of the business of the court. The eastern district shall include the territory embraced on

Eastern district.
Divisions.

the first day of July, nineteen hundred and ten, in the counties of Anderson, Angelina, Cherokee, Gregg, Henderson, Houston, Nacogdoches, Panola, Rains, Rusk, Smith, Van Zandt, and Wood, which shall constitute the Tyler division; also the territory embraced on the date last mentioned in the counties of Hardin, Jasper, Jefferson, Liberty, Newton, Orange, Sabine, San Augustine, Shelby, and Tyler, which shall constitute the Beaumont division; also the territory embraced on the date last mentioned in the counties of Collin, Cook, Denton, Grayson, and Montague, which shall constitute the Sherman division; also the territory embraced on the date last mentioned in the counties of Camp, Cass, Harrison, Hopkins, Marion, Morris, and Upshur, which shall constitute the Jefferson division; also the territory embraced on the date last mentioned in the counties of Delta, Fannin, Red River, and Lamar, which shall constitute the Paris division; also the territory embraced on the date last mentioned in the counties of Bowie, Franklin, and Titus, which shall constitute the Texarkana division. Terms of the district court for the Tyler

Terms.

division shall be held at Tyler on the fourth Mondays in January and April; for the Jefferson division, at Jefferson on the first Monday in October and the third Monday in February; for the Beaumont division, at Beaumont on the third Monday in November and the first Monday in April; for the Sherman division, at Sherman on the first Monday in January and the third Monday in May; for the Paris division, at Paris on the third Monday in October and the first Monday in March; and for the Texarkana division at Texarkana on the third Monday in March and the first Monday in November.

Offices.

The clerk of the court for the eastern district shall maintain an office in charge of himself or a deputy at Sherman, at Beaumont, and at Texarkana, which shall be kept open at all times for the transaction of the business of said court. The western district shall include the

Western district.
Divisions.

territory embraced on the first day of July, nineteen hundred and ten, in the counties of Bastrop, Blanco, Burleson, Burnet, Caldwell, Gillespie, Hays, Kimble, Lampasas, Lee, Llano, Mason, McCulloch, San Saba, Travis, Washington, and Williamson, which shall constitute the Austin division; also the territory embraced on the date last mentioned in the counties of Atascosa, Bandera, Bexar, Comal, Dimmit, Edwards, Frio, Gonzales, Guadalupe, Karnes, Kendall, Kerr, Medina, and Wilson, which shall constitute the San Antonio division; also the territory embraced on the date last mentioned in the counties of Brewster, Crane, Ector, El Paso, Jeff Davis, Loving, Reeves, Presidio, Ward, and Winkler, which shall constitute the El Paso division; also the territory embraced on the date last mentioned in the counties of Bell, Bosque, Coryell, Falls, Hamilton, Freestone, Hill, Leon, Limestone, McLennan, Milam, Robertson, and Somervell, which shall constitute the Waco division; also the territory embraced on the date last mentioned in the counties of Kinney, Maverick, Pecos, Terrell, Uvalde, Valverde, and Zavalla, which shall constitute the Del Rio division. Terms of the district court for the Austin division shall be

Terms.

held at Austin on the fourth Monday in January and the second Monday in June; for the Waco division, at Waco on the fourth Mon-

day in February and the second Monday in November; for the San Antonio division, at San Antonio on the first Monday in May and the third Monday in December; for the El Paso division, at El Paso on the first Monday in April and the first Monday in October; and for the Del Rio division, at Del Rio on the third Monday in March and the fourth Monday in October. The clerk of the court for the western district shall maintain an office in charge of himself or a deputy at Austin, at El Paso, and at Del Rio, which shall be kept open at all times for the transaction of business. The southern district shall include the territory embraced on the first of July, nineteen hundred and ten, in the counties of Duval, La Salle, McMullen, Nueces, Webb, and Zapata, which shall constitute the Laredo division; also the territory embraced on the date last mentioned in the counties of Cameron, Hidalgo, and Starr, which shall constitute the Brownsville division; also the territory embraced on the date last mentioned in the counties of Austin, Brazoria, Chambers, Galveston, Fort Bend, Matagorda, and Wharton, which shall constitute the Galveston division; also the territory embraced on the date last mentioned, in the counties of Brazos, Colorado, Fayette, Grimes, Harris, Lavaca, Madison, Montgomery, Polk, San Jacinto, Trinity, Walker, and Waller, which shall constitute the Houston division; also the territory embraced on the date last mentioned, in the counties of Bee, Calhoun, Dewitt, Goliad, Jackson, Live Oak, Refugio, Aransas, San Patricio, and Victoria, which shall constitute the Victoria division. Terms of the district court for the Galveston division shall be held at Galveston on the second Monday in January and the first Monday in June; for the Houston division, at Houston on the fourth Mondays in February and September; for the Laredo division, at Laredo on the third Monday in April and the second Monday in November; for the Brownsville division, at Brownsville on the second Monday in May and the first Monday in December; and for the Victoria division, at Victoria on the first Monday in May and the fourth Monday in November. The clerk of the court for the southern district shall maintain an office in charge of himself or a deputy at each of the places now designated for holding court in said district.

**Sec. 109.** The State of Utah shall constitute one judicial district, to be known as the district of Utah. It is divided into two divisions, to be known as the northern and central divisions. The northern division shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Boxelder, Cache, Davis, Morgan, Rich, and Weber. The central division shall include the territory embraced on the date last mentioned in the counties of Beaver, Carbon, Emery, Garfield, Grand, Iron, Juab, Kane, Millard, Piute, Salt Lake, San Juan, San Pete, Sevier, Summit, Tooele, Uinta, Utah, Wasatch, Washington, and Wayne. Terms of the district court for the northern division shall be held at Ogden on the second Mondays in March and September; and for the central division, at Salt Lake City on the second Mondays in April and November. The clerk of the court for said district shall maintain an office in charge of himself or a deputy at each of the places where the court is now required to be held in the district.

**Sec. 110.** The State of Vermont shall constitute one judicial district, to be known as the district of Vermont. Terms of the district court shall be held at Burlington on the fourth Tuesday in February; at Windsor on the third Tuesday in May; and at Rutland on the first Tuesday in October. In each year one of the stated terms of the district court may, when adjourned, be adjourned to meet at Montpelier, and one at Newport.

**Sec. 111.** The State of Virginia is divided into two districts, to be known as the eastern and western districts of Virginia. The eastern

Offices.

Southern district.
Divisions.

Terms.

Offices.

Utah.
Vol. 28, p. 110.
Divisions.

Terms.

Offices.

Vermont.
R. S., sec. 531, p. 89.
Terms.

Virginia.
R. S., sec. 549, p. 92.
Eastern district.

**1128**   SIXTY-FIRST CONGRESS. Sess. III. Ch. 231. 1911.

district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Accomac, Alexandria, Amelia, Brunswick, Caroline, Charles City, Chesterfield, Culpeper, Dinwiddie, Elizabeth City, Essex, Fairfax, Fauquier, Gloucester, Goochland, Greensville, Hanover, Henrico, Isle of Wight, James City, King and Queen, King George, King William, Lancaster, Loudoun, Louisa, Lunenburg, Mathews, Mecklenburg, Middlesex, Nansemond, New Kent, Norfolk, Northampton, Northumberland, Nottoway, Orange, Powhatan, Prince Edward, Prince George, Prince William, Princess Anne, Richmond, Southampton, Spottsylvania, Stafford, Surry, Sussex, Warwick, Westmoreland, and York. **Terms.** Terms of the district court shall be held at Richmond on the first Mondays in April and October; at Norfolk on the first Mondays in May and November; and at Alexandria on the first Mondays in January and July. **Western district.** The western district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Alleghany, Albemarle, Amherst, Appomattox, Augusta, Bath, Bedford, Bland, Botetourt, Buchanan, Buckingham, Campbell, Carroll, Charlotte, Clarke, Craig, Cumberland, Dickenson, Floyd, Fluvanna, Franklin, Frederick, Giles, Grayson, Greene, Halifax, Henry, Highland, Lee, Madison, Montgomery, Nelson, Page, Patrick, Pulaski, Pittsylvania, Rappahannock, Roanoke, Rockbridge, Rockingham, Russell, Scott, Shenandoah, Smyth, Tazewell, Warren, Washington, Wise, and Wythe. **Terms.** Terms of the district court shall be held at Lynchburg on the Tuesdays after the second Mondays in March and September; at Danville on the Tuesdays after the second Mondays in April and November; at Abingdon on the Tuesdays after the first Mondays in May and October; at Harrisonburg on the Tuesdays after the first Mondays in June and December; at Charlottesville on the second Monday in January and the first Monday in July; at Roanoke on the third Monday in February and the third Monday in June; and at Big Stone Gap on the fourth Monday in January and the second Monday in August. **Offices.** The clerk of the court for the western district shall maintain an office in charge of himself or a deputy at Lynchburg, at Danville, at Charlottesville, at Roanoke, at Abingdon, and at Big Stone Gap, which shall be kept open at all times for the transaction of the business of the court.

**Washington.**
**Vol. 33, p. 824.**
**Eastern district.**
**Divisions.**
SEC. 112. The State of Washington is divided into two districts, to be known as the eastern and western districts of Washington. The eastern district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Spokane, Stevens, Ferry, Okanogan, Chelan, Grant, Douglas, Lincoln, and Adams, with the waters thereof, including all Indian reservations within said counties, which shall constitute the northern division; also the territory embraced on the date last mentioned in the counties of Asotin, Garfield, Whitman, Columbia, Franklin, Walla Walla, Benton, Klickitat, Kittitas, and Yakima, with the waters thereof, including all Indian reservations within said counties, which shall constitute the southern division of said district. **Terms.** Terms of the district court for the northern division shall be held at Spokane on the first Tuesdays in April and September; for the southern division, at Walla Walla on the first Tuesdays in June and December, and at North Yakima on the first Tuesdays in May and October. **Western district. Divisions.** The western district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Whatcom, Skagit, Snohomish, King, San Juan, Island, Kitsap, Clallam, and Jefferson, with the waters thereof, including all Indian reservations within said counties, which shall constitute the northern division; also the territory embraced on the date last mentioned in the counties of Pierce, Mason, Thurston, Chehalis, Pacific, Lewis, Wahkiakum, Cowlitz, Clarke, and Skamania, with the waters thereof, including

all Indian reservations within said counties, which shall constitute the southern division of said district. Terms of the district court for the northern division shall be held at Bellingham on the first Tuesdays in April and October; at Seattle on the first Tuesdays in May and November; and for the southern division, at Tacoma on the first Tuesdays in February and July. The clerks of the courts for the eastern and western districts shall maintain an office in charge of himself or a deputy at each place in their respective districts where terms of court are now required to be held.

*Terms.*

*Offices.*

Sec. 113. The State of West Virginia is divided into two districts, to be known as the northern and southern districts of West Virginia. The northern district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Hancock, Brooke, Ohio, Marshall, Tyler, Pleasants, Wood, Wirt, Ritchie, Doddridge, Wetzel, Monongalia, Marion, Harrison, Lewis, Gilmer, Calhoun, Upshur, Barbour, Taylor, Preston, Tucker, Randolph, Pendleton, Hardy, Grant, Mineral, Hampshire, Morgan, Berkeley, and Jefferson, with the waters thereof. Terms of the district court for the northern district shall be held at Martinsburg, the first Tuesday of April and the third Tuesday of September; at Clarksburg, the second Tuesday of April and the first Tuesday of October; at Wheeling, the first Tuesday of May and the third Tuesday of October; at Philippi, the fourth Tuesday of May and first Tuesday of November; at Parkersburg, the second Tuesday of January and second Tuesday of June: *Provided,* That a place for holding court at Philippi shall be furnished the Government free of cost by Barbour County until other provision is made therefor by law. The southern district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Jackson, Roane, Clay, Braxton, Webster, Nicholas, Pocahontas, Greenbrier, Fayette, Boone, Kanawha, Putnam, Mason, Cabell, Wayne, Lincoln, Logan, Mingo, Raleigh, Wyoming, McDowell, Mercer, Summers, and Monroe, with the waters thereof. Terms of the district court for the southern district shall be held at Charleston on the first Tuesday in June and the third Tuesday in November; at Huntington, on the first Tuesday in April and the first Tuesday after the third Monday in September; at Bluefield on the first Tuesday in May and the third Tuesday in October; at Addison on the first Monday in September; and at Lewisburg on the second Tuesday in February: *Provided,* That accommodations for holding court at Addison shall be furnished without cost to the United States.

*West Virginia.*
*Vol. 31, p. 736.*
*Northern district.*

*Terms.*

*Proviso.*
*Rooms at Philippi.*

*Southern district.*

*Terms.*

*Proviso.*
*Rooms at Addison.*

Sec. 114. The State of Wisconsin is divided into two districts, to be known as the eastern and western districts of Wisconsin. The eastern district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Brown, Calumet, Dodge, Door, Florence, Fond du Lac, Forest, Green Lake, Kenosha, Kewaunee, Langlade, Manitowoc, Marinette, Marquette, Milwaukee, Oconto, Outagamie, Ozaukee, Racine, Shawano, Sheboygan, Walworth, Washington, Waukesha, Waupaca, Waushara, and Winnebago. Terms of the district court for said district shall be held at Milwaukee on the first Mondays in January and October; at Oshkosh on the second Tuesday in June; and at Green Bay on the first Tuesday in April. The western district shall include the territory embraced on the first day of July, nineteen hundred and ten, in the counties of Adams, Ashland, Barron, Bayfield, Buffalo, Burnett, Chippewa, Clark, Columbia, Crawford, Dane, Dunn, Douglas, Eau Claire, Grant, Green, Iowa, Iron, Jackson, Jefferson, Juneau, La Crosse, Lafayette, Lincoln, Marathon, Monroe, Oneida, Pepin, Pierce, Polk, Portage, Price, Richland, Rock, Rusk, Saint Croix, Sauk, Sawyer, Taylor, Trempealeau,

*Wisconsin.*
*R. S., sec. 550, p. 92.*
*Eastern district.*

*Terms.*

*Western district.*

Terms.

Vernon, Vilas, Washburn, and Wood. Terms of the district court for said district shall be held at Madison on the first Tuesday in December; at Eau Claire on the first Tuesday in June; at La Crosse on the third Tuesday in September; and at Superior on the fourth Tuesday in January and the second Tuesday in July. The district court for each of said districts shall be open at all times for the purpose of hearing and deciding causes of admiralty and maritime jurisdiction, so far as the same can be done without a jury. The clerk of the court for the western district shall maintain an office in charge of himself or a deputy at Madison, at La Crosse, and at Superior, which shall be kept open at all times for the transaction of the business of the court. The marshal for the western district shall appoint a deputy marshal who shall reside and keep his office at Superior. All writs and other process, except criminal warrants, issued at Superior, may be made returnable at Superior; and the clerk at that place shall keep in his office the original records of all actions, prosecutions, and special proceedings so commenced and pending therein. Criminal warrants may be returned at any place within the district where court is held. Whenever warrants issued at Superior shall be returned at any other place, the clerk of the court wherein the warrant is returned, shall certify the same, under the seal of the court, together with the plea and other proceedings had thereon, and the determination of the court upon such plea or proceedings, with all papers and orders filed in reference thereto, to the clerk of the court at Superior; and the clerk at Superior shall enter upon his records a minute of the proceedings had upon the return of said warrant, certified as aforesaid. All causes and proceedings instituted in the court at Superior, shall be tried therein, unless by consent of the parties, or upon the order of the court, they are transferred to another place for trial.

Return of process, etc., at Superior.
Vol. 35, p. 648.

Wyoming.
Yellowstone Park included.
Vol. 26, p. 225.
Terms.

Sec. 115. The State of Wyoming and the Yellowstone National Park shall constitute one judicial district, to be known as the district of Wyoming. Terms of the district court for said district shall be held at Cheyenne on the second Mondays in May and November; at Evanston on the second Tuesday in July; and at Lander on the first Monday in October; and the said court shall hold one session annually at Sheridan, and in said national park, on such dates as the court may order. The marshal and clerk of the said court shall each, respectively, appoint at least one deputy to reside at Evanston, and one to reside at Lander, unless he himself shall reside there, and shall also maintain an office at each of those places: *Provided,* That until a public building is provided at Lander, suitable accommodations for holding court in said town shall be furnished the Government at an expense not to exceed three hundred dollars annually. The marshal of the United States for the said district may appoint one or more deputy marshals for the Yellowstone National Park, who shall reside in said park.

*Proviso.*
Rooms at Lander.

## CHAPTER SIX.

### CIRCUIT COURTS OF APPEALS.

| Sec. | | Sec. | |
|---|---|---|---|
| 116. | Circuits. | 129. | Appeals in proceedings for injunctions and receivers. |
| 117. | Circuit courts of appeals. | 130. | Appellate and supervisory jurisdiction under the bankrupt act. |
| 118. | Circuit judges. | 131. | Appeals from the United States court for China. |
| 119. | Allotment of justices to the circuits. | 132. | Allowance of appeals, etc. |
| 120. | Chief justice and associate justices of Supreme Court, and district judges, may sit in circuit court of appeals. | 133. | Writs of error and appeals from the supreme courts of Arizona and New Mexico. |
| 121. | Justices allotted to circuits, how designated. | 134. | Writs of error and appeals from district court for Alaska to circuit court of appeals for ninth circuit; court may certify questions to the Supreme Court. |
| 122. | Seals, forms of process, and rules. | 135. | Appeals and writs of error from Alaska; where heard. |
| 123. | Marshals. | | |
| 124. | Clerks. | | |
| 125. | Deputy clerks; appointment and removal. | | |
| 126. | Terms. | | |
| 127. | Rooms for court, how provided. | | |
| 128. | Jurisdiction; when judgment final. | | |

Sidebar: Chapter 6.

Sidebar: Circuit courts of appeals.

**Sec. 116.** There shall be nine judicial circuits of the United States, constituted as follows: [Sidebar: Circuits constituted.]

First. The first circuit shall include the districts of Rhode Island, Massachusetts, New Hampshire, and Maine. [Sidebar: First.]

Second. The second circuit shall include the districts of Vermont, Connecticut, and New York. [Sidebar: Second.]

Third. The third circuit shall include the districts of Pennsylvania, New Jersey, and Delaware. [Sidebar: Third.]

Fourth. The fourth circuit shall include the districts of Maryland, Virginia, West Virginia, North Carolina, and South Carolina. [Sidebar: Fourth.]

Fifth. The fifth circuit shall include the districts of Georgia, Florida, Alabama, Mississippi, Louisiana, and Texas. [Sidebar: Fifth.]

Sixth. The sixth circuit shall include the districts of Ohio, Michigan, Kentucky, and Tennessee. [Sidebar: Sixth.]

Seventh. The seventh circuit shall include the districts of Indiana, Illinois, and Wisconsin. [Sidebar: Seventh.]

Eighth. The eighth circuit shall include the districts of Nebraska, Minnesota, Iowa, Missouri, Kansas, Arkansas, Colorado, Wyoming, North Dakota, South Dakota, Utah, and Oklahoma. [Sidebar: Eighth.]

Ninth. The ninth circuit shall include the districts of California, Oregon, Nevada, Washington, Idaho, Montana, and Hawaii. [Sidebar: Ninth.]

**Sec. 117.** There shall be in each circuit a circuit court of appeals, which shall consist of three judges, of whom two shall constitute a quorum, and which shall be a court of record, with appellate jurisdiction, as hereinafter limited and established. [Sidebar: Circuit courts of appeals. Vol. 26, p. 826.]

**Sec. 118.** There shall be in the second, seventh, and eighth circuits, respectively, four circuit judges, in the fourth circuit, two circuit judges, and in each of the other circuits, three circuit judges, to be appointed by the President, by and with the advice and consent of the Senate. They shall be entitled to receive a salary at the rate of seven thousand dollars a year, each, payable monthly. Each circuit judge shall reside within his circuit. [Sidebar: Circuit judges authorized.] [Sidebar: Salary; residence.]

**Sec. 119.** The Chief Justice and associate justices of the Supreme Court shall be allotted among the circuits by an order of the court, and a new allotment shall be made whenever it becomes necessary or convenient by reason of the alteration of any circuit, or of the new appointment of a Chief Justice or associate justice, or otherwise. If a new allotment becomes necessary at any other time than during [Sidebar: Allotment of justices to circuits. R. S., secs. 606, 618, pp. 107, 108.]

a term, it shall be made by the Chief Justice, and shall be binding until the next term and until a new allotment by the court. Whenever, by reason of death or resignation, no justice is allotted to a circuit, the Chief Justice may, until a justice is regularly allotted thereto, temporarily assign a justice of another circuit to such circuit.

Supreme Court justices and district judges may sit in courts of appeals.
Vol. 26, p. 827.
Presiding judge.

SEC. 120. The Chief Justice and the associate justices of the Supreme Court assigned to each circuit, and the several district judges within each circuit, shall be competent to sit as judges of the circuit court of appeals within their respective circuits. In case the Chief Justice or an associate justice of the Supreme Court shall attend at any session of the circuit court of appeals, he shall preside. In the absence of such Chief Justice, or associate justice, the circuit judges in attendance upon the court shall preside in the order of the seniority of their respective commissions. In case the full court at any time shall not be made up by the attendance of the Chief Justice or the associate justice, and the circuit judges, one or more district judges within the circuit shall sit in the court according to such order or provision among the district judges as either by general or particular assignment shall be designated by the court: *Provided*, That no judge before whom a cause or question may have been tried or heard in a district court, or existing circuit court, shall sit on the trial or hearing of such cause or question in the circuit court of appeals.

*Proviso.*
Disqualification of judge.

Designation of terms.
R. S., sec. 605, p. 107.

SEC. 121. The words "circuit justice" and "justice of a circuit," when used in this title, shall be understood to designate the justice of the Supreme Court who is allotted to any circuit; but the word "judge," when applied generally to any circuit, shall be understood to include such justice.

Seals, forms of process, etc.
Vol. 26, p. 827.

SEC. 122. Each of said circuit courts of appeals shall prescribe the form and style of its seal, and the form of writs and other process and procedure as may be conformable to the exercise of its jurisdiction; and shall have power to establish all rules and regulations for the conduct of the business of the court within its jurisdiction as conferred by law.

Service by district marshals.
Vol. 27, p. 222.

SEC. 123. The United States marshals in and for the several districts of said courts shall be the marshals of said circuit courts of appeals, and shall exercise the same powers and perform the same duties, under the regulations of the court, as are exercised and performed by the marshal of the Supreme Court of the United States, so far as the same may be applicable.

Clerks.
Vol. 26, p. 826.

SEC. 124. Each court shall appoint a clerk, who shall exercise the same powers and perform the same duties in regard to all matters within its jurisdiction, as are exercised and performed by the clerk of the Supreme Court, so far as the same may be applicable.

Deputy clerks.
*Ante*, p. 895.

SEC. 125. The clerk of the circuit court of appeals for each circuit may, with the approval of the court, appoint such number of deputy clerks as the court may deem necessary. Such deputies may be removed at the pleasure of the clerk appointing them, with the approval of the court. In case of the death of the clerk his deputy or deputies shall, unless removed by the court, continue in office and perform the duties of the clerk in his name until a clerk is appointed and has qualified; and for the defaults or misfeasances in office of any such deputy, whether in the lifetime of the clerk or after his death, the clerk and his estate and the sureties on his official bond shall be liable, and his executor or administrator shall have such remedy for such defaults or misfeasances committed after his death as the clerk would be entitled to if the same had occurred in his lifetime.

Terms.
Vol. 26, p. 827.

SEC. 126. A term shall be held annually by the circuit courts of appeals in the several judicial circuits at the following places, and at such times as may be fixed by said courts, respectively: In the first circuit, in Boston; in the second circuit, in New York; in the third circuit, in Philadelphia; in the fourth circuit, in Richmond; in the

SIXTY-FIRST CONGRESS. Sess. III. Ch. 231. 1911. **1133**

fifth circuit, in New Orleans, Atlanta, Fort Worth, and Montgomery; in the sixth circuit, in Cincinnati; in the seventh circuit, in Chicago; in the eighth circuit, in Saint Louis, Denver or Cheyenne, and Saint Paul; in the ninth circuit, in San Francisco, and each year in two other places in said circuit to be designated by the judges of said court; and in each of the above circuits, terms may be held at such other times and in such other places as said courts, respectively, may from time to time designate: *Provided,* That terms shall be held in Atlanta on the first Monday in October, in Fort Worth on the first Monday in November, in Montgomery on the third Monday in October, in Denver or in Cheyenne on the first Monday in September, and in Saint Paul on the first Monday in May. All appeals, writs of error, and other appellate proceedings which may be taken or prosecuted from the district courts of the United States in the State of Georgia, in the State of Texas, and in the State of Alabama, to the circuit court of appeals for the fifth judicial circuit shall be heard and disposed of, respectively, by said court at the terms held in Atlanta, in Fort Worth, and in Montgomery, except that appeals or writs of error in cases of injunctions and in all other cases which, under the statutes and rules, or in the opinion of the court, are entitled to be brought to a speedy hearing may be heard and disposed of wherever said court may be sitting. All appeals, writs of errors, and other appellate proceedings which may hereafter be taken or prosecuted from the district court of the United States at Beaumont, Texas, to the circuit court of appeals for the fifth circuit, shall be heard and disposed of by the said circuit court of appeals at the terms of court held at New Orleans: *Provided,* That nothing herein shall prevent the court from hearing appeals or writs of error wherever the said courts shall sit, in cases of injunctions and in all other cases which, under the statutes and the rules, or in the opinion of the court, are entitled to be brought to a speedy hearing. All appeals, writs of error, and other appellate proceedings which may be taken or prosecuted from the district courts of the United States in the States of Colorado, Utah, and Wyoming, and the supreme court of the Territory of New Mexico to the circuit court of appeals for the eighth judicial circuit, shall be heard and disposed of by said court at the terms held either in Denver or in Cheyenne, except that any case arising in any of said States or Territory may, by consent of all the parties, be heard and disposed of at a term of said court other than the one held in Denver or Cheyenne.

SEC. 127. The marshals for the several districts in which said circuit courts of appeals may be held shall, under the direction of the Attorney General, and with his approval, provide such rooms in the public buildings of the United States as may be necessary for the business of said courts, and pay all incidental expenses of said court, including criers, bailiffs, and messengers: *Provided,* That in case proper rooms can not be provided in such buildings, then the marshals, with the approval of the Attorney General, may, from time to time, lease such rooms as may be necessary for such courts.

SEC. 128. The circuit courts of appeals shall exercise appellate jurisdiction to review by appeal or writ of error final decisions in the district courts, including the United States district court for Hawaii, in all cases other than those in which appeals and writs of error may be taken direct to the Supreme Court, as provided in section two hundred and thirty-eight, unless otherwise provided by law; and, except as provided in sections two hundred and thirty-nine and two hundred and forty, the judgments and decrees of the circuit courts of appeals shall be final in all cases in which the jurisdiction is dependent entirely upon the opposite parties to the suit or controversy being aliens and citizens of the United States, or citizens of different States: also in all cases arising under the patent

*Proviso.*
Designated terms.

Proceedings in Georgia, Texas, and Alabama.
*Vol. 32, pp. 548, 756, 784.*

Appeals from court at Beaumont, Tex., to New Orleans.
*Vol. 33, p. 59.*

Hearings at Denver and Cheyenne.
*Vol. 32, p. 329.*

Court rooms in public buildings.
*Vol. 26, p. 829.*

*Proviso.*
Leases permitted.

Jurisdiction.
*Vol. 26, p. 828.*

*Post,* p. 1157.

Decision final.
Exceptions.
*Post,* p. 1157.

**1134**   SIXTY-FIRST CONGRESS. Sess. III. Ch. 231. 1911.

laws, under the copyright laws, under the revenue laws, and under the criminal laws, and in admiralty cases.

Appeals in proceedings for injunctions or receivers.
Vol. 26, p. 828; Vol. 28, p. 666; Vol. 31, p. 660; Vol. 34. p. 116.

SEC. 129. Where upon a hearing in equity in a district court, or by a judge thereof in vacation, an injunction shall be granted, continued, refused, or dissolved by an interlocutory order or decree, or an application to dissolve an injunction shall be refused, or an interlocutory order or decree shall be made appointing a receiver, an appeal may be taken from such interlocutory order or decree granting, continuing, refusing, dissolving, or refusing to dissolve, an injunction, or appointing a receiver, to the circuit court of appeals, notwithstanding an appeal in such case might, upon final decree under the statutes regulating the same, be taken directly to the Supreme Court: *Provided*, That the appeal must be taken within thirty days from the entry of such order or decree, and it shall take precedence in the appellate court; and the proceedings in other respects in the court below shall not be stayed unless otherwise ordered by that court, or the appellate court, or a judge thereof, during the pendency of such appeal: *Provided, however,* That the court below may, in its discretion, require as a condition of the appeal an additional bond.

*Provisos.*
Precedence of appeal.

Additional bond.

Appeals in bankruptcy.
Vol. 30, p. 553.

SEC. 130. The circuit courts of appeals shall have the appellate and supervisory jurisdiction conferred upon them by the Act entitled "An Act to establish a uniform system of bankruptcy throughout the United States," approved July first, eighteen hundred and ninety-eight, and all laws amendatory thereof, and shall exercise the same in the manner therein prescribed.

Review of decisions of United States court for China.
Vol. 34, p. 814.

SEC. 131. The circuit court of appeals for the ninth circuit is empowered to hear and determine writs of error and appeals from the United States court for China, as provided in the Act entitled "An Act creating a United States court for China and prescribing the jurisdiction thereof," approved June thirtieth, nineteen hundred and six.

Powers of judges.
Vol. 26, p. 829.

SEC. 132. Any judge of a circuit court of appeals, in respect of cases brought or to be brought before that court, shall have the same powers and duties as to allowances of appeals and writs of error, and the conditions of such allowances, as by law belong to the justices or judges in respect of other courts of the United States, respectively.

Appeals, etc., from Arizona and New Mexico supreme courts.
Vol. 26, p. 830.

SEC. 133. The circuit courts of appeals, in cases in which their judgments and decrees are made final by this title, shall have appellate jurisdiction, by writ of error or appeal, to review the judgments, orders, and decrees of the supreme courts of Arizona and New Mexico, as by this title they may have to review the judgments, orders, and decrees of the district courts; and for that purpose said Territories shall, by orders of the Supreme Court of the United States, to be made from time to time, be assigned to particular circuits.

Review of decisions of Alaska district court.
Vol. 30, p. 1207.
*Post,* p. 1157.

SEC. 134. In all cases other than those in which a writ of error or appeal will lie direct to the Supreme Court of the United States as provided in section two hundred and forty-seven, in which the amount involved or the value of the subject-matter in controversy shall exceed five hundred dollars, and in all criminal cases, writs of error and appeals shall lie from the district court for Alaska or from any division thereof, to the circuit court of appeals for the ninth circuit, and the judgments, orders, and decrees of said court shall be final in all such cases. But whenever such circuit court of appeals may desire the instruction of the Supreme Court of the United States upon any question or proposition of law which shall have arisen in any such case, the court may certify such question or proposition to the Supreme Court, and thereupon the Supreme Court shall give its instruction upon the question or proposition certified to it, and its instructions shall be binding upon the circuit court of appeals.

Certifying questions to Supreme Court.

SEC. 135. All appeals, and writs of error, and other cases, coming from the district court for the district of Alaska to the circuit court of appeals for the ninth circuit, shall be entered upon the docket and heard at San Francisco, California, or at Portland, Oregon, or at Seattle, Washington, as the trial court before whom the case was tried below shall fix and determine: *Provided,* That at any time before the hearing of any appeal, writ of error, or other case, the parties thereto, through their respective attorneys, may stipulate at which of the above-named places the same shall be heard, in which case the case shall be remitted to and entered upon the docket at the place so stipulated and shall be heard there.

*[margin: Appeals at San Francisco, Portland, or Seattle. Vol. 35, p. 585.]*

*[margin: Proviso. Agreement of attorneys.]*

## CHAPTER SEVEN.

### THE COURT OF CLAIMS.

*[margin: Chapter 7.]*

*[margin: Court of Claims.]*

Sec.
136. Appointment, oath, and salary of judges.
137. Seal.
138. Session; quorum.
139. Officers of the court.
140. Salaries of officers.
141. Clerk's bond.
142. Contingent fund.
143. Reports to Congress; copies for departments, etc.
144. Members of Congress not to practice in the court.
145. Jurisdiction.
    Par. 1. Claims against the United States.
        2. Set-offs.
        3. Disbursing officers.
146. Judgments for set-off or counter-claims; how enforced.
147. Decree on accounts of disbursing officers.
148. Claims referred by departments.
149. Procedure in cases transmitted by departments.
150. Judgments in cases transmitted by departments; how paid.
151. Either House of Congress may refer certain claims to court.
152. Costs may be allowed prevailing party.
153. Claims growing out of treaties not cognizable therein.
154. Claims pending in other courts.
155. Aliens.
156. All claims to be filed within six years; exceptions.
157. Rules of practice; may punish contempts.
158. Oaths and acknowledgments.
159. Petitions and verification.

Sec.
160. Petition dismissed, when.
161. Burden of proof and evidence as to loyalty.
162. Claims for proceeds arising from sales of abandoned property.
163. Commissioners to take testimony.
164. Power to call upon departments for information.
165. When testimony not to be taken.
166. Examination of claimant.
167. Testimony; where taken.
168. Witnesses before commissioners.
169. Cross-examinations.
170. Witnesses; how sworn.
171. Fees of commissioners, by whom paid.
172. Claims forfeited for fraud.
173. Claims under act of June 16, 1874.
174. New trial on motion of claimant.
175. New trial on motion of United States.
176. Cost of printing record.
177. No interest on claims.
178. Effect of payment of judgment.
179. Final judgments a bar.
180. Debtors to the United States may have amount due ascertained.
181. Appeals.
182. Appeals in Indian cases.
183. Attorney General's report to Congress.
184. Loyalty a jurisdictional fact in certain cases.
185. Attorney General to appear for the defense.
186. Persons not to be excluded as witnesses on account of color or because of interest; plaintiff may be witness for Government.
187. Reports of court to Congress.

SEC. 136. The Court of Claims, established by the Act of February twenty-fourth, eighteen hundred and fifty-five, shall be continued. It shall consist of a chief justice and four judges, who shall be appointed by the President, by and with the advice and consent of the Senate, and hold their offices during good behavior. Each of them shall take an oath to support the Constitution of the United States, and to discharge faithfully the duties of his office. The chief justice shall be entitled to receive an annual salary of six thousand five hundred dollars, and each of the other judges an annual salary of six thousand dollars, payable monthly, from the Treasury.

*[margin: Constituted of chief justice and four judges. R. S., sec. 1049, p. 194.]*

*[margin: Oath.]*

*[margin: Salaries.]*

**1136**     SIXTY-FIRST CONGRESS. Sess. III. Ch. 231. 1911.

Seal.
R. S., sec. 1050, p. 194.

SEC. 137. The Court of Claims shall have a seal, with such device as it may order.

Sessions.
R. S., sec. 1051, p. 194.

SEC. 138. The Court of Claims shall hold one annual session at the city of Washington, beginning on the first Monday in December and continuing as long as may be necessary for the prompt disposition of the business of the court. Any three of the judges of said court shall constitute a quorum, and may hold a court for the transaction of business: *Provided*, That the concurrence of three judges shall be necessary to the decision of any case.

Quorum.

*Proviso.*
Decisions.

Officers.
R. S., sec. 1051, p. 194.

SEC. 139. The said court shall appoint a chief clerk, an assistant clerk, if deemed necessary, a bailiff, and a chief messenger. The clerks shall take an oath for the faithful discharge of their duties, and shall be under the direction of the court in the performance thereof; and for misconduct or incapacity they may be removed by it from office; but the court shall report such removals, with the cause thereof, to Congress, if in session, or if not, at the next session. The bailiff shall hold his office for a term of four years, unless sooner removed by the court for cause.

Bailiff.

Salaries of officers.
R. S., sec. 1054, p. 194.

SEC. 140. The salary of the chief clerk shall be three thousand five hundred dollars a year; of the assistant clerk two thousand five hundred dollars a year; of the bailiff one thousand five hundred dollars a year, and of the chief messenger one thousand dollars a year, payable monthly from the Treasury.

Bond of chief clerk.
R. S., sec. 1055, p. 195.

SEC. 141. The chief clerk shall give bond to the United States in such amount, in such form, and with such security as shall be approved by the Secretary of the Treasury.

Disbursements of contingent fund.
R. S., sec. 1056, p. 195.

SEC. 142. The said clerk shall have authority when he has given bond as provided in the preceding section, to disburse, under the direction of the court, the contingent fund which may from time to time be appropriated for its use; and his accounts shall be settled by the proper accounting officers of the Treasury in the same way as the accounts of other disbursing agents of the Government are settled.

Statement of judgments to Congress.

SEC. 143. On the first day of every regular session of Congress, the clerk of the Court of Claims shall transmit to Congress a full and complete statement of all the judgments rendered by the court during the previous year, stating the amounts thereof and the parties in whose favor they were rendered, together with a brief synopsis of the nature of the claims upon which they were rendered. At the end of every term of the court he shall transmit a copy of its decisions to the heads of departments; to the Solicitor, the Comptroller, and the Auditors of the Treasury; to the Commissioner of the General Land Office and of Indian Affairs; to the chiefs of bureaus, and to other officers charged with the adjustment of claims against the United States.

Decisions to Departments, etc.

Punishment for Members of Congress, etc., practicing in.

SEC. 144. Whoever, being elected or appointed a Senator, Member of, or Delegate to Congress, or a Resident Commissioner, shall, after his election or appointment, and either before or after he has qualified, and during his continuance in office, practice in the Court of Claims, shall be fined not more than ten thousand dollars and imprisoned not more than two years; and shall, moreover, thereafter be incapable of holding any office of honor, trust, or profit under the Government of the United States.

Jurisdiction.
Vol. 24, p. 505.

SEC. 145. The Court of Claims shall have jurisdiction to hear and determine the following matters:

Claims on contracts with United States.

First. All claims (except for pensions) founded upon the Constitution of the United States or any law of Congress, upon any regulation of an Executive Department, upon any contract, express or implied, with the Government of the United States, or for damages, liquidated or unliquidated, in cases not sounding in tort, in respect of which claims the party would be entitled to redress against the United States either in a court of law, equity, or admiralty if the

Damages, not sounding in tort.

Case: 16-35193, 06/09/2016, ID: 10008215, DktEntry: 3, Page 71 of 110

SIXTY-FIRST CONGRESS. Sess. III. Ch. 231. 1911. 1137

United States were suable: *Provided, however,* That nothing in this section shall be construed as giving to the said court jurisdiction to hear and determine claims growing out of the late civil war, and commonly known as "war claims," or to hear and determine other claims which, prior to March third, eighteen hundred and eighty-seven, had been rejected or reported on adversely by any court, department, or commission authorized to hear and determine the same.

*Proviso.*
War claims, etc., barred.

Second. All set-offs, counterclaims, claims for damages, whether liquidated or unliquidated, or other demands whatsoever on the part of the Government of the United States against any claimant against the Government in said court: *Provided,* That no suit against the Government of the United States, brought by any officer of the United States to recover fees for services alleged to have been performed for the United States, shall be allowed under this chapter until an account for said fees shall have been rendered and finally acted upon as required by law, unless the proper accounting officer of the Treasury fails to act finally thereon within six months after the account is received in said office.

Counterclaims, etc., of the Government.

*Proviso.*
Restriction on suits for official services.

Third. The claim of any paymaster, quartermaster, commissary of subsistence, or other disbursing officer of the United States, or of his administrators or executors, for relief from responsibility on account of loss by capture or otherwise, while in the line of his duty, of Government funds, vouchers, records, or papers in his charge, and for which such officer was and is held responsible.

Losses by disbursing officers.

SEC. 146. Upon the trial of any cause in which any set-off, counterclaim, claim for damages, or other demand is set up on the part of the Government against any person making claim against the Government in said court, the court shall hear and determine such claim or demand both for and against the Government and claimant; and if upon the whole case it finds that the claimant is indebted to the Government it shall render judgment to that effect, and such judgment shall be final, with the right of appeal, as in other cases provided for by law. Any transcript of such judgment, filed in the clerk's office of any district court, shall be entered upon the records thereof, and shall thereby become and be a judgment of such court and be enforced as other judgments in such court are enforced.

Determination of counterclaims, etc.
R. S., sec. 1061, p. 196.

Enforcement against claimant.

SEC. 147. Whenever the Court of Claims ascertains the facts of any loss by any paymaster, quartermaster, commissary of subsistence, or other disbursing officer, in the cases hereinbefore provided, to have been without fault or negligence on the part of such officer, it shall make a decree setting forth the amount thereof, and upon such decree the proper accounting officers of the Treasury shall allow to such officer the amount so decreed as a credit in the settlement of his accounts.

Decree on accounts of disbursing officers.
R. S. sec. 1062, p. 196.

SEC. 148. When any claim or matter is pending in any of the executive departments which involves controverted questions of fact or law, the head of such department may transmit the same, with the vouchers, papers, documents and proofs pertaining thereto, to the Court of Claims and the same shall be there proceeded in under such rules as the court may adopt. When the facts and conclusions of law shall have been found, the court shall report its findings to the department by which it was transmitted for its guidance and action: *Provided, however,* That if it shall have been transmitted with the consent of the claimant, or if it shall appear to the satisfaction of the court upon the facts established, that under existing laws or the provisions of this chapter it has jurisdiction to render judgment or decree thereon, it shall proceed to do so, in the latter case giving to either party such further opportunity for hearing as in its judgment justice shall require, and shall report its findings therein to the

Claims referred by departments.
R. S. sec. 1063, p. 196, Vol. 22, p. 485; Vol. 24, p. 507.

Findings.

*Proviso.*
Judgments in certain cases.

1138      SIXTY-FIRST CONGRESS. Sess. III. Ch. 231. 1911.

Transmittal of matters from departments. department by which the same was referred to said court. The Secretary of the Treasury may, upon the certificate of any auditor, or of the Comptroller of the Treasury, direct any claim or matter, of which, by reason of the subject matter or character, the said court might under existing laws, take jurisdiction on the voluntary action of the claimant, to be transmitted, with all the vouchers, papers, documents and proofs pertaining thereto, to the said court for trial and adjudication.

Procedure.
R. S., sec. 1064, p. 197. SEC. 149. All cases transmitted by the head of any department, or upon the certificate of any auditor, or of the Comptroller of the Treasury, according to the provisions of the preceding section, shall be proceeded in as other cases pending in the Court of Claims, and shall, in all respects, be subject to the same rules and regulations.

Payment of judgments.
R. S., sec. 1065, p. 197. SEC. 150. The amount of any final judgment or decree rendered in favor of the claimant, in any case transmitted to the Court of Claims under the two preceding sections, shall be paid out of any specific appropriation applicable to the case, if any such there be; and where no such appropriation exists, the judgment or decree shall be paid in the same manner as other judgments of the said court.

Claims referred by Congress.
Vol. 24, p. 507.
Ante, p. 837. SEC. 151. Whenever any bill, except for a pension, is pending in either House of Congress providing for the payment of a claim against the United States, legal or equitable, or for a grant, gift, or bounty to any person, the House in which such bill is pending may, for the investigation and determination of facts, refer the same to the Court of Claims, which shall proceed with the same in accordance with Report of facts, etc. such rules as it may adopt and report to such House the facts in the case, and the amount, where the same can be liquidated, including any facts bearing upon the question whether there has been delay or laches in presenting such claim or applying for such grant, gift, or bounty, and any facts bearing upon the question whether the bar of any statute of limitation should be removed or which shall be claimed to excuse the claimant for not having resorted to any established legal remedy, together with such conclusions as shall be suffi-Conclusions. cient to inform Congress of the nature and character of the demand, either as a claim, legal or equitable, or as a gratuity against the United States, and the amount, if any, legally or equitably due from the United States to the claimant: *Provided, however,* That if it shall *Proviso.*
Further hearings, etc. appear to the satisfaction of the court upon the facts established, that under existing laws or the provisions of this chapter, the subject matter of the bill is such that it has jurisdiction to render judgment or decree thereon, it shall proceed to do so, giving to either party such further opportunity for hearing as in its judgment justice shall require, and it shall report its proceedings therein to the House of Congress by which the same was referred to said court.

Allowance of costs.
Vol. 24, p. 508. SEC. 152. If the Government of the United States shall put in issue the right of the plaintiff to recover, the court may, in its discretion, allow costs to the prevailing party from the time of joining such issue. Such costs, however, shall include only what is actually incurred for witnesses, and for summoning the same, and fees paid to the clerk of the court.

Treaty claims barred.
R. S., sec. 1066, p. 197. SEC. 153. The jurisdiction of the said court shall not extend to any claim against the Government not pending therein on December first, eighteen hundred and sixty-two, growing out of or dependent on any treaty stipulation entered into with foreign nations or with the Indian tribes.

Claims pending in other courts excluded.
R. S., sec. 1067, p. 197. SEC. 154. No person shall file or prosecute in the Court of Claims, or in the Supreme Court on appeal therefrom, any claim for or in respect to which he or any assignee of his has pending in any other court any suit or process against any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, mediately or immediately, under the authority of the United States.

Case: 16-35193, 06/09/2016, ID: 10008215, DktEntry: 3, Page 73 of 110

SIXTY-FIRST CONGRESS. Sess. III. Ch. 231. 1911. 1139

Sec. 155. Aliens who are citizens or subjects of any government which accords to citizens of the United States the right to prosecute claims against such government in its courts, shall have the privilege of prosecuting claims against the United States in the Court of Claims, whereof such court, by reason of their subject matter and character, might take jurisdiction.

Reciprocal rights to aliens.
R. S., sec. 1068, p. 197.

Sec. 156. Every claim against the United States cognizable by the Court of Claims, shall be forever barred unless the petition setting forth a statement thereof is filed in the court, or transmitted to it by the Secretary of the Senate or the Clerk of the House of Representatives, as provided by law, within six years after the claim first accrues: *Provided*, That the claims of married women, first accrued during marriage, of persons under the age of twenty-one years, first accrued during minority, and of idiots, lunatics, insane persons, and persons beyond the seas at the time the claim accrued, entitled to the claim, shall not be barred if the petition be filed in the court or transmitted, as aforesaid, within three years after the disability has ceased; but no other disability than those enumerated shall prevent any claim from being barred, nor shall any of the said disabilities operate cumulatively.

Claims to be filed within six years.
R. S., sec. 1069, p. 197.

*Proviso.*
Rights of married women, minors, etc.

Sec. 157. The said court shall have power to establish rules for its government and for the regulation of practice therein, and it may punish for contempt in the manner prescribed by the common law, may appoint commissioners, and may exercise such powers as are necessary to carry into effect the powers granted to it by law.

Rules of practice, etc.
R. S., sec. 1070, p. 198.

Sec. 158. The judges and clerks of said court may administer oaths and affirmations, take acknowledgments of instruments in writing, and give certificates of the same.

Oaths, etc.
R. S., sec. 1071, p. 198.

Sec. 159. The claimant shall in all cases fully set forth in his petition the claim, the action thereon in Congress or by any of the departments, if such action has been had, what persons are owners thereof or interested therein, when and upon what consideration such persons became so interested; that no assignment or transfer of said claim or of any part thereof or interest therein has been made, except as stated in the petition; that said claimant is justly entitled to the amount therein claimed from the United States after allowing all just credits and offsets; that the claimant and, where the claim has been assigned, the original and every prior owner thereof, if a citizen, has at all times borne true allegiance to the Government of the United States, and, whether a citizen or not, has not in any way voluntarily aided, abetted, or given encouragement to rebellion against the said Government, and that he believes the facts as stated in the said petition to be true. The said petition shall be verified by the affidavit of the claimant, his agent or attorney.

Petitions.
Details.
R. S., sec. 1072, p. 198.

Allegiance, etc.

Verification.

Sec. 160. The said allegations as to true allegiance and voluntary aiding, abetting, or giving encouragement to rebellion against the Government may be traversed by the Government, and if on the trial such issues shall be decided against the claimant, his petition shall be dismissed.

Dismissal if allegiance, etc., disproven.
R. S., sec. 1073, p. 198.

Sec. 161. Whenever it is material in any claim to ascertain whether any person did or did not give any aid or comfort to forces or government of the late Confederate States during the Civil War, the claimant asserting the loyalty of any such person to the United States during such Civil War shall be required to prove affirmatively that such person did, during said Civil War, consistently adhere to the United States and did give no aid or comfort to persons engaged in said Confederate service in said Civil War.

Proof of loyalty required, if material.
R. S., sec. 1074, p. 198.

Sec. 162. The Court of Claims shall have jurisdiction to hear and determine the claims of those whose property was taken subsequent to June the first, eighteen hundred and sixty-five, under the pro-

Property taken after June 1, 1865.
Jurisdiction to determine claims for.
Vol. 12, p. 820.

visions of the Act of Congress approved March twelfth, eighteen hundred and sixty-three, entitled "An Act to provide for the collection of abandoned property and for the prevention of frauds in insurrectionary districts within the United States," and Acts amendatory thereof where the property so taken was sold and the net proceeds thereof were placed in the Treasury of the United States; and the Secretary of the Treasury shall return said net proceeds to the owners thereof, on the judgment of said court, and full jurisdiction is given to said court to adjudge said claims, any statutes of limitations to the contrary notwithstanding.

*Return of proceeds.*

*Commissioners to take testimony.*
*R. S., sec. 1075, p. 198.*

Sec. 163. The Court of Claims shall have power to appoint commissioners to take testimony to be used in the investigation of claims which come before it, to prescribe the fees which they shall receive for their services, and to issue commissions for the taking of such testimony, whether taken at the instance of the claimant or of the United States.

*Information, etc., from departments and Congress.*
*R. S., sec. 1076, p. 198.*

*Discretion of department.*

Sec. 164. The said court shall have power to call upon any of the departments for any information or papers it may deem necessary, and shall have the use of all recorded and printed reports made by the committees of each House of Congress, when deemed necessary in the prosecution of its business. But the head of any department may refuse and omit to comply with any call for information or papers when, in his opinion, such compliance would be injurious to the public interest.

*When testimony is not to be taken.*
*R. S., sec. 1077, p. 198.*

Sec. 165. When it appears to the court in any case that the facts set forth in the petition of the claimant do not furnish any ground for relief, it shall not authorize the taking of any testimony therein.

*Examination of claimant.*
*R. S., sec. 1080, p. 199.*

Sec. 166. The court may, at the instance of the attorney or solicitor appearing in behalf of the United States, make an order in any case pending therein, directing any claimant in such case to appear, upon reasonable notice, before any commissioner of the court and be examined on oath touching any or all matters pertaining to said claim. Such examination shall be reduced to writing by the said commissioner, and be returned to and filed in the court, and may, at the discretion of the attorney or solicitor of the United States appearing in the case, be read and used as evidence on the trial thereof. And if any claimant, after such order is made and due and reasonable notice thereof is given to him, fails to appear, or refuses to testify or answer fully as to all matters within his knowledge material to the issue, the court may, in its discretion, order that the said cause shall not be brought forward for trial until he shall have fully complied with the order of the court in the premises.

*Action on failure to testify, etc.*

*Place for taking testimony.*
*R. S., sec. 1081, p. 199.*

Sec. 167. The testimony in cases pending before the Court of Claims shall be taken in the county where the witness resides, when the same can be conveniently done.

*Issue of subpœnas.*
*R. S., sec. 1082, p. 199.*

Sec. 168. The Court of Claims may issue subpœnas to require the attendance of witnesses in order to be examined before any person commissioned to take testimony therein. Such subpœnas shall have the same force as if issued from a district court, and compliance therewith shall be compelled under such rules and orders as the court shall establish.

*Cross-examinations.*
*R. S., sec. 1083, p. 199.*

Sec. 169. In taking testimony to be used in support of any claim, opportunity shall be given to the United States to file interrogatories, or by attorney to examine witnesses, under such regulations as said court shall prescribe; and like opportunity shall be afforded the claimant, in cases where testimony is taken on behalf of the United States, under like regulations.

*Oaths to witnesses.*
*R. S., sec. 1084, p. 199.*

Sec. 170. The commissioner taking testimony to be used in the Court of Claims shall administer an oath or affirmation to the witnesses brought before him for examination.

Case: 16-35193, 06/09/2016, ID: 10008215, DktEntry: 3, Page 75 of 110

SIXTY-FIRST CONGRESS. Sess. III. Ch. 231. 1911. 1141

Sec. 171. When testimony is taken for the claimant, the fees of the commissioner before whom it is taken, and the cost of the commission and notice, shall be paid by such claimant; and when it is taken at the instance of the Government, such fees shall be paid out of the contingent fund provided for the Court of Claims, or other appropriation made by Congress for that purpose.

Commissioner's fees, R.S., sec. 1085, p. 199.

Sec. 172. Any person who corruptly practices or attempts to practice any fraud against the United States in the proof, statement, establishment, or allowance of any claim or of any part of any claim against the United States shall, ipso facto, forfeit the same to the Government; and it shall be the duty of the Court of Claims, in such cases, to find specifically that such fraud was practiced or attempted to be practiced, and thereupon to give judgment that such claim is forfeited to the Government, and that the claimant be forever barred from prosecuting the same.

Claims forfeited for fraud.
R.S., sec. 1086, p. 199.

Sec. 173. No claim shall be allowed by the accounting officers under the provisions of the Act of Congress approved June sixteenth, eighteen hundred and seventy-four, or by the Court of Claims, or by Congress, to any person where such claimant, or those under whom he claims, shall willfully, knowingly, and with intent to defraud the United States, have claimed more than was justly due in respect of such claim, or presented any false evidence to Congress, or to any department or court, in support thereof.

Fourth of July claims.
Not to be allowed if willfully in excess of actual loss.
Vol. 18, p. 75.
Vol. 20, p. 524.

Sec. 174. When judgment is rendered against any claimant, the court may grant a new trial for any reason which, by the rules of common law or chancery in suits between individuals, would furnish sufficient ground for granting a new trial.

New trials on request of claimant.
R.S., sec. 1087, p. 200.

Sec. 175. The Court of Claims, at any time while any claim is pending before it, or on appeal from it, or within two years next after the final disposition of such claim, may, on motion, on behalf of the United States, grant a new trial and stay the payment of any judgment therein, upon such evidence, cumulative or otherwise, as shall satisfy the court that any fraud, wrong, or injustice in the premises has been done to the United States; but until an order is made staying the payment of a judgment, the same shall be payable and paid as now provided by law.

New trial on motion of United States.
R.S., sec. 1088, p. 200.

Sec. 176. There shall be taxed against the losing party in each and every cause pending in the Court of Claims the cost of printing the record in such case, which shall be collected, except when the judgment is against the United States, by the clerk of said court and paid into the Treasury of the United States.

Printing record taxed against losing party.
Vol. 19, p. 344.

Sec. 177. No interest shall be allowed on any claim up to the time of the rendition of judgment thereon by the Court of Claims, unless upon a contract expressly stipulating for the payment of interest.

Interest allowance.
R.S., sec. 1091, p. 200.

Sec. 178. The payment of the amount due by any judgment of the Court of Claims, and of any interest thereon allowed by law, as provided by law, shall be a full discharge to the United States of all claim and demand touching any of the matters involved in the controversy.

Payment a full discharge.
R.S., sec. 1092, p. 200.

Sec. 179. Any final judgment against the claimant on any claim prosecuted as provided in this chapter shall forever bar any further claim or demand against the United States arising out of the matters involved in the controversy.

Final judgments a bar.
R.S., sec. 1093, p. 200.

Sec. 180. Whenever any person shall present his petition to the Court of Claims alleging that he is or has been indebted to the United States as an officer or agent thereof, or by virtue of any contract therewith, or that he is the guarantor, or surety, or personal representative of any officer or agent or contractor so indebted, or that he or the person for whom he is such surety, guarantor, or personal representative has held any office or agency under the United States, or entered into any contract therewith, under which it may be or has

Petitions for settlement of unadjusted accounts, bonds, etc.
Vol. 24, p. 505.

Case: 16-35193, 06/09/2016, ID: 10008215, DktEntry: 3, Page 76 of 110

**1142** SIXTY-FIRST CONGRESS. Sess. III. Ch. 231. 1911.

been claimed that an indebtedness to the United States had arisen and exists, and that he or the person he represents has applied to the proper department of the Government requesting that the account of such office, agency, or indebtedness may be adjusted and settled, and that three years have elapsed from the date of such application, and said account still remains unsettled and unadjusted, and that no suit upon the same has been brought by the United States, said court

*Notice to depart-ment.*
shall, due notice first being given to the head of said department and to the Attorney General of the United States, proceed to hear the parties and to ascertain the amount, if any, due the United States on said account. The Attorney General shall represent the United States at the hearing of said cause. The court may postpone the same from

*Finality of judg-ment.*
time to time whenever justice shall require. The judgment of said court or of the Supreme Court of the United States, to which an appeal shall lie, as in other cases, as to the amount due, shall be binding and conclusive upon the parties. The payment of such amount so found

*Action on judg-ment.*
due by the court shall discharge such obligation. An action shall accrue to the United States against such principal, or surety, or representative to recover the amount so found due, which may be brought at any time within three years after the final judgment of said court; and unless suit shall be brought within said time, such claim and the

*Examinations.*
*Ante, p. 1140.*
claim on the original indebtedness shall be forever barred. The provisions of section one hundred and sixty-six shall apply to cases under this section.

*Appeals.*
*Vol. 24, p. 507.*
*Post, p. 1157.*
SEC. 181. The plaintiff or the United States, in any suit brought under the provision of the section last preceding, shall have the same right of appeal as is conferred under sections two hundred and forty-two and two hundred and forty-three; and such right shall be exercised only within the time and in the manner therein prescribed.

*Appeals in Indian cases, etc.*
SEC. 182. In any case brought in the Court of Claims under any Act of Congress by which that court is authorized to render a judgment or decree against the United States, or against any Indian tribe or any Indians, or against any fund held in trust by the United States for any Indian tribe or for any Indians, the claimant, or the United States, or the tribe of Indians, or other party in interest shall have

*Post, p. 1157.*
the same right of appeal as is conferred under sections two hundred and forty-two and two hundred and forty-three; and such right shall be exercised only within the time and in the manner therein prescribed.

*Report of suits on bonds, etc.*
*Vol. 24, p. 507.*
SEC. 183. The Attorney General shall report to Congress, at the beginning of each regular session, the suits under section one hundred and eighty, in which a final judgment or decree has been rendered, giving the date of each and a statement of the costs taxed in each case.

*Loyalty a jurisdictional fact in cases growing out of Civil War.*
*Vol. 22, p. 485.*
SEC. 184. In any case of a claim for supplies or stores taken by or furnished to any part of the military or naval forces of the United States for their use during the late Civil War, the petition shall aver that the person who furnished such supplies or stores, or from whom such supplies or stores were taken, did not give any aid or comfort to said rebellion, but was throughout that war loyal to the Government of the United States, and the fact of such loyalty shall be a jurisdic-

*Dismissal if not proved.*
tional fact; and unless the said court shall, on a preliminary inquiry, find that the person who furnished such supplies or stores, or from whom the same were taken as aforesaid, was loyal to the Government of the United States throughout said war, the court shall not have jurisdiction of such cause, and the same shall, without further proceedings, be dismissed.

*Duty of Attorney General, etc.*
*Vol. 22, p. 486.*
SEC. 185. The Attorney-General, or his assistants under his direction, shall appear for the defense and protection of the interests of the United States in all cases which may be transmitted to the Court of Claims under the provisions of this chapter, with the same power to interpose counter claims, offsets, defenses for fraud practiced or

attempted to be practiced by claimants. and other defenses, in like manner as he is required to defend the United States in said court.

Sec. 186. No person shall be excluded as a witness in the Court of Claims on account of color, because he or she is a party to or interested in the cause or proceeding; and any plaintiff or party in interest may be examined as a witness on the part of the Government.

Witnesses not excluded because of color or interest.
Vol. 24, p. 506.

Sec. 187. Reports of the Court of Claims to Congress, under sections one hundred and forty-eight and one hundred and fifty-one, if not finally acted upon during the session at which they are reported, shall be continued from session to session and from Congress to Congress until the same shall be finally acted upon.

Reports to Congress continued until acted upon.
Vol. 22, p. 486.
Ante, pp. 1137, 1138.

## CHAPTER EIGHT.

### THE COURT OF CUSTOMS APPEALS.

Chapter 8.

Court of Customs Appeals.

Sec.
188. Court of Customs Appeals; appointment and salary of judges; quorum; circuit and district judges may act in place of judge disqualified, etc.
189. Court to be always open for business; terms may be held in any circuit; when expenses of judges to be paid.
190. Marshal of the court; appointment, salary, and duties.
191. Clerk of the court; appointment, salary, and duties.
192. Assistant clerk, stenographic clerks, and reporter; appointment, salary, and duties.
193. Rooms for holding court to be provided; bailiffs and messengers.
194. To be a court of record; to prescribe form and style of seal, and establish rules and regulations; may affirm, modify, or reverse and remand case, etc.

Sec.
195. Final decisions of Board of General Appraisers to be reviewed only by Customs Court.
196. Other courts deprived of jurisdiction in customs cases; pending cases excepted.
197. Transfer to Customs Court of pending cases; completion of testimony.
198. Appeals from Board of General Appraisers; time within which to be taken; record to be transmitted to customs court.
199. Records filed in Customs Court to be at once placed on calendar; calendar to be called every sixty days.

Sec. 188. There shall be a United States Court of Customs Appeals, which shall consist of a presiding judge and four associate judges, each of whom shall be appointed by the President, by and with the advice and consent of the Senate, and shall receive a salary of seven thousand dollars a year. The presiding judge shall be so designated in the order of appointment and in the commission issued to him by the President; and the associate judges shall have precedence according to the date of their commissions. Any three members of said court shall constitute a quorum, and the concurrence of three members shall be necessary to any decision thereof. In case of a vacancy or of the temporary inability or disqualification, for any reason, of one or two of the judges of said court, the President may, upon the request of the presiding judge of said court, designate any qualified United States circuit or district judge or judges to act in his or their place; and such circuit or district judges be duly qualified to so act.

To consist of presiding and four associate judges, salary.
Ante, p. 105.

Presiding judge.

Quorum.

Vacancies.
Public laws, 1st sess., p. 107.

Sec. 189. The said Court of Customs Appeals shall always be open for the transaction of business, and sessions thereof may, in the discretion of the court, be held in the several judicial circuits, and at such places as said court may from time to time designate. Any judge who, in pursuance of the provisions of this chapter, shall attend a session of said court at any place other than the city of Washington, shall be paid, upon his written and itemized certificate, by the marshal of the district in which the court shall be held, his actual and necessary expenses incurred for travel and attendance, and the

Always open.
Sessions in the several circuits.

Allowance for travel, etc., expenses.

1144 · SIXTY-FIRST CONGRESS. Sess. III. Ch. 231. 1911.

actual and necessary expenses of one stenographic clerk who may accompany him; and such payments shall be allowed the marshal in the settlement of his accounts with the United States.

**Marshal.**
*Ante,* p. 105.

**In District of Columbia.**

Sec. 190. Said court shall have the services of a marshal, with the same duties and powers, under the regulations of the court, as are now provided for the marshal of the Supreme Court of the United States, so far as the same may be applicable. Said services within the District of Columbia shall be performed by a marshal to be appointed by and to hold office during the pleasure of the court, who

**Outside the District.** shall receive a salary of three thousand dollars per annum. Said services outside of the District of Columbia shall be performed by the United States marshals in and for the districts where sessions of said court may be held; and to this end said marshals shall be the marshals

**Contingent expenses.** of said court. The marshal of said court, for the District of Columbia, is authorized to purchase, under the direction of the presiding judge, such books, periodicals, and stationery, as may be necessary for the use of said court; and such expenditures shall be allowed and paid by the Secretary of the Treasury upon claim duly made and approved by said presiding judge.

**Clerk.**
**Office in Washington, D. C.**
*Ante,* p. 105.

Sec. 191. The court shall appoint a clerk, whose office shall be in the city of Washington, District of Columbia, and who shall perform and exercise the same duties and powers in regard to all matters within the jurisdiction of said court as are now exercised and performed by the clerk of the Supreme Court of the United States, so far as the same may be applicable. The salary of the clerk shall be three thou-

**Salary, etc.** sand five hundred dollars per annum, which sum shall be in full payment for all service rendered by such clerk; and all fees of any kind whatever, and all costs shall be by him turned into the United

**Restriction on duties.** States Treasury. Said clerk shall not be appointed by the court or any judge thereof as a commissioner, master, receiver, or referee. The costs and fees in the said court shall be fixed and established by said court in a table of fees to be adopted and approved by the Supreme Court of the United States within four months after the

**Proviso.**
**Costs and fees.** organization of said court: *Provided,* That the costs and fees so fixed shall not, with respect to any item, exceed the costs and fees charged in the Supreme Court of the United States; and the same shall be expended, accounted for, and paid over to the Treasury of the United States.

**Additional clerks, etc.**
*Ante,* p. 107.

Sec. 192. In addition to the clerk, the court may appoint an assistant clerk at a salary of two thousand dollars per annum, five stenographic clerks at a salary of one thousand six hundred dollars per annum each, one stenographic reporter at a salary of two thousand five hundred dollars per annum, and a messenger at a salary of eight hundred and forty dollars per annum, all payable in equal monthly installments, and all of whom, including the clerk, shall hold office during the pleasure of and perform such duties as are assigned

**Reporter, duties, etc.** them by the court. Said reporter shall prepare and transmit to the Secretary of the Treasury once a week in time for publication in the Treasury Decisions copies of all decisions rendered to that date by said court, and prepare and transmit, under the direction of said

**Reports of decisions to be printed, etc.** court, at least once a year, reports of said decisions rendered to that date, constituting a volume, which shall be printed by the Treasury Department in such numbers and distributed or sold in such manner as the Secretary of the Treasury shall direct.

**Rooms in public buildings.**
*Ante,* p. 106.

Sec. 193. The marshal of said court for the District of Columbia and the marshals of the several districts in which said Court of Customs Appeals may be held shall, under the direction of the Attorney General, and with his approval, provide such rooms in the public buildings of the United States as may be necessary for said court:

**Proviso.**
**Leases elsewhere.** *Provided,* That in case proper rooms can not be provided in such buildings, then the said marshals, with the approval of the Attorney-

General, may, from time to time, lease such rooms as may be necessary for said court. The bailiffs and messengers of said court shall be allowed the same compensation for their respective services as are allowed for similar services in the existing district courts. In no case shall said marshals secure ther rooms than those regularly occupied by existing district courts, or other public officers, except where such can not, by reason of actual occupancy or use, be occupied or used by said Court of Customs Appeals. <span style="float:right">Bailiffs, etc.</span>

SEC. 194. The said Court of Customs Appeals shall be a court of record, with jurisdiction as in this chapter established and limited. It shall prescribe the form and style of its seal, and the form of its writs and other process and procedure, and exercise such powers conferred by law as may be conformable and necessary to the exercise of its jurisdiction. It shall have power to establish all rules and regulations for the conduct of the business of the court, and as may be needful for the uniformity of decisions within its jurisdiction as conferred by law. It shall have power to review any decision or matter within its jurisdiction, and may affirm, modify, or reverse the same and remand the case with such orders as may seem to it proper in the premises, which shall be executed accordingly. <span style="float:right">General powers.<br>*Ante,* p. 105.<br><br>Rules and procedure.<br><br>Extent of power to review decisions, etc.</span>

SEC. 195. The Court of Customs Appeals established by this chapter shall exercise exclusive appellate jurisdiction to review by appeal, as herein provided, final decisions by a Board of General Appraisers in all cases as to the construction of the law and the facts respecting the classification of merchandise and the rate of duty imposed thereon under such classification, and the fees and charges connected therewith, and all appealable questions as to the jurisdiction of said board, and all appealable questions as to the laws and regulations governing the collection of the customs revenues; and the judgments and decrees of said Court of Customs Appeals shall be final in all such cases. <span style="float:right">Exclusive appellate jurisdiction of final decisions by Board of General Appraisers.<br>*Ante,* p. 106.<br><br>Judgments final.</span>

SEC. 196. After the organization of said court, no appeal shall be taken or allowed from any Board of United States General Appraisers to any other court, and no appellate jurisdiction shall thereafter be exercised or allowed by any other courts in cases decided by said Board of United States General Appraisers; but all appeals allowed by law from such Board of General Appraisers shall be subject to review only in the Court of Customs Appeals hereby established, according to the provisions of this chapter: *Provided,* That nothing in this chapter shall be deemed to deprive the Supreme Court of the United States of jurisdiction to hear and determine all customs cases which have heretofore been certified to said court from the United States circuit courts of appeals on applications for writs of certiorari or otherwise, nor to review by writ of certiorari any customs case heretofore decided or now pending and hereafter decided by any circuit court of appeals, provided application for said writ be made within six months after August fifth, nineteen hundred and nine: *Provided further,* That all customs cases decided by a circuit or district court of the United States or a court of a Territory of the United States prior to said date above mentioned, and which have not been removed from said courts by appeal or writ of error, and all such cases theretofore submitted for decision in said courts and remaining undecided may be reviewed on appeal at the instance of either party by the United States Court of Customs Appeals, provided such appeal be taken within one year from the date of the entry of the order, judgment, or decrees sought to be reviewed. <span style="float:right">Other courts deprived of appellate jurisdiction.<br>*Ante,* p. 106.<br><br>*Proviso.*<br>Cases pending in Supreme Court, etc., excepted.<br><br>Review of decisions in circuit, etc., courts prior to August 5, 1909.</span>

SEC. 197. Immediately upon the organization of the Court of Customs Appeals, all cases within the jurisdiction of that court pending and not submitted for decision in any of the United States circuit courts of appeals, United States circuit, territorial or district courts, shall, with the record and samples therein, be certified by said courts to said Court of Customs Appeals for further proceedings in accord- <span style="float:right">Transfer of pending cases.<br>*Ante,* p. 107.</span>

*Proviso.*
*Completion of testimony.*

ance herewith: *Provided,* That where orders for the taking of further testimony before a referee have been made in any of such cases, the taking of such testimony shall be completed before such certification.

*Appeals from Board of General Appraisers. Ante, p. 107.*

SEC. 198. If the importer, owner, consignee, or agent of any imported merchandise, or the collector or Secretary of the Treasury, shall be dissatisfied with the decision of the Board of General Appraisers as to the construction of the law and the facts respecting the classification of such merchandise and the rate of duty imposed thereon under such classification, or with any other appealable decision of said

*Time limit.*

board, they, or either of them, may, within sixty days next after the entry of such decree or judgment, and not afterwards, apply to the Court of Customs Appeals for a review of the questions of law and fact involved in such decision: *Provided,* That in Alaska and in the insular

*Proviso.*
*Alaska, etc.*

and other outside possessions of the United States ninety days shall be allowed for making such application to the Court of Customs Appeals.

*Application, etc.*

Such application shall be made by filing in the office of the clerk of said court a concise statement of errors of law and fact complained of; and a copy of such statement shall be served on the collector, or on the

*Record, etc., to be transmitted.*

importer, owner, consignee, or agent, as the case may be. Thereupon the court shall immediately order the Board of General Appraisers to transmit to said court the record and evidence taken by them, together with the certified statement of the facts involved in the case and their decision thereon; and all the evidence taken by and before said board shall be competent evidence before said Court of Customs Appeals.

*Finality of decision.*

The decision of said Court of Customs Appeals shall be final, and such cause shall be remanded to said Board of General Appraisers for further proceedings to be taken in pursuance of such determination.

*Calendar.*

SEC. 199. Immediately upon receipt of any record transmitted to said court for determination the clerk thereof shall place the same upon

*Hearings.*

the calendar for hearing and submission; and such calendar shall be called and all cases thereupon submitted, except for good cause shown,

*Proviso.*
*July and August.*

at least once every sixty days: *Provided,* That such calendar need not be called during the months of July and August of any year.

*Chapter 9.*

CHAPTER NINE.

*Commerce Court.*

THE COMMERCE COURT.

Sec.
200. Commerce Court created; judges of, appointment and designation; expense allowance to judges.
201. Additional circuit judges; appointment and assignment.
202. Officers of the court; clerk, marshal, etc.; salaries, etc.
203. Court to be always open for business; sessions of, to be held in Washington and elsewhere.
204. Marshals to provide rooms for holding court outside of Washington.
205. Assignment of judges to other duty; vacancies, how filled.
206. Powers of court and judges; writs, process, procedure, etc.
207. Jurisdiction of the court.
208. Suits to enjoin, etc., orders of Interstate Commerce Commission to be against United States; restraining orders, when granted without notice.

Sec.
209. Jurisdiction of the court, how invoked; practice and procedure.
210. Final judgments and decrees reviewable in Supreme Court.
211. Suits to be against United States; when United States may intervene.
212. Attorney General to control all cases; Interstate Commerce Commission may appear as of right; parties interested may intervene, etc.
213. Complainants may appear and be made parties to case.
214. Pending cases to be transferred to Commerce Court; exception; status of transferred cases.

*To consist of five circuit judges.*
*Ante, p. 540.*

SEC. 200. There shall be a court of the United States, to be known as the Commerce Court, which shall be a court of record, and shall have a seal of such form and style as the court may prescribe. The said court shall be composed of five judges, to be from time to time

*Designation.*

designated and assigned thereto by the Chief Justice of the United

States, from among the circuit judges of the United States, for the period of five years, except that in the first instance the court shall be composed of the five additional circuit judges referred to in the next succeeding section, who shall be designated by the President to serve for one, two, three, four, and five years, respectively, in order that the period of designation of one of the said judges shall expire in each year thereafter. In case of the death, resignation, or termination of assignment of any judge so designated, the Chief Justice shall designate a circuit judge to fill the vacancy so caused and to serve during the unexpired period for which the original designation was made. After the year nineteen hundred and fourteen no circuit judge shall be redesignated to serve in the Commerce Court until the expiration of at least one year after the expiration of the period of his last previous designation. The judge first designated for the five-year period shall be the presiding judge of said court, and thereafter the judge senior in designation shall be the presiding judge. The associate judges shall have precedence and shall succeed to the place and powers of the presiding judge whenever he may be absent or incapable of acting in the order of the date of their designations. Four of said judges shall constitute a quorum, and at least a majority of the court shall concur in all decisions. Each of the judges during the period of his service in the Commerce Court shall, on account of the regular sessions of the court being held in the city of Washington, receive in addition to his salary as circuit judge an expense allowance at the rate of one thousand five hundred dollars per annum.

SEC. 201. The five additional circuit judges authorized by the Act to create a Commerce Court, and for other purposes, approved June eighteenth, nineteen hundred and ten, shall hold office during good behavior, and from time to time shall be designated and assigned by the Chief Justice of the United States for service in the district court of any district, or the circuit court of appeals for any circuit, or in the Commerce Court, and when so designated and assigned for service in a district court or circuit court of appeals shall have the powers and jurisdiction in this Act conferred upon a circuit judge in his circuit.

SEC. 202. The court shall also have a clerk and a marshal, with the same duties and powers, so far as they may be appropriate and are not altered by rule of the court, as are now possessed by the clerk and marshal, respectively, of the Supreme Court of the United States. The offices of the clerk and marshal of the court shall be in the city of Washington, in the District of Columbia. The judges of the court shall appoint the clerk and marshal, and may also appoint, if they find it necessary, a deputy clerk and deputy marshal; and such clerk, marshal, deputy clerk, and deputy marshal, shall hold office during the pleasure of the court. The salary of the clerk shall be four thousand dollars per annum; the salary of the marshal three thousand dollars per annum; the salary of the deputy clerk two thousand five hundred dollars per annum; and the salary of the deputy marshal two thousand five hundred dollars per annum. The said clerk and marshal may, with the approval of the court, employ all requisite assistance. The costs and fees in said court shall be established by the court in a table thereof, approved by the Supreme Court of the United States, within four months after the organization of the court; but such costs and fees shall in no case exceed those charged in the Supreme Court of the United States, and shall be accounted for and paid into the Treasury of the United States.

SEC. 203. The Commerce Court shall always be open for the transaction of business. Its regular sessions shall be held in the city of Washington, in the District of Columbia; but the powers of the court or of any judge thereof, or of the clerk, marshal, deputy clerk, or deputy marshal, may be exercised anywhere in the United States;

Filling vacancies.

Subsequent designations.

Presiding judge.

Precedence.

Quorum.
Additional pay.

Assignment of additional circuit judges.
*Ante*, p. 540.

Clerk and marshal.
*Ante*, p. 540.

Offices in Washington, D. C.
Deputies.

Salaries, etc.

Costs and fees.

Permanently open.
*Ante*, p. 541.
Sessions in Washington.

Elsewhere.

and for expedition of the work of the court and the avoidance of undue expense or inconvenience to suitors the court shall hold sessions in different parts of the United States as may be found desirable. The actual and necessary expenses of the judges, clerk, marshal, deputy clerk, and deputy marshal of the court incurred for travel and attendance elsewhere than in the city of Washington shall be paid upon the written and itemized certificate of such judge, clerk, marshal, deputy clerk, or deputy marshal, by the marshal of the court, and shall be allowed to him in the settlement of his accounts with the United States.

*Expenses outside of Washington.*

Sec. 204. The United States marshals of the several districts outside of the city of Washington in which the Commerce Court may hold its sessions shall provide, under the direction and with the approval of the Attorney General, such rooms in the public buildings of the United States as may be necessary for the court's use; but in case proper rooms can not be provided in such public buildings, said marshals, with the approval of the Attorney General, may then lease from time to time other necessary rooms for the court.

*Courtrooms outside of Washington.*
*Ante, p. 541.*

Sec. 205. If, at any time, the business of the Commerce Court does not require the services of all the judges, the Chief Justice of the United States may, by writing, signed by him and filed in the Department of Justice, terminate the assignment of any of the judges or temporarily assign him for service in any district court or circuit court of appeals. In case of illness or other disability of any judge assigned to the Commerce Court the Chief Justice of the United States may assign any other circuit judge of the United States to act in his place, and may terminate such assignment when the exigency therefor shall cease; and any circuit judge so assigned to act in place of such judge shall, during his assignment, exercise all the powers and perform all the functions of such judge.

*Assignment of judges to other duty.*
*Ante, p. 541.*

*Supplying vacancies.*

Sec. 206. In all cases within its jurisdiction the Commerce Court, and each of the judges assigned thereto, shall, respectively, have and may exercise any and all of the powers of a district court of the United States and of the judges of said court, respectively, so far as the same may be appropriate to the effective exercise of the jurisdiction hereby conferred. The Commerce Court may issue all writs and process appropriate to the full exercise of its jurisdiction and powers and may prescribe the form thereof. It may also, from time to time, establish such rules and regulations concerning pleading, practice, or procedure in cases or matters within its jurisdiction as to the court shall seem wise and proper. Its orders, writs, and process may run, be served, and be returnable anywhere in the United States; and the marshal and deputy marshal of said court and also the United States marshals and deputy marshals in the several districts of the United States shall have like powers and be under like duties to act for and in behalf of said court as pertain to United States marshals and deputy marshals generally when acting under like conditions concerning suits or matters in the district courts of the United States.

*Powers of court and judges.*
*Ante, p. 541.*

*Issue of process.*

*Procedure.*
*Service, etc., of process.*

Sec. 207. The Commerce Court shall have the jurisdiction possessed by circuit courts of the United States and the judges thereof immediately prior to June eighteenth, nineteen hundred and ten, over all cases of the following kinds:

*Jurisdiction.*
*Ante, p. 539.*

First. All cases for the enforcement, otherwise than by adjudication and collection of a forfeiture or penalty or by infliction of criminal punishment, of any order of the Interstate Commerce Commission other than for the payment of money.

*To enforce orders of Interstate Commerce Commission.*
*Except payment of money.*

Second. Cases brought to enjoin, set aside, annul, or suspend in whole or in part any order of the Interstate Commerce Commission.

*To enjoin, etc., orders of Commission.*

Third. Such cases as by section three of the Act entitled "An Act to further regulate commerce with foreign nations and among

*To prevent unjust discriminations by carriers.*
*Vol. 32, p. 848.*

the States," approved February nineteenth, nineteen hundred and three, are authorized to be maintained in a circuit court of the United States.

Fourth. All such mandamus proceedings as under the provisions of section twenty or section twenty-three of the Act entitled "An Act to regulate commerce," approved February fourth, eighteen hundred and eighty-seven, as amended, are authorized to be maintained in a circuit court of the United States.

Mandamus proceedings, carriers.
Vol. 34, p. 593.
Vol. 25, p. 862.

Nothing contained in this chapter shall be construed as enlarging the jurisdiction now possessed by the circuit courts of the United States or the judges thereof, that is hereby transferred to and vested in the Commerce Court.

Limitation.

The jurisdiction of the Commerce Court over cases of the foregoing classes shall be exclusive; but this chapter shall not affect the jurisdiction possessed by any circuit or district court of the United States over cases or proceedings of a kind not within the above-enumerated classes.

Jurisdiction exclusive.
Cases not included.

Sec. 208. Suits to enjoin, set aside, annul, or suspend any order of the Interstate Commerce Commission shall be brought in the Commerce Court against the United States. The pendency of such suit shall not of itself stay or suspend the operation of the order of the Interstate Commerce Commission; but the Commerce Court, in its discretion, may restrain or suspend, in whole or in part, the operation of the commission's order pending the final hearing and determination of the suit. No order or injunction so restraining or suspending an order of the Interstate Commerce Commission shall be made by the Commerce Court otherwise than upon notice and after hearing, except that in cases where irreparable damage would otherwise ensue to the petitioner, said court, or a judge thereof may, on hearing after not less than three days' notice to the Interstate Commerce Commission and the Attorney General, allow a temporary stay or suspension in whole or in part of the operation of the order of the Interstate Commerce Commission for not more than sixty days from the date of the order of such court or judge, pending application to the court for its order or injunction, in which case the said order shall contain a specific finding, based upon evidence submitted to the judge making the order and identified by reference thereto, that such irreparable damage would result to the petitioner and specifying the nature of the damage. The court may, at the time of hearing such application, upon a like finding, continue the temporary stay or suspension in whole or in part until its decision upon the application.

Suits to enjoin, etc., orders of Commission to be against United States.
Ante, p. 542.

Temporary suspension to prevent irreparable damage.

Limit.

Continuance.

Sec. 209. The jurisdiction of the Commerce Court shall be invoked by filing in the office of the clerk of the court a written petition setting forth briefly and succinctly the facts constituting the petitioner's cause of action, and specifying the relief sought. A copy of such petition shall be forthwith served by the marshal or a deputy marshal of the Commerce Court or by the proper United States marshal or deputy marshal upon every defendant therein named, and when the United States is a party defendant, the service shall be made by filing a copy of said petition in the office of the Secretary of the Interstate Commerce Commission and in the Department of Justice. Within thirty days after the petition is served, unless that time is extended by order of the court or a judge thereof, an answer to the petition shall be filed in the clerk's office, and a copy thereof mailed to the petitioner's attorney, which answer shall briefly and categorically respond to the allegations of the petition. No replication need be filed to the answer, and objections to the sufficiency of the petition or answer as not setting forth a cause of action or defense must be taken at the final hearing or by motion to dismiss the petition based

Filing petitions for relief.
Ante, p. 541.
Service of copies.

Answers.

No replication, etc.

on said grounds, which motion may be made at any time before answer is filed. In case no answer shall be filed as provided herein the petitioner may apply to the court on notice for such relief as may be proper upon the facts alleged in the petition. The court may, by rule, prescribe the method of taking evidence in cases pending in said court; and may prescribe that the evidence be taken before a single judge of the court, with power to rule upon the admission of evidence. Except as may be otherwise provided in this chapter, or by rule of the court, the practice and procedure in the Commerce Court shall conform as nearly as may be to that in like cases in a district court of the United States.

*Relief if no answer filed.*

*Taking evidence.*

SEC. 210. A final judgment or decree of the Commerce Court may be reviewed by the Supreme Court of the United States if appeal to the Supreme Court be taken by an aggrieved party within sixty days after the entry of said final judgment or decree. Such appeal may be taken in like manner as appeals from a district court of the United States to the Supreme Court, and the Commerce Court may direct the original record to be transmitted on appeal instead of a transcript thereof. The Supreme Court may affirm, reverse, or modify the final judgment or decree of the Commerce Court as the case may require. Appeal to the Supreme Court, however, shall in no case supersede or stay the judgment or decree of the Commerce Court appealed from, unless the Supreme Court or a justice thereof shall so direct; and appellant shall give bond in such form and of such amount as the Supreme Court, or the justice of that court allowing the stay, may require. An appeal may also be taken to the Supreme Court of the United States from an interlocutory order or decree of the Commerce Court granting or continuing an injunction restraining the enforcement of an order of the Interstate Commerce Commission, provided such appeal be taken within thirty days from the entry of such order or decree. Appeals to the Supreme Court under this section shall have priority in hearing and determination over all other causes except criminal causes in that court.

*Appeals to Supreme Court.*
*Ante, p. 542.*

*No stay of judgment unless Supreme Court so direct.*

*Appeals on injunctions.*

*Priority of cases.*

SEC. 211. All cases and proceedings in the Commerce Court which but for this chapter would be brought by or against the Interstate Commerce Commission, shall be brought by or against the United States, and the United States may intervene in any case or proceeding in the Commerce Court whenever, though it has not been made a party, public interests are involved.

*United States substituted for Commission in all cases.*
*Ante, p. 543.*

SEC. 212. The Attorney General shall have charge and control of the interests of the Government in all cases and proceedings in the Commerce Court, and in the Supreme Court of the United States upon appeal from the Commerce Court. If in his opinion the public interest requires it, he may retain and employ in the name of the United States, within the appropriations from time to time made by the Congress for such purposes, such special attorneys and counselors at law as he may think necessary to assist in the discharge of any of the duties incumbent upon him and his subordinate attorneys; and the Attorney-General shall stipulate with such special attorneys and counsel the amount of their compensation, which shall not be in excess of the sums appropriated therefor by Congress for such purposes, and shall have supervision of their action: *Provided,* That the Interstate Commerce Commission and any party or parties in interest to the proceeding before the commission, in which an order or requirement is made, may appear as parties thereto, of their own motion and as of right, and be represented by their counsel, in any suit wherein is involved the validity of such order or requirement or any part thereof, and the interest of such party; and the court wherein is pending such suit may make all such rules and orders as to such

*Attorney General to control all cases.*
*Ante, p. 543.*

*Special attorneys, etc., to assist.*

*Compensation.*

*Provisos.*
*Appearance of commission, parties in interest, etc.*

Case: 16-35193, 06/09/2016, ID: 10008215, DktEntry: 3, Page 85 of 110

SIXTY-FIRST CONGRESS. Sess. III. Ch. 231. 1911. 1151

appearances and representations, the number of counsel, and all matters of procedure, and otherwise, as to subserve the ends of justice and speed the determination of such suits: *Provided further,* That communities, associations, corporations, firms, and individuals who are interested in the controversy or question before the Interstate Commerce Commission, or in any suit which may be brought by any one under the provisions of this chapter, or the Acts of which it is amendatory or which are amendatory of it, relating to action of the Interstate Commerce Commission, may intervene in said suit or proceedings at any time after the institution thereof; and the Attorney General shall not dispose of or discontinue said suit or proceeding over the objection of such party or intervenor aforesaid, but said intervenor or intervenors may prosecute, defend, or continue said suit or proceeding unaffected by the action or non-action of the Attorney General therein.

SEC. 213. Complainants before the Interstate Commerce Commission interested in a case shall have the right to appear and be made parties to the case and be represented before the courts by counsel, under such regulations as are now permitted in similar circumstances under the rules and practice of equity courts of the United States.

SEC. 214. Until the opening of the Commerce Court, all cases and proceedings of which from that time the Commerce Court is hereby given exclusive jurisdiction may be brought in the same courts and conducted in like manner and with like effect as is now provided by law; and if any such case or proceeding shall have gone to final judgment or decree before the opening of the Commerce Court, appeal may be taken from such final judgment or decree in like manner and with like effect as is now provided by law. Any such case or proceeding within the jurisdiction of the Commerce Court which may have been begun in any other court as hereby allowed, before the said date, shall be forthwith transferred to the Commerce Court, if it has not yet proceeded to final judgment or decree in such other court unless it has been finally submitted for the decision of such court, in which case the cause shall proceed in such court to final judgment or decree and further proceeding thereafter, and appeal may be taken direct to the Supreme Court; and if remanded, such cause may be sent back to the court from which the appeal was taken or to the Commerce Court for further proceeding as the Supreme Court shall direct. All previous proceedings in such transferred case shall stand and operate notwithstanding the transfer, subject to the same control over them by the Commerce Court and to the same right of subsequent action in the case or proceeding as if the transferred case or proceeding had been originally begun in the Commerce Court. The clerk of the court from which any case or proceeding is so transferred to the Commerce Court shall transmit to and file in the Commerce Court the originals of all papers filed in such case or proceeding and a certified transcript of all record entries in the case or proceeding up to the time of transfer.

Parties interested may intervene.

Rights of intervenors.

Right of complainants to be made parties to the case, etc. *Ante,* p. 544.

Disposal of cases prior to opening of court. *Ante,* p. 544.

Pending cases transferred.

Exception.

Status of transferred cases.

Original papers, etc., to be transferred.

Chapter 10.

The Supreme Court.

CHAPTER TEN.

THE SUPREME COURT.

Sec.
215. Number of justices.
216. Precedents of the associate justices.
217. Vacancy in the office of Chief Justice.
218. Salaries of justices.
219. Clerk, marshal, and reporter.
220. The clerk to give bond.
221. Deputies of the clerk.
222. Records of the old court of appeals.
223. Tables of fees.
224. Marshal of the Supreme Court.
225. Duties of the reporter.
226. Reporter's salary and allowances.
227. Distribution of reports and digests.
228. Additional reports and digests; limitation upon cost; estimates to be submitted to Congress annually.
229. Distribution of Federal Reporter, etc., and Digests.
230. Terms.
231. Adjournment for want of a quorum.
232. Certain orders made by less than quorum.
233. Original disposition.
234. Writs of prohibition and mandamus.
235. Issues of fact.
236. Appellate jurisdiction.
237. Writs of error from judgments and decrees of State courts.
238. Appeals and writs of error from United States district courts.
239. Circuit court of appeals may certify questions to Supreme Court for instructions.

Sec.
240. Certiorari to circuit court of appeals.
241. Appeals and writs of error in other cases.
242. Appeals from Court of Claims.
243. Time and manner of appeals from the Court of Claims.
244. Writs of error and appeals from supreme court of and United States district court for Porto Rico.
245. Writs of error and appeals from the Supreme Courts of Arizona and Mew Mexico.
246. Writs of error and appeals from the Supreme Court of Hawaii.
247. Appeals and writs of error from the district court for Alaska direct to Supreme Court in certain cases.
248. Appeals and writs of error from the Supreme Court of the Philippine Islands.
249. Appeals and writs of error when a Territory becomes a State.
250. Appeals and writs of error from the Court of Appeals of the District of Columbia.
251. Certiorari to Court of Appeals, District of Columbia.
252. Appellate jurisdiction under the bankruptcy act.
253. Precedence of writs of error to State courts.
254. Cost of printing records.
255. Women may be admitted to practice.

Composition.
R. S., sec. 673, p. 125.
Quorum.

**SEC. 215.** The Supreme Court of the United States shall consist of a Chief Justice of the United States and eight associate justices, any six of whom shall constitute a quorum.

Precedence.
R. S., sec. 674, p. 125.

**SEC. 216.** The associate justices shall have precedence according to the dates of their commissions, or, when the commissions of two or more of them bear the same date, according to their ages.

Vacancy in office of Chief Justice.
R. S., sec. 675, p. 125.

**SEC. 217.** In case of a vacancy in the office of Chief Justice, or of his inability to perform the duties and powers of his office, they shall devolve upon the associate justice who is first in precedence, until such disability is removed, or another Chief Justice is appointed and duly qualified.  This provision shall apply to every associate justice who succeeds to the office of Chief Justice.

Salaries.
Vol. 32, p. 825.

**SEC. 218.** The Chief Justice of the Supreme Court of the United States shall receive the sum of fifteen thousand dollars a year, and the justices thereof shall receive the sum of fourteen thousand five hundred dollars a year each, to be paid monthly.

Officers.
R. S., sec. 677, p. 125.

**SEC. 219.** The Supreme Court shall have power to appoint a clerk and a marshal for said court, and a reporter of its decisions. .

Clerk.
Bond.
Vol. 18, p. 333.

**SEC. 220.** The clerk of the Supreme Court shall, before he enters upon the execution of his office, give bond, with sufficient sureties, to be approved by the court, to the United States, in the sum of not less than five thousand and not more than twenty thousand dollars, to be determined and regulated by the Attorney General, faithfully to discharge the duties of his office, and seasonably to record the decrees, judgments, and determinations of the court.  The Supreme Court

New bond.

may at any time, upon the motion of the Attorney General, to be made upon thirty days' notice, require a new bond, or a bond for an

increased amount within the limits above prescribed; and the failure of the clerk to execute the same shall vacate his office. All bonds given by the clerk shall, after approval, be recorded in his office, and copies thereof from the records, certified by the clerk under seal of the court. shall be competent evidence in any court. The original bonds shall be filed in the Department of Justice.

SEC. 221. One or more deputies of the clerk of the Supreme Court may be appointed by the court on the application of the clerk, and may be removed at the pleasure of the court. In case of the death of the clerk, his deputy or deputies shall, unless removed, continue in office and perform the duties of the clerk in his name until a clerk is appointed and qualified; and for the defaults or misfeasances in office of any such deputy, whether in the lifetime of the clerk or after his death, the clerk, and his estate, and the sureties on his official bond shall be liable; and his executor or administrator shall have such remedy for any such defaults or misfeasances committed after his death as the clerk would be entitled to if the same had occurred in his lifetime.

SEC. 222. The records and proceedings of the court of appeals, appointed previous to the adoption of the present Constitution, shall be kept in the office of the clerk of the Supreme Court, who shall give copies thereof to any person requiring and paying for them, in the manner provided by law for giving copies of the records and proceedings of the Supreme Court; and such copies shall have like faith and credit with all other proceedings of said court.

SEC. 223. The Supreme Court is authorized and empowered to prepare the tables of fees to be charged by the clerk thereof.

SEC. 224. The marshal is entitled to receive a salary at the rate of four thousand five hundred dollars a year. He shall attend the court at its sessions; shall serve and execute all process and orders issuing from it, or made by the Chief Justice or an associate justice in pursuance of law; and shall take charge of all property of the United States used by the court or its members. With the approval of the Chief Justice he may appoint assistants and messengers to attend the court, with the compensation allowed to officers of the House of Representatives of similar grade.

SEC. 225. The reporter shall cause the decisions of the Supreme Court to be printed and published within eight months after they are made; and within the same time he shall deliver three hundred copies of said reports to the Attorney General. The reporter shall, in any year when he is so directed by the court, cause to be printed and published a second volume of said decisions, of which he shall deliver a like number of copies in like manner and time.

SEC. 226. The reporter shall be entitled to receive from the Treasury an annual salary of four thousand five hundred dollars when his report of said decisions constitutes one volume, and an additional sum of one thousand two hundred dollars when, by direction of the court, he causes to be printed and published in any year a second volume; and said reporter shall be annually entitled to clerk hire in the sum of one thousand two hundred dollars, and to office rent, stationery, and contingent expenses in the sum of six hundred dollars: *Provided*, That the volumes of the decisions of the court heretofore published shall be furnished by the reporter to the public at a sum not exceeding two dollars per volume, and those hereafter published at a sum not exceeding one dollar and seventy-five cents per volume; and the number of volumes now required to be delivered to the Attorney General shall be furnished by the reporter without any charge therefor. Said salary and compensation, respectively, shall be paid only when he causes such decisions to be printed,

*Deputy clerks.
Appointment and tenure.
R. S., sec. 678, p. 125.*

*Records of old court of appeals.
R. S., sec. 679, p. 125.*

*Fees.*

*Marshal.
Salary and duties.
R. S., sec. 680, p. 125.*

*Assistants, etc.*

*Reporter.
Duties.
R. S., sec. 681, p. 125.*

*Salary.
Vol. 22, p. 254.*

*Additional.*

*Proviso.
Price a volume for reports of decisions.*

*Conditions.*

published, and delivered within the time and in the manner prescribed by law, and upon the condition that the volumes of said reports shall be sold by him to the public for a price not exceeding one dollar and seventy-five cents a volume.

<span style="float:left">Supreme Court reports.<br>Distribution by Attorney General.<br>R. S., sec. 683, p. 126.</span>

Sec. 227. The Attorney General shall distribute copies of the Supreme Court reports, as follows: To the President, the justices of the Supreme Court, the judges of the Commerce Court, the judges of the Court of Customs Appeals, the judges of the circuit courts of appeals, the judges of the district courts, the judges of the Court of Claims, the judges of the Court of Appeals and of the Supreme Court of the District of Columbia, the judges of the several Territorial courts, the Secretary of State, the Secretary of the Treasury, the Secretary of War, the Secretary of the Navy, the Secretary of the Interior, the Postmaster General, the Attorney General, the Secretary of Agriculture, the Secretary of Commerce and Labor, the Solicitor General, the Assistant to the Attorney General, each Assistant Attorney General, each United States district attorney, each Assistant Secretary of each Executive Department, the Assistant Postmasters General, the Secretary of the Senate for the use of the Senate, the Clerk of the House of Representatives for the use of the House of Representatives, the Governors of the Territories, the Solicitor for the Department of State, the Treasurer of the United States, the Solicitor of the Treasury, the Register of the Treasury, the Comptroller of the Treasury, the Comptroller of the Currency, the Commissioner of Internal Revenue, the Director of the Mint, each of the six Auditors in the Treasury Department, the Judge Advocate General, War Department, the Paymaster General, War Department, the Judge Advocate General, Navy Department, the Commissioner of Indian Affairs, the Commissioner of Pensions, the Commissioner of the General Land Office, the Commissioner of Patents, the Commissioner of Education, the Commissioner of Labor, the Commissioner of Navigation, the Commissioner of Corporations, the Commissioner General of Immigration, the Chief of the Bureau of Manufactures, the Director of the Geological Survey, the Director of the Census, the Forester, Department of Agriculture, the Purchasing Agent, Post Office Department, the Interstate Commerce Commission, the Clerk of the Supreme Court of the United States, the Marshal of the Supreme Court of the United States, the Attorney for the District of Columbia, the Naval Academy at Annapolis, the Military Academy at West Point, and the heads of such other executive offices as may be provided by law, of equal grade with any of said offices, each one copy; to the Law Library of the Supreme Court, twenty-five copies; to the Law Library of the Department of the Interior, two copies; to the Law Library of the Department of Justice, two copies; to the Secretary of the Senate for the use of the committees of the Senate, twenty-five copies; to the Clerk of the House of Representatives for the use of the committees of the House, thirty copies; to the Marshal of the Supreme Court of the United States, as custodian of the public property used by the court, for the use of the justices thereof in the conference room, robing room, and court room, three copies; to the Secretary of War for the use of the proper courts and officers of the Philippine Islands and for the headquarters of military departments in the United States, twelve copies; and to each of the places where district courts of the United States are now holden, including Hawaii, and Porto Rico, one copy.  He shall also distribute one complete set of said reports, and one set of the digests thereof, to such executive officers as are entitled to receive said reports under this section and have not already received them, to each United States judge and to each United States district attorney who has not received a set, to each of the places where district courts are now held to which said

<span style="float:left">Additional sets of reports and digests.</span>

SIXTY-FIRST CONGRESS. Sess. III. Ch. 231. 1911.   1155

reports have not been distributed, and to each of the places at which a district court may hereafter be held, the edition of said reports and digests to be selected by the judge or officer receiving them. No distribution of reports and digests under this section shall be made to any place where the court is held in a building not owned by the United States, unless there be at such place a United States officer to whose responsible custody they can be committed. The clerks of said courts (except the Supreme Court) shall in all cases keep said reports and digest for the use of the courts and of the officers thereof. Such reports and digest shall remain the property of the United States, and shall be preserved by the officers above named and by them turned over to their successors in office.

Restriction.
Vol. 32, p. 630.

SEC. 228. The publishers of the decisions of the Supreme Court shall deliver to the Attorney General, in addition to the three hundred copies delivered by the Reporter, such number of copies of each report heretofore published, as the Attorney General may require, for which he shall pay not more than two dollars per volume, and such number of copies of each report hereafter published as he may require, for which he shall pay not more than one dollar and seventy-five cents per volume. The Attorney General shall include in his annual estimates submitted to Congress, an estimate for the current volumes of such reports, and also for the additional sets of reports and digests required for distribution under the section last preceding.

Additional copies maximum price.
Vol. 32, p. 631.

Estimate for cost of reports and digests.

SEC. 229. The Attorney General is authorized to procure complete sets of the Federal Reporter or, in his discretion, other publication containing the decisions of the circuit courts of appeals, circuit courts, and district courts, and digests thereof, and also future volumes of the same as issued, and distribute a copy of each such reports and digests to each place where a circuit court of appeals, or a district court, is now or may hereafter regularly be held, and to the Supreme Court of the United States, the Court of Claims, the court of Customs Appeals, the Commerce Court, the Court of Appeals and the Supreme Court of the District of Columbia, the Attorney General, the Solicitor General, the Solicitor of the Treasury, the Assistant Attorney General for the Department of the Interior, the Commissioner of Patents, and the Interstate Commerce Commission; and to the Secretary of the Senate, for the use of the Senate, and to the Clerk of the House of Representatives, for the use of the House of Representatives, not more than three sets each. Whenever any such court room, office, or officer shall have a partial or complete set of any such reports, or digests, already purchased or owned by the United States, the Attorney General shall distribute to such court room, office, or officer, only sufficient volumes to make a complete set thereof. No distribution of reports or digests under this section shall be made to any place where the court is held in a building not owned by the United States, unless there be at such place a United States officer to whose responsible custody they can be committed. The clerks of the courts (except the Supreme Court) to which the reports and digests are distributed under this section, shall keep such reports and digests for the use of the courts and the officers thereof. All reports and digests distributed under the provisions of this section shall be and remain the property of the United States and, before distribution, shall be plainly marked on their covers with the words "The Property of the United States," and shall be transmitted by the officers receiving them to their successors in office. Not to exceed two dollars per volume shall be paid for the back and current volumes of the Federal Reporter or other publication purchased under the provisions of this section, and not to exceed five dollars per volume for the digest, the said money to be disbursed under the direction of the Attorney General; and the Attorney General shall include in his annual estimates submitted to Congress, an estimate for the

Federal Reporter, etc., and digests.
Purchase and distribution.

Completion of sets.

Condition.

Preservation.

Price for volumes.

Estimate for back and current numbers.

back and current volumes of such reports and digests, the distribution of which is provided for in this section.

Terms.
R. S., sec. 684, p. 126.

SEC. 230. The Supreme Court shall hold at the seat of government, one term annually, commencing on the second Monday in October, and such adjourned or special terms as it may find necessary for the dispatch of business.

Adjournment for lack of quorum.
R. S., sec. 685, p. 126.

SEC. 231. If, at any session of the Supreme Court, a quorum does not attend on the day appointed for holding it, the justices who do attend may adjourn the court from day to day for twenty days after said appointed time, unless there be sooner a quorum. If a quorum does not attend within said twenty days, the business of the court shall be continued over till the next appointed session; and if, during a term, after a quorum has assembled, less than that number attend on any day, the justices attending may adjourn the court from day to day until there is a quorum, or may adjourn without any.

Orders, etc., by less than a quorum.
R. S., sec. 686, p. 127.

SEC. 232. The justices attending at any term, when less than a quorum is present, may, within the twenty days mentioned in the preceding section, make all necessary orders touching any suit, proceeding, or process, depending in or returned to the court, preparatory to the hearing, trial, or decision thereof.

Original jurisdiction.
R. S., sec. 687, p. 127.

SEC. 233. The Supreme Court shall have exclusive jurisdiction of all controversies of a civil nature where a State is a party, except between a State and its citizens, or between a State and citizens of other States, or aliens, in which latter cases it shall have original, but not exclusive, jurisdiction. And it shall have exclusively all

Suits against ambassadors, etc.

such jurisdiction of suits or proceedings against ambassadors or other public ministers, or their domestics or domestic servants, as a court of law can have consistently with the law of nations; and original, but not exclusive, jurisdiction, of all suits brought by ambassadors, or other public ministers, or in which a consul or vice consul is a party.

Writs of prohibition and mandamus.
R. S., sec. 688, p. 127.

SEC. 234. The Supreme Court shall have power to issue writs of prohibition to the district courts, when proceeding as courts of admiralty and maritime jurisdiction; and writs of mandamus, in cases warranted by the principles and usages of law, to any courts appointed under the authority of the United States, or to persons holding office under the authority of the United States, where a State, or an ambassador, or other public minister, or a consul, or vice consul is a party.

Issues of fact.
R. S., sec. 689, p. 128.

SEC. 235. The trial of issues of fact in the Supreme Court, in all actions at law against citizens of the United States, shall be by jury.

Appellate jurisdiction.
R. S., sec. 690, p. 128.

SEC. 236. The Supreme Court shall have appellate jurisdiction in the cases hereinafter specially provided for.

Writs of error from State courts.
R. S., sec. 709, p. 133.

SEC. 237. A final judgment or decree in any suit in the highest court of a State in which a decision in the suit could be had, where is drawn in question the validity of a treaty or statute of, or an authority exercised under, the United States, and the decision is against their validity; or where is drawn in question the validity of a statute of, or an authority exercised under any State, on the ground of their being repugnant to the Constitution, treaties, or laws of the United States, and the decision is in favor of their validity; or where any title, right, privilege, or immunity is claimed under the Constitution, or any treaty or statute of, or commission held or authority exercised under, the United States, and the decision is against the title, right, privilege, or immunity especially set up or claimed, by either party, under such Constitution, treaty, statute, commission, or authority,

Effect of writs.

may be reexamined and reversed or affirmed in the Supreme Court upon a writ of error. The writ shall have the same effect as if the judgment or decree complained of had been rendered or passed in a

Decision.

court of the United States. The Supreme Court may reverse,

modify, or affirm the judgment or decree of such State court, and may, at their discretion, award execution or remand the same to the court from which it was removed by the writ.

SEC. 238. Appeals and writs of error may be taken from the district courts, including the United States district court for Hawaii, direct to the Supreme Court in the following cases: In any case in which the jurisdiction of the court is in issue, in which case the question of jurisdiction alone shall be certified to the Supreme Court from the court below for decision; from the final sentences and decrees in prize causes; in any case that involves the construction or application of the Constitution of the United States; in any case in which the constitutionality of any law of the United States, or the validity or construction of any treaty made under its authority is drawn in question; and in any case in which the constitution or law of a State is claimed to be in contravention of the Constitution of the United States. <span style="float:right">Appeals and writs of error direct from district courts.<br>Vol. 26, p. 827; Vol. 29, p. 492; Vol. 35, p. 839.</span>

SEC. 239. In any case within its appellate jurisdiction, as defined in section one hundred and twenty-eight, the circuit court of appeals at any time may certify to the Supreme Court of the United States any questions or propositions of law concerning which it desires the instruction of that court for its proper decision; and thereupon the Supreme Court may either give its instruction on the questions and propositions certified to it, which shall be binding upon the circuit court of appeals in such case, or it may require that the whole record and cause be sent up to it for its consideration, and thereupon shall decide the whole matter in controversy in the same manner as if it had been brought there for review by writ of error or appeal. <span style="float:right">Cases submitted for instructions from circuit court of appeals.<br>Vol. 26, p. 828.<br>Ante, p. 1133.</span>

SEC. 240. In any case, civil or criminal, in which the judgment or decree of the circuit court of appeals is made final by the provisions of this Title, it shall be competent for the Supreme Court to require, by certiorari or otherwise, upon the petition of any party thereto, any such case to be certified to the Supreme Court for its review and determination, with the same power and authority in the case as if it had been carried by appeal or writ of error to the Supreme Court. <span style="float:right">Certiorari to circuit court of appeals.<br>Vol. 26, p. 828.</span>

SEC. 241. In any case in which the judgment or decree of the circuit court of appeals is not made final by the provisions of this Title, there shall be of right an appeal or writ of error to the Supreme Court of the United States where the matter in controversy shall exceed one thousand dollars, besides costs. <span style="float:right">Writs of error and appeals from circuit court of appeals.<br>Vol. 26, p. 828.</span>

SEC. 242. An appeal to the Supreme Court shall be allowed on behalf of the United States, from all judgments of the Court of Claims adverse to the United States, and on behalf of the plaintiff in any case where the amount in controversy exceeds three thousand dollars, or where his claim is forfeited to the United States by the judgment of said court as provided in section one hundred and seventy-two. <span style="float:right">Appeals from Court of Claims.<br>R. S., sec. 707, p. 132.<br><br>Ante, p. 1141.</span>

SEC. 243. All appeals from the Court of Claims shall be taken within ninety days after the judgment is rendered, and shall be allowed under such regulations as the Supreme Court may direct. <span style="float:right">Time and manner of appeals from Court of Claims.<br>R. S., sec. 708, p. 132.</span>

SEC. 244. Writs of error and appeals from the final judgments and decrees of the supreme court of, and the United States district court for, Porto Rico, may be taken and prosecuted to the Supreme Court of the United States, in any case wherein is involved the validity of any copyright, or in which is drawn in question the validity of a treaty or statute of, or authority exercised under, the United States, or wherein the Constitution of the United States, or a treaty thereof, or an Act of Congress is brought in question and the right claimed thereunder is denied, without regard to the sum or value of the matter in dispute; and in all other cases in which the sum or value of the matter in dispute, exclusive of costs, to be ascertained by the oath of either party or of other competent witnesses, exceeds the sum or <span style="float:right">Writs of error and appeals from Porto Rican courts.<br>Vol. 31, p. 85.</span>

1158           SIXTY-FIRST CONGRESS. Sess. III. Ch. 231. 1911.

value of five thousand dollars. Such writs of error and appeals shall be taken within the same time, in the same manner, and under the same regulations as writs of error and appeals are taken to the Supreme Court of the United States from the district courts.

Writs of error and appeals from Arizona and New Mexico supreme courts.
Vol. 23, p. 443.

SEC. 245. Writs of error and appeals from the final judgments and decrees of the supreme courts of the Territories of Arizona and New Mexico may be taken and prosecuted to the Supreme Court of the United States in any case wherein is involved the validity of any copyright, or in which is drawn in question the validity of a treaty or statute of, or authority exercised under, the United States, without regard to the sum or value of the matter in dispute; and in all other cases in which the sum or value of the matter in dispute, exclusive of costs, to be ascertained by the oath of either party or of other competent witnesses, exceeds the sum or value of five thousand dollars.

Writs of error and appeals from Hawaii supreme court.
Vol. 31, p. 158.

SEC. 246. Writs of error and appeals from the final judgments and decrees of the supreme court of the Territory of Hawaii may be taken and prosecuted to the Supreme Court of the United States, within the same time, in the same manner, under the same regulations, and in the same classes of cases, in which writs of error and appeals from the final judgments and decrees of the highest court of a State in which a decision in the suit could be had, may be taken and prosecuted to the Supreme Court of the United States under the provisions of section two hundred and thirty-seven; and also in all cases wherein the amount involved, exclusive of costs, to be ascertained by the oath of either party or of other competent witnesses, exceeds the sum or value of five thousand dollars.

*Ante*, p. 1156.

Appeals and writs of error, direct from Alaska district court.
Vol. 31, p. 414.

SEC. 247. Appeals and writs of error may be taken and prosecuted from final judgments and decrees of the district court for the district of Alaska or for any division thereof, direct to the Supreme Court of the United States, in the following cases: In prize cases; and in all cases which involve the construction or application of the Constitution of the United States, or in which the constitutionality of any law of the United States or the validity or construction of any treaty made under its authority is drawn in question, or in which the constitution or law of a State is claimed to be in contravention of the Constitution of the United States. Such writs of error and appeal shall be taken within the same time, in the same manner, and under the same regulations as writs of error and appeals are taken from the district courts to the Supreme Court.

Review, etc., decisions of supreme court of Philippine Islands.
Vol. 32, p. 695.

SEC. 248. The Supreme Court of the United States shall have jurisdiction to review, revise, reverse, modify, or affirm the final judgments and decrees of the supreme court of the Philippine Islands in all actions, cases, causes, and proceedings now pending therein or hereafter determined thereby, in which the Constitution, or any statute, treaty, title, right, or privilege of the United States is involved,

Amount in controversy.

or in causes in which the value in controversy exceeds twenty-five thousand dollars, or in which the title or possession of real estate exceeding in value the sum of twenty-five thousand dollars, to be ascertained by the oath of either party or of other competent witnesses, is involved or brought in question; and such final judgments or decrees may and can be reviewed, revised, reversed, modified, or affirmed by said Supreme Court on appeal or writ of error by the party aggrieved, within the same time, in the same manner, under the same regulations, and by the same procedure, as far as applicable, as the final judgments and decrees of the district courts of the United States.

Writs of error and appeals when Territory becomes a State.

SEC. 249. In all cases where the judgment or decree of any court of a Territory might be reviewed by the Supreme Court on writ of error or appeal, such writ of error or appeal may be taken, within the time and in the manner provided by law, notwithstanding such

Territory has, after such judgment or decree, been admitted as a State; and the Supreme Court shall direct the mandate to such court as the nature of the writ of error or appeal requires.

SEC. 250. Any final judgment or decree of the court of appeals of the District of Columbia may be reexamined and affirmed, reversed, or modified by the Supreme Court of the United States, upon writ of error or appeal, in the following cases: *Court of appeals, District of Columbia. Cases reviewable. Vol. 27, p. 436.*

First. In cases in which the jurisdiction of the trial court is in issue; but when any such case is not otherwise reviewable in said Supreme Court, then the question of jurisdiction alone shall be certified to said Supreme Court for decision. *Jurisdiction of trial court in issue.*

Second. In prize cases. *Prize cases.*

Third. In cases involving the construction or application of the Constitution of the United States, or the constitutionality of any law of the United States, or the validity or construction of any treaty made under its authority. *Questions involving Constitution, laws, or treaty.*

Fourth. In cases in which the constitution, or any law of a State, is claimed to be in contravention of the Constitution of the United States. *State laws contravening Constitution.*

Fifth. In cases in which the validity of any authority exercised under the United States, or the existence or scope of any power or duty of an officer of the United States is drawn in question. *Question of Federal authority.*

Sixth. In cases in which the construction of any law of the United States is drawn in question by the defendant. *Construction of Federal law.*

Except as provided in the next succeeding section, the judgments and decrees of said court of appeals shall be final in all cases arising under the patent laws, the copyright laws, the revenue laws, the criminal laws, and in admiralty cases; and, except as provided in the next succeeding section, the judgments and decrees of said court of appeals shall be final in all cases not reviewable as hereinbefore provided. *Cases final in court of appeals.*

Writs of error and appeals shall be taken within the same time, in the same manner, and under the same regulations as writs of error and appeals are taken from the circuit courts of appeals to the Supreme Court of the United States. *Manner of taking appeals, etc.*

SEC. 251. In any case in which the judgment or decree of said court of appeals is made final by the section last preceding, it shall be competent for the Supreme Court of the United States to require, by certiorari or otherwise, any such case to be certified to it for its review and determination, with the same power and authority in the case as if it had been carried by writ of error or appeal to said Supreme Court. It shall also be competent for said court of appeals, in any case in which its judgment or decree is made final under the section last preceding, at any time to certify to the Supreme Court of the United States any questions or propositions of law concerning which it desires the instruction of that court for their proper decision; and thereupon the Supreme Court may either give its instruction on the questions and propositions certified to it, which shall be binding upon said court of appeals in such case, or it may require that the whole record and cause be sent up to it for its consideration, and thereupon shall decide the whole matter in controversy in the same manner as if it had been brought there for review by writ of error or appeal. *Certiorari to court of appeals, of cases made final, for review.* *Instructions.*

SEC. 252. The Supreme Court of the United States is hereby invested with appellate jurisdiction of controversies arising in bankruptcy proceedings, from the courts of bankruptcy, from which it has appellate jurisdiction in other cases; and shall exercise a like jurisdiction from courts of bankruptcy not within any organized circuit of the United States and from the supreme court of the District of Columbia. *Claims in bankruptcy. Vol. 30, p. 553.*

**1160**          SIXTY-FIRST CONGRESS. Sess. III. Ch. 231. 1911.

*Appeals from court of appeals.*

An appeal may be taken to the Supreme Court of the United States from any final decision of a court of appeals allowing or rejecting a claim under the laws relating to bankruptcy, under such rules and within such time as may be prescribed by said Supreme Court, in the following cases and no other:

*Amount in controversy, etc.*

First. Where the amount in controversy exceeds the sum of two thousand dollars, and the question involved is one which might have been taken on appeal or writ of error from the highest court of a State to the Supreme Court of the United States; or

*Affecting construction of bankruptcy laws.*

Second. Where some justice of the Supreme Court shall certify that in his opinion the determination of the question involved in the allowance or rejection of such claim is essential to a uniform construction of the laws relating to bankruptcy throughout the United States.

*Cases certified from other courts.*

Controversies may be certified to the Supreme Court of the United States from other courts of the United States, and the former court may exercise jurisdiction thereof, and may issue writs of certiorari pursuant to the provisions of the United States laws now in force or such as may be hereafter enacted.

*Precedence of criminal cases from a State court.*
*R. S., sec. 710, p. 134.*

SEC. 253. Cases on writ of error to revise the judgment of a State court in any criminal case shall have precedence on the docket of the Supreme Court, of all cases to which the Government of the United States is not a party, excepting only such cases as the court, in its discretion, may decide to be of public importance.

*Printing cost.*
*Vol. 19, p. 344.*

SEC. 254. There shall be taxed against the losing party in each and every cause pending in the Supreme Court the cost of printing the record in such case, except when the judgment is against the United States.

*Admission of women to practice.*
*Vol. 20, p. 292.*

SEC. 255. Any woman who shall have been a member of the bar of the highest court of any State or Territory, or of the court of appeals of the District of Columbia, for the space of three years, and shall have maintained a good standing before such court, and who shall be a person of good moral character, shall, on motion, and the production of such record, be admitted to practice before the Supreme Court of the United States.

*Chapter 11.*

## CHAPTER ELEVEN.

*Provisions common to more than one court.*

### PROVISIONS COMMON TO MORE THAN ONE COURT.

Sec.
256. Cases in which jurisdiction of United States courts shall be exclusive of State courts.
257. Oath of United States judges.
258. Judges prohibited from practicing law.
259. Traveling expenses, etc., of circuit justices and circuit and district judges.
260. Salary of judges after resignation.
261. Writs of ne exeat.
262. Power to issue writs.
263. Temporary restraining orders.
264. Injunctions; in what cases judge may grant.
265. Injunctions to stay proceedings in State courts.
266. Injunctions based upon alleged unconstitutionality of State statutes; when and by whom may be granted.

Sec.
267. When suits in equity may be maintained.
268. Power to administer oaths and punish contempts.
269. New trials.
270. Power to hold to security for the peace and good behavior.
271. Power to enforce awards of foreign consuls, etc., in certain cases.
272. Parties may manage their causes personally or by counsel.
273. Certain officers forbidden to act as attorneys.
274. Penalty for violating preceding section.

*Exclusive jurisdiction of United States courts.*
*R. S., sec. 711, p. 134.*

SEC. 256. The jurisdiction vested in the courts of the United States in the cases and proceedings hereinafter mentioned, shall be exclusive of the courts of the several States:

Case: 16-35193, 06/09/2016, ID: 10008215, DktEntry: 3, Page 95 of 110

SIXTY-FIRST CONGRESS. Sess. III. Ch. 231. 1911. 1161

First. Of all crimes and offenses cognizable under the authority of the United States.

*Crimes under Federal laws.*

Second. Of all suits for penalties and forfeitures incurred under the laws of the United States.

*Forfeitures and penalties.*

Third. Of all civil causes of admiralty and maritime jurisdiction; saving to suitors, in all cases, the right of a common-law remedy, where the common law is competent to give it.

*Admiralty and maritime causes.*

Fourth. Of all seizures under the laws of the United States, on land or on waters not within admiralty and maritime jurisdiction; of all prizes brought into the United States; and of all proceedings for the condemnation of property taken as prize.

*Seizures and prize cases.*

Fifth. Of all cases arising under the patent-right, or copyright laws of the United States.

*Patent rights and copyrights.*

Sixth. Of all matters and proceedings in bankruptcy.

*Bankruptcy.*

Seventh. Of all controversies of a civil nature, where a State is a party, except between a State and its citizens, or between a State and citizens of other States, or aliens.

*Where a State is a party.*

Eighth. Of all suits and proceedings against ambassadors, or other public ministers, or their domestics, or domestic servants, or against consuls or vice-consuls.

*Diplomatic and consular cases.*

Sec. 257. The justices of the Supreme Court, the circuit judges, and the district judges, hereafter appointed, shall take the following oath before they proceed to perform the duties of their respective offices: ''I, ——— ———, do solemnly swear (or affirm) that I will administer justice without respect to persons, and do equal right to the poor and to the rich, and that I will faithfully and impartially discharge and perform all the duties incumbent upon me as ——— according to the best of my abilities and understanding, agreeably to the Constitution and laws of the United States: So help me God.''

*Form of judicial oath. R. S., sec. 712, p. 135.*

Sec. 258. It shall not be lawful for any judge appointed under the authority of the United States to exercise the profession or employment of counsel or attorney, or to be engaged in the practice of the law. Any person offending against the prohibition of this section shall be deemed guilty of a high misdemeanor.

*Judges prohibited to practice law. R. S., sec. 713, p. 135.*

Sec. 259. The circuit justices, the circuit and district judges of the United States, and the judges of the district courts of the United States in Alaska, Hawaii, and Porto Rico, shall each be allowed and paid his necessary expenses of travel, and his reasonable expenses (not to exceed ten dollars per day) actually incurred for maintenance, consequent upon his attending court or transacting other official business in pursuance of law at any place other than his official place of residence, said expenses to be paid by the marshal of the district in which such court is held or official business transacted, upon the written certificate of the justice or judge. The official place of residence of each justice and of each circuit judge while assigned to the Commerce Court shall be at Washington; and the official place of residence of each circuit and district judge, and of each judge of the district courts of the United States in Alaska, Hawaii, and Porto Rico, shall be at that place nearest his actual residence at which either a circuit court of appeals or a district court is regularly held. Every such judge shall, upon his appointment, and from time to time thereafter whenever he may change his official place of residence, in writing notify the Department of Justice of his official place of residence.

*Expense allowance to judges away from official residence.*

*Official residences.*

Sec. 260. When any judge of any court of the United States appointed to hold his office during good behavior resigns his office, after having held a commission or commissions as judge of any such court or courts at least ten years continuously, and having attained the age of seventy years, he shall, during the residue of his natural life, receive the salary which is payable at the time of his retirement for the office that he held at the time of his resignation.

*Retired judges. Vol. 35, p. 619.*

Writs of ne exeat.
R. S., sec. 717, p. 136.
Restriction.

SEC. 261. Writs of ne exeat may be granted by any justice of the Supreme Court, in cases where they might be granted by the Supreme Court; and by any district judge, in cases where they might be granted by the district court of which he is a judge. But no writ of ne exeat shall be granted unless a suit in equity is commenced, and satisfactory proof is made to the court or judge granting the same that the defendant designs quickly to depart from the United States.

Power to issue writs.
R. S., sec. 716, p. 136.

SEC. 262. The Supreme Court and the district courts shall have power to issue writs of scire facias. The Supreme Court, the circuit courts of appeals, and the district courts shall have power to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law.

Temporary restraining orders.
R. S., sec. 718, p. 136.

SEC. 263. Whenever notice is given of a motion for an injunction out of a district court, the court or judge thereof may, if there appears to be danger of irreparable injury from delay, grant an order restraining the act sought to be enjoined until the decision upon the motion; and such order may be granted with or without security, in the discretion of the court or judge.

Injunctions.
R. S., sec. 719, p. 136.

Issue by Supreme Court justices.

By circuit judge in absence of district judge.

SEC. 264. Writs of injunction may be granted by any justice of the Supreme Court in cases where they might be granted by the Supreme Court; and by any judge of a district court in cases where they might be granted by such court. But no justice of the Supreme Court shall hear or allow any application for an injunction or restraining order in any cause pending in the circuit to which he is allotted, elsewhere than within such circuit, or at such place outside of the same as the parties may stipulate in writing, except when it can not be heard by the district judge of the district. In case of the absence from the district of the district judge, or of his disability, any circuit judge of the circuit in which the district is situated may grant an injunction or restraining order in any case pending in the district court, where the same might be granted by the district judge.

No injunction to State court except in bankruptcy.

SEC. 265. The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy.

Injunctions based on unconstitutionality of State laws.
*Ante,* p. 557.

Hearing before three judges.

Applications.

*Provisos.*
Qualification of judges.
Notice to State officials, etc.

Temporary restraining order to prevent irreparable damage.

SEC. 266. No interlocutory injunction suspending or restraining the enforcement, operation, or execution of any statute of a State by restraining the action of any officer of such State in the enforcement or execution of such statute, shall be issued or granted by any justice of the Supreme Court, or by any district court of the United States, or by any judge thereof, or by any circuit judge acting as district judge, upon the ground of the unconstitutionality of such statute, unless the application for the same shall be presented to a justice of the Supreme Court of the United States, or to a circuit or district judge, and shall be heard and determined by three judges, of whom at least one shall be a justice of the Supreme Court, or a circuit judge, and the other two may be either circuit or district judges, and unless a majority of said three judges shall concur in granting such application. Whenever such application as aforesaid is presented to a justice of the Supreme Court, or to a judge, he shall immediately call to his assistance to hear and determine the application two other judges: *Provided, however,* That one of such three judges shall be a justice of the Supreme Court, or a circuit judge. Said application shall not be heard or determined before at least five days' notice of the hearing has been given to the governor and to the attorney general of the State, and to such other persons as may be defendants in the suit: *Provided,* That if of opinion that irreparable loss or damage would result to the complainant unless a temporary restraining order is granted, any justice of the Supreme Court, or any circuit or district

judge, may grant such temporary restraining order at any time before such hearing and determination of the application for an interlocutory injunction, but such temporary restraining order shall remain in force only until the hearing and determination of the application for an interlocutory injunction upon notice as aforesaid. The hearing upon such application for an interlocutory injunction shall be given precedence and shall be in every way expedited and be assigned for a hearing at the earliest practicable day after the expiration of the notice hereinbefore provided for. An appeal may be taken direct to the Supreme Court of the United States from the order granting or denying, after notice and hearing, an interlocutory injunction in such case. *Precedence to hearings.*

*Direct appeal to Supreme Court.*

SEC. 267. Suits in equity shall not be sustained in any court of the United States in any case where a plain, adequate, and complete remedy may be had at law. *Restriction on equity suits. R. S., sec. 723, p. 137.*

SEC. 268. The said courts shall have power to impose and administer all necessary oaths, and to punish, by fine or imprisonment, at the discretion of the court, contempts of their authority: *Provided,* That such power to punish contempts shall not be construed to extend to any cases except the misbehavior of any person in their presence, or so near thereto as to obstruct the administration of justice, the misbehavior of any of the officers of said courts in their official transactions, and the disobedience or resistance by any such officer, or by any party, juror, witness, or other person to any lawful writ, process, order, rule, decree, or command of the said courts. *Powers to administer oaths, and punish contempts. R. S., sec. 725, p. 137. Proviso. Limitation as to contempts.*

SEC. 269. All of the said courts shall have power to grant new trials, in cases where there has been a trial by jury, for reasons for which new trials have usually been granted in the courts of law. *New trials. R. S., sec. 726, p. 138.*

SEC. 270. The judges of the Supreme Court and of the circuit courts of appeals and district courts, United States commissioners, and the judges and other magistrates of the several States, who are or may be authorized by law to make arrests for offenses against the United States, shall have the like authority to hold to security of the peace and for good behavior, in cases arising under the Constitution and laws of the United States, as may be lawfully exercised by any judge or justice of the peace of the respective States, in cases cognizable before them. *Power to hold to security of peace and good behavior. R. S., sec. 727, p. 138.*

SEC. 271. The district courts and the United States commissioners shall have power to carry into effect, according to the true intent and meaning thereof, the award or arbitration or decree of any consul, vice consul, or commercial agent of any foreign nation, made or rendered by virtue of authority conferred on him as such consul, vice consul, or commercial agent, to sit as judge or arbitrator in such differences as may arise between the captains and crews of the vessels belonging to the nation whose interests are committed to his charge, application for the exercise of such power being first made to such court or commissioner, by petition of such consul, vice consul, or commercial agent: And said courts and commissioners may issue all proper remedial process, mesne and final, to carry into full effect such award, arbitration, or decree, and to enforce obedience thereto by imprisonment in the jail or other place of confinement in the district in which the United States may lawfully imprison any person arrested under the authority of the United States, until such award, arbitration, or decree is complied with, or the parties are otherwise discharged therefrom, by the consent in writing of such consul, vice consul, or commercial agent, or his successor in office, or by the authority of the foreign government appointing such consul, vice consul, or commercial agent: *Provided, however,* That the expenses of the said imprisonment and maintenance of the prisoners, and the cost of the proceedings, shall be borne by such foreign government, or by its consul, vice consul, or commercial agent requiring such *Enforcing orders, etc., of foreign consuls. R. S., sec. 728, p. 138.*

*Issue of process.*

*Proviso. Payment of expenses.*

Marshals to assist.

imprisonment. The marshals of the United States shall serve all such process, and do all other acts necessary and proper to carry into effect the premises, under the authority of the said courts and commissioners.

Pleadings by parties, etc.
R.S., sec. 747, p. 141.

SEC. 272. In all the courts of the United States the parties may plead and manage their own causes personally, or by the assistance of such counsel or attorneys at law as, by the rules of the said courts, respectively, are permitted to manage and conduct causes therein.

Court officials barred from practice in district, etc.
R.S., sec. 748, p. 141.

SEC. 273. No clerk, or assistant or deputy clerk, of any Territorial, district, or circuit court of appeals, or of the Court of Claims, or of the Supreme Court of the United States, or marshal or deputy marshal of the United States within the district for which he is appointed, shall act as a solicitor, proctor, attorney, or counsel in any cause depending in any of said courts, or in any district for which he is acting as such officer.

Punishment for violation.
R.S., sec. 749, p. 141.

SEC. 274. Whoever shall violate the provisions of the preceding section shall be stricken from the roll of attorneys by the court upon complaint, upon which the respondent shall have due notice and be heard in his defense; and in the case of a marshal or deputy marshal so acting, he shall be recommended by the court for dismissal from office.

Chapter 12.

## CHAPTER TWELVE.

Juries.

### JURIES.

| Sec. | | Sec. | |
|---|---|---|---|
| 275. | Qualifications and exemptions of jurors. | 283. | Foreman of grand jury. |
| 276. | Jurors, how drawn. | 284. | Grand juries, when summoned. |
| 277. | Jurors, how to be apportioned in the district. | 285. | Discharge of grand juries. |
| 278. | Race or color not to exclude. | 286. | Jurors not to serve more than once a year. |
| 279. | Venire, how issued and served. | 287. | Challenges. |
| 280. | Talesmen for petit juries. | 288. | Persons disqualified for service on jury in prosecutions for polygamy, etc. |
| 281. | Special juries. | | |
| 282. | Number of grand jurors. | | |

Qualifications and exemption of jurors.
R.S., sec. 800, p. 150.
Vol. 21, p. 43.

SEC. 275. Jurors to serve in the courts of the United States, in each State respectively, shall have the same qualifications, subject to the provisions hereinafter contained, and be entitled to the same exemptions, as jurors of the highest court of law in which State may have and be entitled to at the time when such jurors for service in the courts of the United States are summoned.

Drawings.
Vol. 21, p. 43.

SEC. 276. All such jurors, grand and petit, including those summoned during the session of the court, shall be publicly drawn from a box containing, at the time of each drawing, the names of not less than three hundred persons, possessing the qualifications prescribed in the section last preceding, which names shall have been placed therein by the clerk of such court and a commissioner, to be appointed by the judge thereof, or by the judge senior in commission in districts having more than one judge, which commissioner shall be a citizen of good standing, residing in the district in which such court is held, and a well-known member of the principal political party in the district in which the court is held opposing that to which the clerk may belong, the clerk and said commissioner each to place one name in said box alternately, without reference to party affiliations until the whole number required shall be placed therein.

Commissioner.
Qualifications, etc.

Apportionment of jurors.
R.S., sec. 802, p. 150.

SEC. 277. Jurors shall be returned from such parts of the district, from time to time, as the court shall direct, so as to be most favorable to an impartial trial, and so as not to incur an unnecessary expense, or unduly burden the citizens of any part of the district with such service.

Case: 16-35193, 06/09/2016, ID: 10008215, DktEntry: 3, Page 99 of 110

SIXTY-FIRST CONGRESS. Sess. III. Ch. 231. 1911.     **1165**

SEC. 278. No citizen possessing all other qualifications which are or may be prescribed by law shall be disqualified for service as grand or petit juror in any court of the United States on account of race, color, or previous condition of servitude.

No race, etc., disqualification.
Vol. 21, p. 44.

SEC. 279. Writs of venire facias, when directed by the court, shall issue from the clerk's office, and shall be served and returned by the marshal in person, or by his deputy; or, in case the marshal or his deputy is not an indifferent person, or is interested in the event of the cause, by such fit person as may be specially appointed for that purpose by the court, who shall administer to him an oath that he will truly and impartially serve and return the writ. Any person named in such writ who resides elsewhere than at the place at which the court is held, shall be served by the marshal mailing a copy thereof to such person commanding him to attend as a juror at a time and place designated therein, which copy shall be registered and deposited in the post office addressed to such person at his usual post-office address. And the receipt of the person so addressed for such registered copy shall be regarded as personal service of such writ upon such person, and no mileage shall be allowed for the service of such person. The postage and registry fee shall be paid by the marshal and allowed him in the settlement of his accounts.

Issue and serving venire.

In person.
R. S., sec. 803, p. 150.

By mail.

SEC. 280. When, from challenges or otherwise, there is not a petit jury to determine any civil or criminal cause, the marshal or his deputy shall, by order of the court in which such defect of jurors happens, return jurymen from the bystanders sufficient to complete the panel; and when the marshal or his deputy is disqualified as aforesaid, jurors may be so returned by such disinterested person as the court may appoint, and such person shall be sworn, as provided in the preceding section.

Talesmen for petit juries.
R. S., sec. 804, p. 151.

SEC. 281. When special juries are ordered in any district court, they shall be returned by the marshal in the same manner and form as is required in such cases by the laws of the several States.

Special juries.
R. S., sec. 805, p. 151.

SEC. 282. Every grand jury impaneled before any district court shall consist of not less than sixteen nor more than twenty-three persons. If of the persons summoned less than sixteen attend, they shall be placed on the grand jury, and the court shall order the marshal to summon, either immediately or for a day fixed, from the body of the district, and not from the bystanders, a sufficient number of persons to complete the grand jury. And whenever a challenge to a grand juror is allowed, and there are not in attendance other jurors sufficient to complete the grand jury, the court shall make a like order to the marshal to summon a sufficient number of persons for that purpose.

Grand juries. Composition.
R. S., sec. 808, p. 151.

SEC. 283. From the persons summoned and accepted as grand jurors, the court shall appoint the foreman, who shall have power to administer oaths and affirmations to witnesses appearing before the grand jury.

Foreman.
R. S., sec. 809, p. 151.

SEC. 284. No grand jury shall be summoned to attend any district court unless the judge thereof, in his own discretion or upon a notification by the district attorney that such jury will be needed, orders a venire to issue therefor. If the United States attorney for any district which has a city or borough containing at least three hundred thousand inhabitants shall certify in writing to the district judge, or the senior district judge of the district, that the exigencies of the public service require it, the judge may, in his discretion, also order a venire to issue for a second grand jury. And said court may in term order a grand jury to be summoned at such time, and to serve such time as it may direct, whenever, in its judgment, it may be proper to do so. But nothing herein shall operate to extend beyond the time permitted by law the imprisonment before indictment found of a person accused of a crime or offense, or the time

Summoning of grand juries.
Ante, p. 267.

Second jury in large cities.

Order of court.

Imprisonment beyond indictment, etc., not extended.

during which a person so accused may be held under recognizance before indictment found.

Discharge.
R.S., sec. 811, p. 151.

SEC. 285. The district courts, the district courts of the Territories, and the Supreme Court of the District of Columbia may discharge their grand juries whenever they deem a continuance of the sessions of such juries unnecessary.

Service of petit jurors.
R.S., sec. 812, p. 151.

SEC. 286. No person shall serve as a petit juror in any district court more than one term in a year; and it shall be sufficient cause of challenge to any juror called to be sworn in any cause that he has been summoned and attended said court as a juror at any term of said court held within one year prior to the time of such challenge.

Peremptory challenges.
Number allowed.
R.S., sec. 819, p. 152.

SEC. 287. When the offense charged is treason or a capital offense, the defendant shall be entitled to twenty and the United States to six peremptory challenges. On the trial of any other felony, the defendant shall be entitled to ten and the United States to six peremptory challenges; and in all other cases, civil and criminal, each party shall be entitled to three peremptory challenges; and in all cases where there are several defendants or several plaintiffs, the parties on each side shall be deemed a single party for the purposes of all challenges under this section. All challenges, whether to the array or panel, or to individual jurors for cause or favor, shall be tried by the court without the aid of triers.

Disqualifications in polygamy trials.
Vol. 22, p. 31.

SEC. 288. In any prosecution for bigamy, polygamy, or unlawful cohabitation, under any statute of the United States, it shall be sufficient cause of challenge to any person drawn or summoned as a juryman or talesman—

Living in practice of polygamy, etc.

Vol. 22, p. 31.

First, that he is or has been living in the practice of bigamy, polygamy, or unlawful cohabitation with more than one woman, or that he is or has been guilty of an offense punishable either by sections one or three of an Act entitled "An Act to amend section fifty-three hundred and fifty-two of the Revised Statutes of the United States, in reference

R. S., sec. 5352, p. 1039.

Vol. 12, p. 501.

to bigamy, and for other purposes," approved March twenty-second, eighteen hundred and eighty-two, or by section fifty-three hundred and fifty-two of the Revised Statutes of the United States, or the Act of July first, eighteen hundred and sixty-two, entitled "An Act to punish and prevent the practice of polygamy in the Territories of the United States and other places, and disapproving and annulling certain Acts of the legislative assembly of the territory of Utah"; or

Believes in polygamy, etc.

Second, that he believes it right for a man to have more than one living and undivorced wife at the same time, or to live in the practice of cohabiting with more than one woman.

Challenges.

Any person appearing or offered as a juror or talesman, and challenged on either of the foregoing grounds, may be questioned on his oath as to the existence of any such cause of challenge; and other evidence may be introduced bearing upon the question raised by such challenge; and this question shall be tried by the court.

Right not to answer, etc.

But as to the first ground of challenge before mentioned, the person challenged shall not be bound to answer if he shall say upon his oath that he declines on the ground that his answer may tend to criminate himself; and if he shall answer as to said first ground, his answer shall not be given in evidence in any criminal prosecution against him for any offense above named; but if he declines to answer on any ground, he shall be rejected as incompetent.

## CHAPTER THIRTEEN.

### GENERAL PROVISIONS.

Sec.
289. Circuit courts abolished; records of to be transferred to district courts.
290. Suits pending in circuit courts to be disposed of in district courts.
291. Powers and duties of circuit courts imposed upon district courts.
292. References to laws revised in this act deemed to refer to sections of act.

Sec.
293. Sections 1 to 5, Revised Statutes, to govern construction of this act.
294. Laws revised in this act to be construed as continuations of existing laws.
295. Inference of legislative construction not to be drawn by reason of arrangement of sections.
296. Act may be designated as "The Judicial Code."

SEC. 289. The circuit courts of the United States, upon the taking effect of this Act, shall be, and hereby are, abolished; and thereupon, on said date, the clerks of said courts shall deliver to the clerks of the district courts of the United States for their respective districts all the journals, dockets, books, files, records, and other books and papers of or belonging to or in any manner connected with said circuit courts; and shall also on said date deliver to the clerks of said district courts all moneys, from whatever source received, then remaining in their hands or under their control as clerks of said circuit courts, or received by them by virtue of their said offices. The journals, dockets, books, files, records, and other books and papers so delivered to the clerks of the several district courts shall be and remain a part of the official records of said district courts, and copies thereof, when certified under the hand and seal of the clerk of the district court, shall be received as evidence equally with the originals thereof; and the clerks of the several district courts shall have the same authority to exercise all the powers and to perform all the duties with respect thereto as the clerks of the several circuit courts had prior to the taking effect of this Act.

*Circuit courts abolished.
R. S., secs. 605–672, pp. 107–124.
Transfer of all records, etc., to clerks of district courts.*

*Delivery of moneys.*

*To become part of files, etc., of district courts.*

*Powers transferred to district court clerks.*

SEC. 290. All suits and proceedings pending in said circuit courts on the date of the taking effect of this Act, whether originally brought therein or certified thereto from the district courts, shall thereupon and thereafter be proceeded with and disposed of in the district courts in the same manner and with the same effect as if originally begun therein, the record thereof being entered in the records of the circuit courts so transferred as above provided.

*Pending suits to be continued in district courts.*

SEC. 291. Wherever, in any law not embraced within this Act, any reference is made to, or any power or duty is conferred or imposed upon, the circuit courts, such reference shall, upon the taking effect of this Act, be deemed and held to refer to, and to confer such power and impose such duty upon, the district courts.

*Circuit courts' powers, etc., conferred upon district courts.*

SEC. 292. Wherever, in any law not contained within this Act, a reference is made to any law revised or embraced herein, such reference, upon the taking effect hereof, shall be construed to refer to the section of this Act into which has been carried or revised the provision of law to which reference is so made.

*References to laws revised in this act.*

SEC. 293. The provisions of sections one to five, both inclusive, of the Revised Statutes, shall apply to and govern the construction of the provisions of this Act. The words "this title," wherever they occur herein, shall be construed to mean this Act.

*Construction of words, etc.
R.S., secs. 1–5, p. 1, 2.*

SEC. 294. The provisions of this Act, so far as they are substantially the same as existing statutes, shall be construed as continuations thereof, and not as new enactments, and there shall be no implication of a change of intent by reason of a change of words in such statute, unless such change of intent shall be clearly manifest.

*Existing laws continued by this act.*

SEC. 295. The arrangement and classification of the several sections of this Act have been made for the purpose of a more convenient and orderly arrangement of the same, and therefore no infer-

*Legislative construction not presumed from arrangement of sections.*

Title of Act.

ence or presumption of a legislative construction is to be drawn by reason of the chapter under which any particular section is placed.

Sec. 296. This Act may be designated and cited as "The Judicial Code."

Chapter 14.

Repealing provisions.

## CHAPTER FOURTEEN.

### REPEALING PROVISIONS.

Sec.
297. Sections, acts, and parts of acts repealed.
298. Repeal not to affect tenure of office, or salary, or compensation of incumbents, etc.
299. Accrued rights, etc., not affected.

Sec.
300. Offenses committed, and penalties, forfeitures, and liabilities incurred, how to be prosecuted and enforced.
301. Date this act shall be effective.

Laws repealed. Revised Statutes.

Secs. 530–560, pp. 89–94.
Secs. 562–564, pp. 94–96.
Secs. 567–627, pp. 97–109.
Secs. 629–647, pp. 110–117.
Secs. 650–697, pp. 118–130.
Sec. 699, p. 130.
Secs. 702–714, pp. 131–135.
Secs. 716–720, pp. 136, 137.
Sec. 723, p. 137.
Secs. 725–749, pp. 137–141.
Secs. 800–822, pp. 150–153.
Secs. 1049–1088, pp. 194–200.
Secs. 1091–1093, p. 200.

Removals from State courts.
Vol. 18, p. 470.

Juries in polygamy trials.
Vol. 22, p. 31.
Exceptions.
Vol. 24, pp. 636, 641.

Bowman Act.
Vol. 22, p. 485.

Appeals from District of Columbia and Territorial courts.
Vol. 23, p. 443.

Tucker Act.
Vol. 24, p. 505.
Exceptions.

Removals from State courts, etc.
Vol. 25, p. 433.
Vol. 24, p. 552.
Vol. 18, p. 470

Sec. 297. The following sections of the Revised Statutes and Acts and parts of Acts are hereby repealed:

Sections five hundred and thirty to five hundred and sixty, both inclusive; sections five hundred and sixty-two to five hundred and sixty-four, both inclusive; sections five hundred and sixty-seven to six hundred and twenty-seven, both inclusive; sections six hundred and twenty-nine to six hundred and forty-seven, both inclusive; sections six hundred and fifty to six hundred and ninety-seven, both inclusive; section six hundred and ninety-nine; sections seven hundred and two to seven hundred and fourteen, both inclusive; sections seven hundred and sixteen to seven hundred and twenty, both inclusive; section seven hundred and twenty-three; sections seven hundred and twenty-five to seven hundred and forty-nine, both inclusive; sections eight hundred to eight hundred and twenty-two, both inclusive; sections ten hundred and forty-nine to ten hundred and eighty-eight, both inclusive; sections ten hundred and ninety-one to ten hundred and ninety-three, both inclusive, of the Revised Statutes.

"An Act to determine the jurisdiction of circuit courts of the United States and to regulate the removal of causes from State courts, and for other purposes," approved March third, eighteen hundred and seventy-five.

Section five of an Act entitled "An Act to amend section fifty-three hundred and fifty-two of the Revised Statutes of the United States, in reference to bigamy, and for other purposes," approved March twenty-second, eighteen hundred and eighty-two; but sections six, seven, and eight of said Act, and sections one, two, and twenty-six of an Act entitled "An Act to amend an Act entitled 'An Act to amend section fifty-three hundred and fifty-two of the Revised Statutes of the United States, in reference to bigamy, and for other purposes,' approved March twenty-second, eighteen hundred and eighty-two," approved March third, eighteen hundred and eighty-seven, are hereby continued in force.

"An Act to afford assistance and relief to Congress and the executive departments in the investigation of claims and demands against the Government," approved March third, eighteen hundred and eighty-three.

"An Act regulating appeals from the supreme court of the District of Columbia and the supreme courts of the several Territories," approved March third, eighteen hundred and eighty-five.

"An Act to provide for the bringing of suits against the Government of the United States," approved March third, eighteen hundred and eighty-seven, except sections four, five, six, seven, and ten thereof.

Sections one, two, three, four, six, and seven of an Act entitled "An Act to correct the enrollment of an Act approved March third, eighteen hundred and eighty-seven, entitled 'An Act to amend sections one, two, three, and ten of an Act to determine the jurisdiction of

the circuit courts of the United States, and to regulate the removal of causes from State courts, and for other purposes,' approved March third, eighteen hundred and seventy-five," approved August thirteenth, eighteen hundred and eighty-eight.

"An Act to withdraw from the Supreme Court jurisdiction of criminal cases not capital and confer the same on the circuit courts of appeals," approved January twentieth, eighteen hundred and ninety-seven. <span style="float:right">Criminal cases withdrawn from Supreme Court.<br>Vol. 29, p. 492.</span>

"An Act to amend sections one and two of the Act of March third, eighteen hundred and eighty-seven, Twenty-fourth Statutes at Large, chapter three hundred and fifty-nine," approved June twenty-seventh, eighteen hundred and ninety-eight. <span style="float:right">Suits for official services.<br>Vol. 30, p. 494.</span>

"An Act to amend the seventh section of the Act entitled 'An Act to establish circuit courts of appeals and to define and regulate in certain cases the jurisdiction of the courts of the United States, and for other purposes,' approved March third, eighteen hundred and ninety-one, and the several Acts amendatory thereto," approved April fourteenth, nineteen hundred and six. <span style="float:right">Appeals in interlocutory orders.<br>Vol. 34, p. 116.<br>Vol. 26, p. 828.</span>

All Acts and parts of Acts authorizing the appointment of United States circuit or district judges, or creating or changing judicial circuits, or judicial districts or divisions thereof, or fixing or changing the times or places of holding court therein, enacted prior to February first, nineteen hundred and eleven. <span style="float:right">Acts prior to February 1, 1911, relating to judges, districts, terms, etc</span>

Sections one, two, three, four, five, the first paragraph of section six, and section seventeen of an Act entitled "An Act to create a commerce court, and to amend an Act entitled 'An Act to regulate commerce,' approved February fourth, eighteen hundred and eighty-seven, as heretofore amended, and for other purposes," approved June eighteenth, nineteen hundred and ten. <span style="float:right">Commerce Court.<br>Ante, pp. 539-544,577.<br>Vol. 34, p. 584.</span>

Also all other Acts and parts of Acts, in so far as they are embraced within and superseded by this Act, are hereby repealed; the remaining portions thereof to be and remain in force with the same effect and to the same extent as if this Act had not been passed. <span style="float:right">Acts superseded hereby.<br>Portions not affected continued.</span>

Sec. 298. The repeal of existing laws providing for the appointment of judges and other officers mentioned in this Act, or affecting the organization of the courts, shall not be construed to affect the tenure of office of the incumbents (except the office be abolished), but they shall continue to hold their respective offices during the terms for which appointed, unless removed as provided by law; nor (except the office be abolished) shall such repeal affect the salary or fees or compensation of any officer or person holding office or position by virtue of any law. <span style="float:right">Effect on tenure of office of present incumbents.</span>

Sec. 299. The repeal of existing laws, or the amendments thereof, embraced in this Act, shall not affect any act done, or any right accruing or accrued, or any suit or proceeding, including those pending on writ of error, appeal, certificate, or writ of certiorari, in any appellate court referred to or included within, the provisions of this Act, pending at the time of the taking effect of this Act, but all such suits and proceedings, and suits and proceedings for causes arising or acts done prior to such date, may be commenced and prosecuted within the same time, and with the same effect, as if said repeal or amendments had not been made. <span style="float:right">Pending suits, etc., not affected.</span>

Sec. 300. All offenses committed, and all penalties, forfeitures, or liabilities incurred prior to the taking effect hereof, under any law embraced in, amended, or repealed by this Act, may be prosecuted and punished, or sued for and recovered, in the district courts, in the same manner and with the same effect as if this Act had not been passed. <span style="float:right">Prosecution of prior offenses, etc.</span>

Sec. 301. This Act shall take effect and be in force on and after January first, nineteen hundred and twelve. <span style="float:right">In effect January 1, 1912.</span>

Approved, March 3, 1911.

# ANNEX D

Case: 16-35193, 06/09/2016, ID: 10008215, DktEntry: 3, Page 105 of 110

year ending June thirtieth, nineteen hundred and seventeen; and a sufficient amount is appropriated, out of any money in the Treasury not otherwise appropriated, to carry on the same: *Provided*, That no greater amount shall be expended for such operations than as the sum of one-twelfth of the appropriations made for the fiscal year nineteen hundred and sixteen bears to the whole of the appropriations of said fiscal year: *Provided further*, That the total expenditures for the whole of the fiscal year nineteen hundred and seventeen under the several appropriations hereby continued, and under the several appropriation bills now pending, shall not exceed in the aggregate the amounts finally appropriated therefor in the several bills now pending, except in cases where a change is made in the annual, monthly, or per diem compensation or in the numbers of officers, clerks, or other persons authorized to be employed by the several appropriations hereby continued, in which cases the amounts authorized to be expended shall equal one-twelfth of the appropriations for the fiscal year nineteen hundred and sixteen, and eleven-twelfths of the appropriations contained in the several bills now pending when the same shall have been finally passed, unless the salary or compensation of any office shall be increased or diminished without changing the grade or the duties thereof, in which case such salary or compensation shall relate to the entire fiscal year and run from the beginning thereof: *And provided further*, That the session employees of the Senate and House of Representatives now authorized by law shall be continued upon the rolls until the end of the present session of Congress and paid at the rate per diem or month at which they are now paid; and a sufficient amount is appropriated, out of any money in the Treasury not otherwise appropriated, to pay the same

Approved, June 30, 1916.

*Marginalia: Provisos. Proportionate amounts.*
*Total expenditures for the year not to exceed final appropriations.*
*Exceptions.*
*Congressional session employees continued.*
*Appropriation.*

---

**CHAP. 196.**—An Act To extend the time for constructing a bridge across the Mississippi River at or near the city of Baton Rouge, Louisiana.

*Marginalia: June 30, 1916. [S. 3722.] [Public, No. 123.]*

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the time for commencing and completing the bridge authorized by the Act of Congress approved July seventeenth, nineteen hundred and fourteen, to be built across the Mississippi River at or near the city of Baton Rouge, Louisiana, is hereby extended two years and five years, respectively, from date of approval hereof.

*Marginalia: Mississippi River. Time extended for bridging, by Baton Rouge Bridge and Terminal Company, at Baton Rouge, La. Vol. 38, p. 514, amended.*

Sec. 2. That the right to alter, amend, or repeal this Act is hereby expressly reserved.

*Marginalia: Amendment.*

Approved, June 30, 1916.

---

**CHAP. 197.**—An Act To accept the cession by the State of Washington of exclusive jurisdiction over the lands embraced within the Mount Rainier National Park, and for other purposes.

*Marginalia: June 30, 1916. [S. 3928.] [Public, No. 124.]*

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the provisions of the act of the legislature of the State of Washington, approved March sixteenth, nineteen hundred and one, ceding to the United States exclusive jurisdiction over the territory embraced within the Mount Rainier National Park, are hereby accepted and sole and exclusive jurisdiction is hereby assumed by the United States over such territory, saving, however, to the said State the right to serve civil or criminal process within the limits of the aforesaid park in suits or prosecution for or on account of rights acquired, obligations incurred, or crimes committed

*Marginalia: Mount Rainier National Park, Wash. Sole jurisdiction over, ceded by Washington to United States.*
*State process, etc.*

Case: 16-35193, 06/09/2016, ID: 10008215, DktEntry: 3, Page 106 of 110

244        SIXTY-FOURTH CONGRESS. Sess. I. Ch. 197. 1916.

in said State but outside of said park, and saving further to the said State the right to tax persons and corporations, their franchises and property, on the lands included in said park. All the laws applicable to places under the sole and exclusive jurisdiction of the United States shall have force and effect in said park. All fugitives from justice taking refuge in said park shall be subject to the same laws as refugees from justice found in the State of Washington.

Jurisdiction of Washington western district.

Sec. 2. That said park shall constitute a part of the United States judicial district for the western district of Washington, and the district court of the United States in and for said district shall have jurisdiction of all offenses committed within said boundaries.

Punishment under Washington laws.

Sec. 3. That if any offense shall be committed in the Mount Rainier National Park, which offense is not prohibited or the punishment for which is not specifically provided for by any law of the United States, the offender shall be subject to the same punishment as the laws of the State of Washington in force at the time of the commission of the offense may provide for a like offense in said State; and no subsequent repeal of any such law of the State of Washington shall affect any prosecution for said offense committed within said park.

Hunting, fishing, etc., prohibitions.

Sec. 4. That all hunting or the killing, wounding, or capturing at any time of any wild bird or animal, except dangerous animals when it is necessary to prevent them from destroying human lives or inflicting personal injury, is prohibited within the limits of said park; nor shall any fish be taken out of the waters of the park in any other way than by hook and line, and then only at such seasons and in such times and manner as may be directed by the Secretary of the Interior.

Regulations, etc.

That the Secretary of the Interior shall make and publish such rules and regulations as he may deem necessary and proper for the management and care of the park and for the protection of the property therein, especially for the preservation from injury or spoliation of all timber, mineral deposits other than those legally located prior to the passage of the Act of May twenty-seventh, nineteen hundred and eight (Thirty-fifth Statutes, page three hundred and sixty-five),

Vol. 35, p. 365.

natural curiosities, or wonderful objects within said park, and for the protection of the animals and birds in the park from capture or destruction, and to prevent their being frightened or driven from the park; and he shall make rules and regulations governing the taking of fish from the streams or lakes in the park. Possession within said park of the dead bodies, or any part thereof, of any wild bird or

Evidence of violations.

animal shall be prima facie evidence that the person or persons having the same are guilty of violating this Act. Any person or persons, or

Punishment for violations.

stage or express company, or railway company, who knows or has reason to believe that they were taken or killed contrary to the provisions of this Act and who receives for transportation any of said animals, birds, or fish so killed, caught, or taken, or who shall violate any of the other provisions of this Act or any rule or regulation that may be promulgated by the Secretary of the Interior with reference to the management and care of the park or for the protection of the property therein, for the preservation from injury or spoliation of timber, mineral deposits other than those legally located prior to the passage of the Act of May twenty-seventh, nineteen hundred and eight (Thirty-fifth Statutes, page three hundred and sixty-five),

Vol. 35, p. 365.

natural curiosities, or wonderful objects within said park, or for the protection of the animals, birds, or fish in the park, or who shall within said park commit any damage, injury, or spoliation to or upon any building, fence, hedge, gate, guidepost, tree, wood, underwood, timber, garden, crops, vegetables, plants, land, springs, mineral deposits other than those legally located prior to the passage of the Act of May twenty-seventh, nineteen hundred and eight (Thirty-fifth Statutes, page three hundred and sixty-five), natural curiosities,

Case: 16-35193, 06/09/2016, ID: 10008215, DktEntry: 3, Page 107 of 110

or other matter or thing growing or being thereon or situated therein, shall be deemed guilty of a misdemeanor and shall be subject to a fine of not more than $500 or imprisonment not exceeding six months, or both, and be adjudged to pay all costs of the proceedings.

Sec. 5. That all guns, traps, teams, horses, or means of transportation of every nature or description used by any person or persons within said park limits when engaged in killing, trapping, ensnaring, or capturing such wild beasts, birds, or animals shall be forfeited to the United States and may be seized by the officers in said park and held pending the prosecution of any person or persons arrested under charge of violating the provisions of this Act, and upon conviction under this Act of such person or persons using said guns, traps, teams, horses, or other means of transportation, such forfeiture shall be adjudicated as a penalty in addition to the other punishment provided in this Act. Such forfeited property shall be disposed of and accounted for by and under the authority of the Secretary of the Interior. *Forfeiture of guns, traps, etc.*

Sec. 6. That the United States District Court for the Western District of Washington shall appoint a commissioner who shall reside in the park and who shall have jurisdiction to hear and act upon all complaints made of any violations of law or of the rules and regulations made by the Secretary of the Interior for the government of the park and for the protection of the animals, birds, and fish, and objects of interest therein, and for other purposes authorized by this Act. *Commissioner. Appointment, authority, etc.*

Such commissioner shall have power, upon sworn information, to issue process in the name of the United States for the arrest of any person charged with the commission of any misdemeanor, or charged with a violation of the rules and regulations, or with a violation of any of the provisions of this Act prescribed for the government of said park and for the protection of the animals, birds, and fish in said park, and to try the person so charged, and, if found guilty, to impose punishment and to adjudge the forfeiture prescribed. *Judicial powers in violations of rules, etc.*

In all cases of conviction an appeal shall lie from the judgment of said commissioner to the United States District Court for the Western District of Washington, and the United States district court in said district shall prescribe the rules of procedure and practice for said commissioner in the trial of cases and for appeal to said United States district court. *Appeals.*

Sec. 7. That any such commissioner shall also have power to issue process as hereinbefore provided for the arrest of any person charged with the commission within said boundaries of any criminal offense not covered by the provisions of section four of this Act to hear the evidence introduced, and if he is of opinion that probable cause is shown for holding the person so charged for trial shall cause such person to be safely conveyed to a secure place of confinement within the jurisdiction of the United States District Court for the Western District of Washington, and certify a transcript of the record of his proceedings and the testimony in the case to said court, which court shall have jurisdiction of the case: *Provided,* That the said commissioner shall grant bail in all cases bailable under the laws of the United States or of said State. *Procedure in criminal cases.* *Proviso. Bail.*

Sec. 8. That all process issued by the commissioner shall be directed to the marshal of the United States for the western district of Washington, but nothing herein contained shall be so construed as to prevent the arrest by any officer or employee of the Government or any person employed by the United States in the policing of said reservation within said boundaries without process of any person taken in the act of violating the law or this Act or the regulations prescribed by said Secretary as aforesaid. *Service of process.*

Case: 16-35193, 06/09/2016, ID: 10008215, DktEntry: 3, Page 108 of 110

246        SIXTY-FOURTH CONGRESS. Sess. I. Chs. 197–199.    1916.

Salary.
*Provisos.*
Residence.
Sec. 9. That the commissioner provided for in this Act shall be paid an annual salary of $1,500, payable quarterly: *Provided,* That the said commissioner shall reside within the exterior boundaries of said Mount Rainier National Park, at a place to be designated by Disposed of fees, etc. the court making such appointment: *And provided further,* That all fees, costs, and expenses collected by the commissioner shall be disposed of as provided in section eleven of this Act.

United States fees, etc.
Sec. 10. That all fees, costs, and expenses arising in cases under this Act and properly chargeable to the United States shall be certified, approved, and paid as are like fees, costs, and expenses in the courts of the United States.

Deposit of fines and costs.
Sec. 11. That all fines and costs imposed and collected shall be deposited by said commissioner of the United States, or the marshal of the United States collecting the same, with the clerk of the United States District Court for the Western District of Washington.

Acceptance of cession.
Sec. 12. That the Secretary of the Interior shall notify, in writing, the governor of the State of Washington of the passage and approval of this Act.

Approved, June 30, 1916.

---

June 30, 1916.
[S. 4476.]
———
[Public, No. 125.]
**CHAP. 198.**—An Act Extending the time for the commencement and completion of the bridge or bridges authorized by an Act entitled "An Act to amend an Act to authorize the Dauphin Island Railway and Harbor Company, its successors or assigns, to construct and maintain a bridge or bridges, or viaducts, across the water between the mainland, at or near Cedar Point, and Dauphin Island, both Little and Big; also to dredge a channel from the deep waters of Mobile Bay into Dauphin Bay; also to construct and maintain docks and wharves along both Little and Big Dauphin Islands," approved June eighteenth, nineteen hundred and twelve.

Mobile Bay, etc., Ala.
Time extended for bridging, etc., by Dauphin Island and Harbor Company.
Vol 37, p. 137, amended.
*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the time for the commencement and completion of the bridge or bridges authorized by the Act entitled "An Act to amend an Act to authorize the Dauphin Island Railway and Harbor Company, its successors or assigns, to construct and maintain a bridge or bridges, or viaducts across the water between the mainland, at or near Cedar Point, and Dauphin Island, both Little and Big; also to dredge a channel from the deep waters of Mobile Bay into Dauphin Bay; also to construct and maintain docks and wharves along both Little and Big Dauphin Islands," approved June eighteenth, nineteen hundred and twelve, is hereby extended to two years and four years, respectively, from and after the eighteenth day of September, nineteen hundred and sixteen.

Approved, June 30, 1916.

---

June 30, 1916.
[S. 5777.]
———
[Public, No. 126.]
**CHAP. 199.**—An Act To ratify, approve, and confirm an act duly enacted by the Legislature of the Territory of Hawaii, as amended by Congress, relating to the granting of a franchise for the purpose of manufacturing, maintaining, distributing, and supplying of a franchise for electric light and power within the Lihue district and the Koloa district, county of Kauai, Territory of Hawaii.

Hawaii.
Act of legislature granting electric power franchise in Kauai County, ratified, etc.
*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the act of the Legislature of the Territory of Hawaii entitled "An act to authorize and provide for the manufacture, maintenance, distribution, and supply of electric light and power within the Lihue district and the Koloa district, county of Kauai, Territory of Hawaii," approved by the governor of the Territory April thirtieth, nineteen hundred and thirteen, is hereby amended by Congress, and as thus amended is hereby ratified, approved, and confirmed, as follows:

# CERTIFICATE OF SERVICE

Case Name:

Lewis Vincent Hughes, *sui juris*

Dean Arlo Arp, *sui juris*

      Appellants

          v.

WILLIAM RAYMOND HINESLY,

William Raymond Hinesly, individual & severally;

WEI YANG, Wei Yang, individually and severally;

DARIN SILVA, Darin Silva, individually and severally;

BETTER PROPERTIES NW;

JOHN SCHLANBUSCH,

John Schlanbusch, individually and severally;

JOHN S REALTY,

FIDELITY NATIONAL TITLE COMPANY,

BANK OF AMERICA, N.A.,

MTC FINANACIAL INC. dba TRUSTEE CORPS,

WELLS FARGO BANK, N.A.,

9th Circuit Case No. **16-35193**

Appellants hereby declare that no copy of the Appellants' Informal Appeal Brief will be served on the Appellees, as the Appellees have never been served with the original civil action. Should the Court deem that service is still necessary, Appellants will immediately serve a copy of Appellants' Informal Appeal Brief and any attachments on all Appellees.


/s/ Lewis Vincent Hughes

/s/ Dean Arlo Arp